UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| ADMIRAL INSURANCE CO.,<br><br>                    Plaintiff,<br>          vs.<br><br>KABUL, INC., *et al.*,<br><br>                    Defendants. | Case No.: 2:24-cv-02060-GMN-MDC<br><br>**ORDER ADOPTING R&R AND DENYING MOTION TO DISMISS** |

Pending before the Court is the Report and Recommendation ("R&R") by Magistrate Judge Maximiliano D. Couvillier, III, (ECF No. 28), recommending that Defendant Kabul, Inc.'s Motion to Dismiss be denied. Defendant filed an Objection, (ECF No. 29), to which Plaintiff Admiral Insurance Company did not file a timely Response.[1] Also pending before the Court is Defendant's Motion to Dismiss, (ECF No. 7). Plaintiff filed a Response, (ECF No. 18), to which Defendant replied, (ECF No. 23).

For the reasons discussed below, the Court ACCEPTS AND ADOPTS IN FULL Magistrate Judge Couvillier's R&R. Further, the Court DENIES Defendant's Motion to Dismiss and DENIES Defendant's Objection.

**I.   BACKGROUND**

This action arises out of two previous lawsuits related to an August 2020 jet ski accident on the Colorado River that resulted in the death of Tammy Lynch. (*See generally* Compl., ECF

---

[1] Defendant filed its Objection on May 22, 2025, automatically setting a June 5, 2025, deadline for Plaintiff to respond. Plaintiff filed its Response on June 19, 2025. Because Plaintiff's Response is untimely, the Court will not consider it for purposes of this Order.

No. 1).  The Court restates the background section articulated in Magistrate Judge Couvillier's R&R below.

Lynch was the passenger on a jet ski driven by Darryl Alexander that had been rented from Defendant. (*See id.*).  Lynch was fatally injured when their jet ski was struck by another watercraft operated by Samir Adrian Hernandez. (*Id.*).  The first action filed in this District was in October 2021, by the heirs and estate of Lynch, Case No. 2:21-cv-01981-ART-DJA (the "Lynch Action"), against Hernandez, Defendant Kabul, Inc., and others.  Defendant answered the Lynch Action Plaintiffs' Complaint and admitted that personal and subject matter jurisdiction was proper in the District of Nevada. (*See generally* Answer, ECF No. 5 in 2:21-cv-01981-ART-DJA).

In response to the Lynch Action, Defendant filed an insurance claim with Plaintiff for coverage and defense against the claims asserted by the Lynch Action Plaintiffs under a commercial insurance policy (the "Policy") issued by Plaintiff to Defendant. (*See* Compl. ¶¶ 11–19).  Plaintiff disputed coverage and provided Defendant with a reservation of rights letter (the "Reservation Letter"). (*Id.* ¶¶ 17–19).  The Reservation Letter advised Defendant that the claims in the Lynch Action may not be covered under the Policy and that Plaintiff would defend Defendant subject to Plaintiff's reservations of rights. (*Id.*).  Defendant accepted Plaintiff's defense subject to the Reservation Letter. (*Id.* ¶ 23).  Plaintiff ultimately paid $62,854.42 in attorney's fees to defend Defendant in the Lynch Action and $850,000.00 to settle the Lynch Action on behalf of Defendant. (*Id.* ¶¶ 32, 35).

Meanwhile, Plaintiff filed the second related action against Defendant (and other defendants) in this District, Case No. 2:22-cv-00177-CDS-NJK (the "Declaratory Action").  Plaintiff asserted two claims against Defendant seeking declarations that Plaintiff has no duty to defend and indemnify Defendant in the Lynch Action under the Policy.  Defendant answered Plaintiff's Complaint and, again, did not challenge the court's personal jurisdiction but instead

affirmatively acknowledged the court's personal jurisdiction and asserted third-party claims against an insurance agent relative to the Policy. (*See generally* Answer, ECF No. 14 in 2:22-cv-00177-CDS-NJK).

