**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Admiral Insurance Company, | Case No. 2:24-cv-02060-GMN-MDC |
| Plaintiff, | **ORDER GRANTING MOTION TO EXTEND TIME (ECF NO. 106)** |
| vs. | |
| Kabul, Inc., *et al.*, | |
| Defendants. | |

Defendant Kabul, Inc. ("Kabul") filed a *Motion to Extend Time* ("Motion") (ECF No. 106) regarding serving the Summons and Complaint on Third Party Defendant Gregg Eidsness Farm Bureau Financial Services ("Eidsness"). The Court **GRANTS** the Motion *nun pro tunc* and accepts Eidsness' waiver of service filed on October 17, 2025, as timely for the reasons below.

## I.     BACKGROUND

This is one of several actions filed and maintained in this Court arising out of a jet ski accident on the Colorado River that resulted in the death of Tammy Lynch. Lynch was passenger on a jet ski driven by Darryl Alexander that had been rented from defendant Kabul, Inc. ("Kabul"). Lynch was fatally injured when their jet ski was struck by another watercraft operated by Samir Adrian Hernandez. Kabul filed an insurance claim with plaintiff for coverage and defense against the estate of Lynch's claims ("Lynch Action") under the applicable policy ("Policy") issued by plaintiff to Kabul. Plaintiff wrote a letter to Kabul that the claims in the Lynch Action may not be covered under the Policy and that Plaintiff would defend Kabul subject to plaintiff's reservations of rights, which Kabul accepted. After paying for Kabul's defense and settlement costs in the Lynch Action, plaintiff filed an action and a District Judge declared that it did not have duty to defend Kabul in the Lynch Action under the Policy. Case No. 2:22-cv-00177-CDS-NJK, Declaratory Action at *ECF No. 14*. Plaintiff now files this action to

seek reimbursement of the defense fees and settlement payment it paid on behalf of Kabul in the Lynch Action. *ECF No. 1*.

Kabul filed its answer and third-party complaint against various third-party defendants on June 10, 2025, including Gregg Eidsness Farm Bureau Financial Services ("Eidsness"). *ECF No. 33*. Kabul issued its summons to third party defendants on June 26, 2025, and has been in communications with Eidsness to have it waive service in this matter. *ECF No. 45*. In another case now consolidated with this one, Eidsness did waive service for Kabul on September 4, 2025. Case No. 2:25-cv-01343-GMN-MDC, *ECF No. 47*.[1] However, Kabul claims that due to a "likely… mutual clerical oversight" Eidsness did not timely file waiver of service in this matter. *ECF No. 106* at 3. Kabul then filed this Motion on October 7, 2025, and filed Eidsness' waiver of service in this matter on October 17, 2025. (ECF No. 111).

## II.    DISCUSSION

### a.    Legal Standard

Pursuant to Federal Rule of Civil Procedure (Federal Rule) 4(m), defendant(s) must be served within 90-days after the complaint is filed. Failure to do so is cause for dismissal without prejudice. Fed. R. Civ. P. 4(m). However, "if the [moving party] shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 D.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 90-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996).

---

[1] The Clerk of the Court in the other case later filed a Notice Regarding Intention to Dismiss Pursuant to Rule 4(m) advising that the case may be dismissed unless proof of service or a motion to extend is filed with regard to Defendant Eidsness on September 8, 2025. *No. 2:25-cv-01343-GMN-MDC*, *ECF No. 47*. The Court does not consider this as that case has now consolidated into this one and the waiver of service was timely filed in that case.

Federal Rule 6(b)(1)(B) provides that a party that files an extension motion after deadline to act must show that she failed to act prior to the deadline "because of excusable neglect." *Id.*; *see Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

  **b.**  **Kabul Has Shown Good Cause and Excusable Neglect For An Extension Of Time**

Kabul argues for a 60-day extension of time to attempt service or obtain a waiver of service for Eidsness. *ECF No. 106* at 3. The deadline for Kabul to serve or obtain waiver of service from Eidsness was September 9, 2025. Fed. R. Civ. P. 4(m). Therefore, Kabul must both show good cause and excusable neglect for the Court to grant its Motion.

Generally, "good cause" is equated with diligence. *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1337. A showing of good cause requires more than inadvertence or mistake of counsel. *Townsel v. Contra costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). The Court finds that Kabul has shown good cause for an extension of time. Kabul has been communicating with Eidsness and has been trying for months to obtain a waiver of service despite the "procedural complexity and coordinated required" to handle service issues in multiple cases. *ECF No. 106* at 3-4.

To determine whether excusable neglect has been established, the court looks to four factors: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Lemoge*, 587 F.3d at 1198. The Court finds that Kabul has shown excusable neglect for failing to act prior to the deadline. Regarding the prejudice and length of delay, the Court finds that the delay not so great as to be unreasonable. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976) (stating that there is a presumption of injury specifically when movant/plaintiff unreasonably delays in prosecuting an action). While Kabul missed the deadline to complete service by a little more than a month, it has been in back-and-forth communication with Eidsness regarding this action and Eidsness did waive service a few days after this Motion was filed. *See ECF No. 106* at 3; *ECF No. 111*. The Court also accepts Kabul's

reasoning that the delay in obtaining Eidsness' waiver of service is because of the difficulty of handling service issues in multiple related cases and clerical errors in getting Eidsness' waiver of service filed in this matter. *ECF No. 106* at 3-4. Lastly, Kabul is acting in good faith and the Court finds no dilatory purpose in its actions.

       **c.**    **The Court Grants The Motion *Nun Pro Tunc* and Accepts Eidsness' Waiver Of Service As Timely**

The Court grants the Motion *nun pro tunc* and accepts Eidsness' waiver of service as timely because Kabul promptly filed Eidsness' waiver on October 17, 2025, after filing this Motion.

## III.   CONCLUSION

Kabul has shown good cause and excusable neglect to warrant an extension of time to serve or obtain a waiver of service from Eidsness. Therefore, the Court grants the Motion *nun pro tunc* and accepts Eidsness' waiver of service filed on October 17, 2025, as timely.

ACCORDINGLY,

**IT IS ORDERED** that:

Kabul's *Motion to Extend Time* (ECF No. 106) for a 60-day extension to serve or obtain a waiver of service from Eidsness is **GRANTED** *nun pro tunc*, and Eidsness' waiver of service (ECF No. 111) is accepted as timely.

DATED: November 7, 2025

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.