Thomas F. Christensen, Esq.
Nevada Bar #2326
Christensen Law Offices, LLC
1000 S. Valley View Blvd.
Las Vegas, NV 89107
T:702-870-1000
courtnotices@injuryhelpnow.com
*Attorneys for Deft Kabul*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>KABUL, INC. d/b/a FASTRIP PWC RENTALS, KABUL, INC. d/b/a FASTRIP FOOD STORE, et al,<br><br>Defendants. | Case No.:<br>2:24-cv-02060-GMN-MDC<br><br><br>Consolidated with<br>Case No.<br>2:25-cv-01343-GMN-MDC |
| KABUL, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ADMIRAL INSURANCE COMPANY,<br>et al.,<br><br>Defendants. | |

**LIMITED MOTION TO ALTER OR AMEND**

Defendants/Counter-Claimants/Third-Party Plaintiffs Kabul, Inc. d/b/a Fastrip PWC Rentals and Kabul, Inc. d/b/a Fastrip Food Store (collectively, "Kabul") respectfully moves this Court under Federal Rule of Civil Procedure 59(e) and Local Rule 59-1 to alter or amend its February 11, 2026 Order (ECF No. 125) solely as to the "with prejudice" portion of the dismissal as to Third-Party Defendant RT Specialty. Specifically, Kabul requests that the Court convert the dismissal of Third-Party Defendants Ryan Specialty, LLC; RT Specialty; and RSG Specialty,

.

**1**

LLC to *without* prejudice. (ECF No. 125 at 11, 21) The Court allowed Kabul to file an Amended pleading[1] as to other parties and this narrow relief now requested would permit Kabul to file one new, more specific amended Counterclaim/Third-Party Complaint that cures the identified deficiencies with greater factual detail, refined legal theories, and additional evidence developed since the original filing. No other aspect of the Order is herein challenged.

**I. PROCEDURAL BACKGROUND**

On February 11, 2026, the Court granted in part the various motions to dismiss Kabul's Counterclaim/Third-Party Complaint (ECF No. 33). The Court dismissed all claims against Ryan Specialty, RT Specialty, and RSG Specialty, LLC *with prejudice* after finding insufficient allegations to support personal jurisdiction and that amendment would be futile. Most other claims were dismissed without prejudice (or denied in part), and Kabul was granted leave to file one amended pleading within 21 days "to cure the deficiencies identified in this Order and in the briefing. This will be the only amendment the Court will allow." (ECF No. 125 at 21.) Kabul appreciates the opportunity the Court has provided it to update, clarify and, in detail, state the factual basis of Kabul's claims. For the sake of efficiency, Kabul requests that Court reconsider and allow one complete amended pleading with specific factual allegations that will clarify and demonstrate the jurisdiction of all involved entities, including Ryan Specialty, RT Specialty, and RSG Specialty, LLC or to bring actions in appropriate jurisdictions.

This motion is filed within 21 days of the Order — well within the 28-day period for Rule 59(e) motions and a "reasonable time" under LR 59-1(c).

///

---

[1] Due to the imposed deadline for the Amended Pleading, and for sake of efficiency, Kabul intends to file its Amended Pleading, including all dismissed Defendants, concurrently with this Motion to Alter or Amend. Kabul, however, will allow extensions on response times to allow the Court to rule on the instant Motion.

.

2

## II. LEGAL STANDARD

Under Rule 59(e), a court may alter or amend an order to correct clear error or prevent manifest injustice. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc). LR 59-1(a) similarly authorizes reconsideration of interlocutory orders for manifest injustice. *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). Leave to amend should be "freely give[n]" absent futility, undue delay, bad faith, or undue prejudice. Fed. R. Civ. P. 15(a)(2); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). A "with prejudice" dismissal is appropriate only when it is clear that no amendment can cure the defects. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. ARGUMENT

**A. Converting the "With Prejudice" Dismissals to "Without Prejudice" Prevents Manifest Injustice.**

The February 11, 2026 Order identified pleading deficiencies in the original Counterclaim/Third-Party Complaint (lack of specific jurisdictional facts against the Ryan/RSG entities and conclusory damages allegations). However, those deficiencies can be cured with a more specific amended pleading that does the following:

1. Provides detailed factual allegations of the Ryan/RSG entities' purposeful direction of activities toward Nevada (e.g., specific marketing, brokering, and administration of Admiral policies for Nevada businesses; control over Nevada-registered subsidiaries and affiliates; direct profits from Nevada transactions; and knowledge that harm would be suffered in Nevada). These facts go well beyond the conclusory statements the Court found insufficient and directly address the *Schwarzenegger* purposeful-direction test and *Walden* requirements.

.

**3**

2. Supplies additional evidence (witness statements, internal documents, and broker correspondence obtained or clarified post-filing) showing the entities' continuous and systematic contacts with Nevada sufficient for general jurisdiction or, at minimum, warranting limited jurisdictional discovery.

3. Refines the emotional distress component (if pursued) or ties it to viable bad-faith/insurer-conduct claims under Nevada law where severe corporate impact is alleged, while preserving the ability to seek all other damages.

Dismissing these parties and damage categories with prejudice — before Kabul has had a full and fair opportunity to plead with the specificity the Court identified as missing — would bar meritorious claims without any adjudication on the merits. This is the textbook definition of manifest injustice. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

**B. Amendment Is Not Futile; the Court Already Recognized the Claims Can Be Cured with Greater Specificity.**

The Order itself acknowledges that most claims can be cured by amendment and grants leave to do so. The same logic applies to the Ryan/RSG entities. The jurisdictional ruling rested on the original pleading's lack of detail — not on an inherent legal bar that no amount of specificity could overcome. A more focused pleading, coupled with a request for jurisdictional discovery if needed (supported by the minimal showing now possible), would allow the Court to assess jurisdiction on a complete record. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (jurisdictional discovery warranted when facts are contested or more facts are needed).

**C. The Motion Is Timely and Narrowly Tailored.**

.

**4**

Filed just 20 days after the Order, this motion satisfies both Rule 59(e) and LR 59-1(c). It does not seek to relitigate any ruling on the merits, reargue facts, or disturb the dismissal of any other party or claim. It asks only for the limited relief necessary to allow Kabul to file the single, more specific amended pleading the Court has already contemplated.

**IV. CONCLUSION**

Kabul respectfully requests that the Court grant this motion and enter an amended order converting the "with prejudice" dismissals of Ryan Specialty, LLC; RT Specialty; RSG Specialty, LLC; and emotional distress damages to without prejudice. Kabul further requests that the Court confirm or extend the 21-day period to file one amended Counterclaim/Third-Party Complaint that includes more specific allegations against those parties. This relief will promote justice, conserve resources by avoiding a separate action, and align with the liberal amendment policy of the Federal Rules.

Dated this 5th day of March, 2026

              CHRISTENSEN LAW OFFICES, LLC
              <u>/s/Thomas F. Christensen, Esq.</u>
              Thomas F. Christensen, Esq.
              Nevada Bar #2326
              1000 S. Valley View Blvd.
              Las Vegas, NV 89107
              T:702-870-1000
              courtnotices@injuryhelpnow.com
              *Attorneys for Kabul*