**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Admiral Insurance Company,

      Plaintiff,

vs.

Kabul, Inc., *et al.*,

      Defendants.

Case No. 2:24-cv-02060-GMN-MDC

**ORDER GRANTING MOTION TO EXTEND TIME (ECF NO. 139)**

The Court has reviewed the defendant Kabul, Inc.'s ("Kabul") *Motion to Extend Time* (ECF No. 139) ("Motion"), where Kabul requests for a *nunc pro tunc* extension to file its Amended Counter/Cross/Third-Party Complaint (ECF No. 126) ("Amended Complaint"). The Court **GRANTS** the Motion for the reasons below.

## I. BACKGROUND

The history of this matter is complex and involves various cases on the federal and state level. On February 11, 2026, the Court gave Kabul 21 days to file an amended Crossclaim/Third-Party Complaint. *ECF No. 125*. Kabul then filed its Amended Complaint on March 5, 2026, one day after the deadline. *ECF No. 126*. Kabul then filed their Motion requesting for a *nunc pro tunc* extension to deem their Amended Complaint timely filed, stating excusable neglect exists to grant the Motion pursuant to Federal Rule of Civil Procedure ("Rule") 6(b). *ECF No. 139*. Third party defendants Armstrong Teasdale, LLP and Kevin Stolworthy ("Attorney defendants") oppose the Motion. *ECF No. 151*.

## II. ANALYSIS

Courts have discretion under Rule 6(b) to extend the deadline of untimely filed documents for good cause and "where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b); *Kyle v. Campbell Soup Co.,* 28 F.3d 928, 930 (9th Cir.1994) (stating that a district court Federal Rule of Civil Procedure 6(b) ruling is reviewed for abuse of discretion). Courts generally consider four equitable

1

factors when determining whether late filings were due to excusable neglect: "(1) the danger of prejudice to Defendants; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of Plaintiff; and (4) whether Plaintiff's conduct was in good faith." *Kass v. Mineral Cnty. Com'rs,* 3:07-cv-00095-LRH-VPC, 2010 WL 1292286, at *1 (D. Nev. March 30, 2010) (citing *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004)). The Court finds that these factors support Kabul's excusable neglect in bringing its Amended Complaint one day after the deadline and good cause to grant its Motion *nunc pro tunc*.

As to the reasons for the delay, Kabul states that it made a calendaring error and miscalculated the deadline to be one day after the actual deadline. *ECF No. 139*. Kabul further argues that it acted promptly to cure by filing its Motion upon discovering its error when defendant NBS Insurance Agency, Inc. moved to strike the Amended Complaint. *See id.*; *see also ECF No. 132*. While the issue of excusable neglect is left to the discretion of the court, the Court finds persuasive guidance from the following Ninth Circuit and district authorities which held that calendaring mistakes resulting in untimely filings be excusable neglect: *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010); *M.D. by and through Doe v. Newport-Mesa Unified Sch. Dist.*, 840 F.3d 640, 642-43 (9th Cir. 2016); *JC Hospitality LLC v. Int'l Union of Operating Eng'r Local 501, AFL-CIO*, No. 2:24-cv-00028-RFB-DJA, 2025 WL 962340, at *2 (D. Nev. March 31, 2025); *Tao v. Murphy*, No. 2:25-cv-00149-JAD-MDC, 2025 WL 2379625, at *2 (D. Nev. July 11, 2025).

The Attorney defendants proffer their own authorities where courts have rejected calendaring errors as excusable neglect.  Those authorities, however, do not announce any binding, black letter law nor does the Court find them persuasive under the circumstances here. Whether excusable neglect exists depends on the particular circumstances of each case and is left to the court's discretion. *See* Fed. R. Civ. P. 6(b); *Kyle,* 28 F.3d at 930. Moreover, courts have inherent authority to control their dockets. *Empire Fire & Marine Ins. Co. v. Brooks*, No. 2:21-CV-289 JCM (EJY), 2024 WL 776435, at *4 (D.

Nev. February 23, 2024) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)), *aff'd sub nom. Empire Fire & Marine Ins. Co. v. Rodriguez*, No. 24-1419, 2025 WL 101070 (9th Cir. January 15, 2025). Ultimately, the Court finds, in its discretion and inherent power to control its docket, that the circumstances in this case warrant a finding of excusable neglect.

The remining equitable elements also support finding excusable neglect. There is no danger of prejudice against any party, nor does Kabul's one-day delay have any meaningful, negative impact on the proceedings. Attorney defendants argue that Kabul did not show good faith because it improperly brings certain parties in its Amended Complaint and drags out "a costly, years-long proceeding by filing an unactionable pleading subject to dismissal under [Rule] 12(b)(6) and Nevada's anti-SLAPP motion." *ECF No. 151* at 2-3. However, these arguments go to the merits of Kabul's Amended Complaint and not timing issues. Attorney defendants are free to challenge Kabul's Amended Complaint through the litigation process. As to the relevant inquiry here, Attorney defendants do not dispute that Kabul's one-day delay in bringing the Amended Complaint was done in good faith. The Court also finds no dilatory purpose in Kabul's one-day delay here.

For the foregoing reasons, the Court therefore grants the Motion.

ACCORDINGLY,

**IT IS ORDERED** that Defendant Kabul, Inc.'s *Motion to Extend Time* (ECF No. 139) is **GRANTED** *nunc pro tunc*. Defendant Kabul, Inc.'s Amended Counter/Cross/Third-Party Complaint (ECF No. 126) is deemed timely.

DATED: July 1, 2026

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

3