In August 2024, the judge in the Declaratory Action case granted Plaintiff summary judgment on its claims against Defendant and declared that Plaintiff had no duty to defend Defendant in the Lynch Action and no duty to indemnity Defendant. (*See generally* Order, ECF No. 147 in 2:22-cv-00177-CDS-NJK).  Based on the judgment in the Declaratory Action, Plaintiff then commenced this third action (the "Reimbursement Action") against Defendant in this Court seeking reimbursement of the defense fees and settlement payment Plaintiff paid on behalf of Defendant in the Lynch Action. (*See generally* Compl.).

In this Reimbursement Action, Defendant did not answer but instead filed the pending Motion to Dismiss.  Despite having litigated two related actions over three years in this District, Defendant argues for the first time in its Motion to Dismiss that this Court lacks personal and subject matter jurisdiction, and that venue is improper in this District. (*See generally* Mot. Dismiss, ECF No. 7).  Defendant also moves to dismiss Plaintiff's Reimbursement Action Complaint for failure to state a claim, insufficient service of process, and failure to join indispensable parties. (*Id.*).  Magistrate Judge Couvillier entered an R&R recommending that Defendant's Motion to Dismiss be denied, to which Defendant objected.

II. **LEGAL STANDARD**

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made under Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a de novo determination of those portions to which objections are made. *Id.*  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).

### III. DISCUSSION

Plaintiff asserts three claims against Defendant: (1) unjust enrichment, (2) equitable estoppel, and (3) equitable subrogation. (*See generally* Compl.). Defendant moves to dismiss the Complaint and objects to Magistrate Judge Couvillier's R&R recommending that its Motion to Dismiss be denied. (*See generally* R&R, ECF No. 28). The Court addresses each of Defendant's objections in turn.

#### A. Personal Jurisdiction

Defendant moves to dismiss the Complaint for lack of personal jurisdiction. (Mot. Dismiss 10:17–11:4). Defendant avers that Plaintiff fails to allege minimum contacts, and the suit offends traditional notions of fair play and substantial justice. (*Id.*). Magistrate Judge Couvillier found that the Court has personal jurisdiction over Defendant because Plaintiff's reimbursement claims against Defendant arise from its activities in this District and because Defendant affirmatively availed itself of the Court's jurisdiction by asserting third-party claims against the insurance agent relative to the Policy in the Declaratory Action. (R&R 3:5–5:10). Defendant objects to this determination.

Federal Rule of Civil Procedure ("FRCP") 12(b)(2) permits a defendant, by way of motion, to assert the defense that a court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). When a 12(b)(2) motion is based on written materials, rather than an evidentiary hearing, the plaintiff need only establish a prima facie showing of jurisdictional facts to withstand the motion to dismiss. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). District courts take the uncontroverted allegations in the complaint as true. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).

When no federal statute applies to the determination of personal jurisdiction, the law of the state in which the district court sits applies. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Because Nevada's long-arm statute reaches the outer limits of

federal constitutional due process, courts in Nevada need only assess constitutional principles of due process when determining personal jurisdiction. *See* Nev. Rev. Stat. § 14.065; *Galatz v. Eighth Jud. Dist. Ct.*, 683 P.2d 26, 28 (Nev. 1984).

Due process requires that a non-resident defendant have minimum contacts with the forum such that the "maintenance of the suit will not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts can give rise to either general or specific jurisdiction. *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000). General jurisdiction exists where a defendant maintains "continuous and systematic" ties with the forum state, even if those ties are unrelated to the cause of action. *Id*. (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984)). Specific jurisdiction exists where claims "arise out of" or "relate to" the contacts with the forum, even if those contacts are "isolated or sporadic." *Id*.

Importantly, "[p]ersonal jurisdiction exists where a defendant also independently seeks affirmative relief in a separate action before the same court concerning the same transaction or occurrence" and "such action 'may take place prior to the suit's institution, or at the time suit is brought, or after suit has started.'" *Dow Chem. Co. v. Calderon*, 422 F.3d 827, 834 (9th Cir. 2005) (quoting *General Contracting & Trading Co. v. Interpole, Inc.*, 940 F.2d 20, 22 (1st Cir. 1991)). Defendant argues that consent to jurisdiction in the prior cases does not waive jurisdictional objections in new actions with distinct claims. (Obj. 2:24–25). The Court agrees with Defendant's recitation of case law but does not agree with Defendant's application of the facts. In the Declaratory Action, Plaintiff asserted two claims against Defendant seeking declarations that Plaintiff has no duty to defend and indemnify Defendant in the Lynch Action under the Policy. Defendant answered Plaintiff's Complaint and did not challenge the court's personal jurisdiction but instead affirmatively acknowledged the court's personal jurisdiction

and asserted third-party claims against an insurance agent relative to the Policy. The Court thus finds that Defendant's third-party claims in another related matter in the District of Nevada, the Declaratory Action, satisfies the rule articulated in *Dow Chemical Company*. Accordingly, the Court has personal jurisdiction over Defendant.

### B.  Subject Matter Jurisdiction

Defendant also moves to dismiss the Complaint by arguing that the Court lacks subject matter jurisdiction because Plaintiff fails to properly allege admiralty jurisdiction. (Mot. Dismiss 16:8). Magistrate Judge Couvillier found that Plaintiff properly alleged admiralty jurisdiction. (R&R 5:24–25). Defendant objects. (Obj. 3:22).

Under 28 U.S.C. § 1333(1), federal district courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." A party seeking to invoke federal admiralty jurisdiction over a contract claim must show that the contract was a "maritime contract." *New England Mut. Marine Ins. Co. v. Dunham*, 78 U.S. 1, 29 (1870). Whether a contract is maritime depends on its "subject matter," not "the place of execution or place of performance" of the contract. *Aqua-Marine Constructors, Inc. v. Banks*, 110 F.3d 663, 671 (9th Cir. 1997). "A contract is within admiralty jurisdiction if its subject matter is maritime." *Royal Ins. Co. of Am. v. Pier 39 Ltd. P'ship*, 738 F.2d 1035, 1036 (9th Cir. 1984). The Ninth Circuit has "recognized repeatedly that marine insurance policies are maritime contracts for purposes of admiralty jurisdiction." *La Reunion Francaise SA v. Barnes*, 247 F.3d 1022, 1025 (9th Cir. 2001). "For an insurance policy to be within admiralty jurisdiction, the interests insured, and not simply the risks insured against, must be maritime." *Royal Ins. Co. of Am.*, 738 F.2d at 1036.

The Court agrees with Magistrate Judge Couvillier that the Court has maritime jurisdiction over the matter. The Policy is a maritime contract because it insures against maritime risks, *i.e.* bodily injury and property damaged caused by Defendant's operations of jet

ski rentals, and the Policy insures jet skis, which are vessels. (*See generally* Insurance Policy, Ex. 2 to Resp., ECF No. 18-3); *Royal Ins. Co. of Am.*, 738 F.2d at 1037 ("Insurance on vessels is clearly within [admiralty] jurisdiction."); *see e.g.*, *Jefferson Ins. Co. of New York v. Lopez*, No. CIV S 99-2389 FCDDAD, 2000 WL 33179290, at *2–3 (E.D. Cal. July 6, 2000) (holding insurance policy providing coverage for jet ski was a marine insurance policy that invoked admiralty jurisdiction). Thus, the Court finds that it has subject matter jurisdiction over the matter based on admiralty jurisdiction.

### C. Venue

In the alternative to its subject matter jurisdiction argument, Defendant argues that venue is improper in the District of Nevada. (Mot. Dismiss 11:5–20). Magistrate Judge Couvillier found that venue is proper because Defendant admitted that the venue regarding disputes over the Policy and the related Lynch incident is proper in this District and because Defendant failed to file points and authorities to support its argument. (R&R 5:12). Defendant objects, arguing that venue must be independently established for each action under 28 U.S.C. § 1391. (Obj. 3:22, 4:16–17).

"Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b)." *Id.* at 56. "If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)" to any district in which it could have been brought. *Id.* The three categories for venue set out in § 1391(b) are:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Like Defendant's Motion to Dismiss, its Objection to Magistrate Judge Couvillier's venue determination is devoid of legal authority. Nonetheless, the Court addresses Defendant's Objection. At the very least, the Court has personal jurisdiction over this action for the reasons discussed above, making venue proper in the District of Nevada under 28 U.S.C. § 1391(b)(3). Thus, having reviewed the question of venue *de novo*, the Court finds that venue is proper in the District of Nevada.

### D. Sufficiency of Equitable Claims

Defendant argues that Plaintiff fails to state a claim for relief under FRCP 12(b)(6) for a variety of reasons. Magistrate Judge Couvillier found that Nevada law applies, Defendant does not proffer a successful unclean hands argument, and Defendant fails to establish that Plaintiff practiced impermissible claim splitting. (R&R 7:6–13:10). Defendant objects to each of these determinations.

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule

12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### 1. Choice of Law

First, Defendant argues that Plaintiff's equitable claims are barred under Arizona law by the existence of the Policy. (Mot. Dismiss 12:19–24). Magistrate Judge Couvillier correctly determined that Nevada law, not Arizona law, is applicable to this matter. Defendant's arguments to the contrary are unconvincing to the Court and lack support. Moreover, in Defendant's Objection, it raises for the first time new dismissal arguments. (*See* Obj. 5:23–6:7). The new arguments were not part of the Motion to Dismiss nor the R&R, so the Court need not address them. Thus, the Court finds that Nevada law applies, and the claims are not barred by the Policy.

### 2. Claim Splitting

Next, Defendant argues that Plaintiff attempts improper claim splitting by bringing this action instead of including its claims in the Declaratory Action. (Mot. Dismiss 15:16–17). Magistrate Judge Couvillier determined that Plaintiff's claims in this matter differ from those in the Declaratory Action and do not constitute improper claim splitting. (R&R 10:16–12:10). The doctrine against claim splitting exists to protect defendants from being harassed by repetitive actions based on the same claim. *Clements v. Airport Auth. of Washoe Cty.*, 69 F.3d 321, 328 (9th Cir. 1995). To determine whether a suit is duplicative, the Ninth Circuit borrows from the test for claim preclusion. *Adams v. California Dep't of Health Servs.*, 487 F.3d 684,

688 (9th Cir. 2007) *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). The rule against claim splitting applies when the causes of action are the same and the parties are the same or are in privity. *Id.* at 689; *see also Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011) ("[T]he test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit."). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 at 688; *see also Katz*, 655 F.3d at 1217 ("District courts have discretion to control their dockets by dismissing duplicative cases.").

Here, it is uncontested that the parties are the same, so the Court need only analyze whether the causes of action are identical. (*See* Resp. 12:9–10). To determine whether the causes of action are the same, courts must analyze: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action"; (2) "whether substantially the same evidence is presented in the two actions"; (3) "whether the two suits involve infringement of the same right"; and (4) "whether the two suits arise out of the same transactional nucleus of facts." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir. 1982).

First, the Court finds that no rights or interests established in the prior judgment would be destroyed or impaired by this action. The Declaratory Action involves a single claim for declaratory relief against Defendant and Plaintiff did not seek reimbursement of costs in the Declaratory Action. (R&R 11:7–11). This action brings claims for unjust enrichment, equitable estoppel, and equitable subrogation to recover costs incurred in the Lynch Action. (*Id.*). The Court agrees with Magistrate Judge Couvillier that "the only relationship between the Declaratory Action and this action is that the Declaratory Action already determined that

1  Plaintiff had no duty to defend and pay Defendant's attorneys' fees and costs or to indemnify
2  Defendant by paying the settlement to the Lynch plaintiffs on behalf of Defendant." (R&R
3  11:11–14).  The issues here are whether Plaintiff can recover such fees, costs, and settlement
4  from Defendant under equitable and quasi-contract principles, which means that no right or
5  interests established in the prior judgment would be destroyed or impaired by this action.

6  Second, both actions necessarily require the presentation of different evidence.  Plaintiff
7  offers by way of example, and this Court agrees, that the Declaratory Action focused on the
8  language found in the Policy and the facts of the Lynch Action, but this action will focus on the
9  costs incurred in the Lynch Action, including the amounts paid to Defendant's defense counsel
10 and settlement payments made. (Resp. 12:23–26).  Third, the Declaratory Action and this
11 action do not involve the infringement of the same right.  The Declaratory Action determined
12 whether Plaintiff had a duty to defend or indemnify Defendant, while this action seeks to
13 determine whether Plaintiff can recover fees, costs, and settlement from Defendant.  Lastly, the
14 Declaratory Action and this action ultimately arise of out the same transactional nucleus of
15 facts, *i.e.* the jet ski accident.  However, the Declaratory Action centered around insurance
16 coverage, while this action centers on reimbursement, so this factor alone is not enough to
17 constitute improper claim splitting.  Thus, the causes of action are not identical, and Plaintiff
18 did not improperly split its claims.

### 3. Unclean Hands

20 Lastly, Defendant moves to dismiss the Complaint, arguing that Plaintiff cannot bring its
21 equitable claims because it did not allege clean hands (Mot. Dismiss 13:19).  Magistrate Judge
22 Couvillier found that Plaintiff is not required to affirmatively plead that it has clean hands as to
23 any of its claims. (R&R 10:8–15).  Defendant objects, asserting that under Nevada law,
24 equitable relief requires the plaintiff to have acted with clean hands. (Obj. 6:19–20 (citing
25 *Yount v. Criswell Radovan*, 469 P.3d 167, 174 (Nev. 2020)).

To begin, the doctrine of unclean hands "bars relief to [a party] who has violated conscience, good faith or other equitable principles in his prior conduct, as well as to a [party] who has dirtied his hands in acquiring the right presently asserted." *Dollar Sys. v. Arcour Leasing Sys.*, 890 F.2d 165, 173 (9th Cir. 1989). As Magistrate Judge Couvillier articulated, unclean hands is an affirmative defense that must be specifically pled by Defendant. The case Defendant relies on does not state, nor even imply, that equitable relief requires the plaintiff to have acted with clean hands. *See Yount*, 469 P.3d at 174. Moreover, the Court agrees with Magistrate Judge Couvillier that none of Plaintiff's claims require it to plead that it had clean hands. *See Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012) (unjust enrichment); *Las Vegas Convention & Visitors Auth. v. Miller*, 191 P.3d 1138, 1157 (Nev. 2008) (equitable estoppel); *In re Hamada*, 291 F.3d 645, 649 (9th Cir. 2002) (equitable subrogation). Thus, Plaintiff is not required to plead clean hands.

In sum, Plaintiff states a claim for relief under FRCP 12(b)(6).

### E. Joinder of Necessary Parties

Defendant also moves to dismiss the Complaint for failure to join indispensable parties. (Mot. Dismiss 12:3–4). Magistrate Judge Couvillier found that Defendant failed to show how any of the other parties, nor their circumstances, have any relevance to Plaintiff's claims here. (R&R 13:21–23). Defendant objects to this recommendation and argues that the R&R dismissed this argument without sufficient reasoning because the Magistrate Judge failed to analyze FRCP 19's factors. (Obj. 7:5–7). Defendant contends that Plaintiff's claims hinge on payments made to settle claims involving Alexander, Hernandez, the agent, the brokers, and the Lynch Action plaintiffs. (*Id.* 6:25–7:2). Defendant further argues that these parties' absence risks incomplete relief or prejudice to Defendant, because Plaintiff may pursue parallel actions against them, leading to inconsistent obligations. (*Id.* 7:2–3).

First, Defendant failed to cite or make arguments under FRCP 19 in its Motion to Dismiss and Errata Reply.  Nonetheless, the Court analyzes FRCP 19 now.  Rule 19 of the Federal Rules of Civil Procedure governs whether an absent party must be joined.  It requires a court to engage in "three successive inquiries." *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005).  First, the court must determine whether the person or party to be joined is "necessary." *Id.*  Rule 19(a) provides a two-prong inquiry for determining whether a party is necessary. *White v. Univ. of Cal.*, 765 F.3d 1010, 1026 (9th Cir. 2014).  A party is necessary if (1) "in that person's absence, the court cannot accord complete relief among existing parties" or (2) "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may. . . impair or impede the person's ability to protect the interest; or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a).

Here, the Court finds that no other party is necessary to this action to provide complete relief to Plaintiff under its reimbursement claims asserted against Defendant.  This action solely concerns issues between Plaintiff and Defendant, and no other person can claim an interest to this action nor is any other party's rights impaired.  Defendant will not be left open to multiple or inconsistent obligations because this dispute only concerns Plaintiff and Defendant under the Reservation Letter.  Indeed, no entity, other than Plaintiff, has a basis to sue Defendant under the Reservation Letter because it is only between Plaintiff and Defendant.  Defendant's arguments otherwise are unconvincing.  Because the absentees are not necessary parties, the Court need not analyze the remainder of FRCP 19.  Thus, Plaintiff did not fail to join a necessary party.

### F. Service of Process

Defendant lastly moves to dismiss the Complaint for improper service of process under FRCP 12(b)(5). (Mot. Dismiss 11:20–12:2). Defendant states that "service on a person who was not authorized to receive service on behalf of [Defendant], is ineffective and should be stricken." (*Id*. 12:1–2). Defendant further contends that Plaintiff attempted personal service, rather than service on an entity, when serving Defendant. (*Id.*). Because Defendant failed to offer necessary details such as the person's identity, why such person was not authorized to accept service on behalf of Defendant, and failed to cite any points and authorities in both its Motion to Dismiss and Reply, the Magistrate Judge found that Defendant consented to the denial of this ground. (R&R 13:24–14:5); *see* LR 7-2(d). Defendant implies that it is a *pro se* litigant and objects to the R&R's application of Local Rule 7-2(d), arguing that its application is overly harsh.[2] (Obj. 7:9–18). Defendant also argues that the R&R seems to overlook Defendant's Errata Reply, (ECF No. 23). (*Id.*). The Court has read the Errata Reply and finds that it is also devoid of any points or authorities for this dismissal ground. Moreover, Defendant is not a *pro se* party because it is represented by counsel, and its filings are therefore not entitled to liberal construction. Thus, the Court agrees with Magistrate Judge Couvillier's recommendation and finds that service was not improper.[3]

In sum, the Court ACCEPTS and ADOPTS IN FULL Magistrate Judge Couvillier's Report and Recommendation and DENIES Defendant's Motion to Dismiss for the reasons stated above.

### IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Magistrate Judge Couvillier's R&R, (ECF No. 28), is **ACCEPTED AND ADOPTED IN FULL**.

---

[2] Defendant relies on *Erickson v. Pardus*, to argue that the application of Rule 7-2(d) is too harsh and provides in a parenthetical that "pro se filings are liberally construed." 551 U.S. 89, 94 (2007).
[3] Defendant is instructed to heed the Local Rules and the Federal Rules of Civil Procedure.

1   **IT IS FURTHER ORDERED** that Defendant Kabul, Inc.'s Motion to Dismiss, (ECF
No. 7), and Defendant's Objection, (ECF No. 29), are **DENIED**.

**DATED** this __3__ day of July, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT