# Document 7

Thomas F. Christensen, Esq.
Nevada Bar #2326
Christensen Law Offices, LLC
1000 S. Valley View Blvd.
Las Vegas, NV 89107
T:702-870-1000
courtnotices@injuryhelpnow.com
*Attorneys for Defendant Alexander*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

ADMIRAL INSURANCE COMPANY,

Plaintiff,

vs.

KABUL, INC. d/b/a FASTRIP PWC RENTALS, KABUL, INC. d/b/a FASTRIP FOOD STORE, DARRYL PETER ALEXANDER, JR., TOMMY LYNCH, as Administrator for the Estate of TAMMY LYNCH, and TOMMY LYNCH, APRIL BLACK, as Heirs of TAMMY LYNCH,

Defendants.

Case No.: 2:22-cv-00177-CDS-NJK

**Volume 2: Exhibits to Motion for Summary Judgment**

KABUL, INC., dba FASTRIP PWC and FASTRIP FOOD STORE,

Third Party Plaintiff,

v.

GREGG EIDSNESS FARM BUREAU FINANCIAL SERVICES, DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,

Third Party Defendants.

.

DARRYL ALEXANDER
Counter/Cross Claimant,
v.
ADMIRAL INSURANCE COMPANY,
Counter Defendant,
and
GREGG EIDSNESS FARM BUREAU FINANCIAL SERVICES, NATIONWIDE BROKERAGE SOLUTIONS, RSG SPECIALTY, LLC,
Cross Defendants
And DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive, Counter/Cross Defendants

**INDEX OF EXHIBITS**

| Exhibit Number | Vol. | Description | Original Bates | Bates in MSJ |
|---|---|---|---|---|
| 1 | 1 | Declaration of Najib Noori | n/a | MSJ001-003 |
| 2 | 1 | Admiral Insurance Policy CA000038462-01 (redacted) | Admiral_001463-001522 | MSJ004-064 |
| 3 | 1 | Claims Committee Form | Admiral_002248-00224 | MSJ065-067 |
| 4 | 1 | Excerpts of Claims File | Admiral_002300-002302 | MSJ068-071 |
| 5 | 1 | Waiver | Admiral_001529 | MSJ072-073 |
| 6 | 1 | Reservation of Rights letter | Admiral_002224-002233 | MSJ074-084 |
| 7 | 1 | Emails with Stephany Hawk | Admiral_002200-002208 | MSJ085-094 |
| 8 | 1 | Excerpts of Staci Baratti Deposition | n/a | MSJ095-114 |
| 9 | 1 | Claim detail (redacted) | Admiral_002421 | MSJ115-116 |
| 10 | 1 | Claims Detail Report | RS000463-000464 | MSJ117-119 |
| 11 | 2 | Underwriting File (redacted) | Admiral_0012173 | MSJ120-121 |
| 12 | 2 | Email Michelle Skinner | Admiral_00229-00259 | MSJ122-153 |
| 13 | 2 | Email Monica Mezyk | Admiral_002154 | MSJ154-155 |
| 14 | 2 | Email Davis McGregor | Admiral_000518-000526 | MSJ156-165 |
| 15 | 2 | Email Keith Distel | Admiral_000541-00558 | MSJ166-184 |

.

| | | | | |
|---|---|---|---|---|
| 16 | 2 | Email Varian Bristow | Admiral_00799-000802 | MSJ185-189 |
| 17 | 2 | Boats Endorsement | Admiral_001543-001544 | MSJ190-192 |
| 18 | 2 | Kabul Application | Admiral_001546-001556 | MSJ193-204 |
| 19 | 2 | Email Varian Bristow | Admiral_003424-003427 | MSJ205-209 |
| 20 | 2 | Confirmation of Insurance RT | RS000629-000635 | MSJ210-217 |
| 21 | 2 | Responses to RFA | n/a | MSJ218-232 |
| 22 | 2 | Responses to ROGS | n/a | MSJ233-245 |
| 23 | 2 | Responses to RFP | n/a | MSJ246-269 |

Dated this 19th day of April, 2023.

Christensen Law Offices, LLC

_/s/Thomas F. Christensen, Esq. _
Thomas F. Christensen, Esq.
Nevada Bar #2326
1000 S. Valley View Blvd.
Las Vegas, NV 89107
T:702-870-1000
courtnotices@injuryhelpnow.co

Exhibit 11:
Admiral_002173
(redacted)

ADMIRAL A Berkley Company

# Underwriting File

Quote/Policy Search Clearance Action Utilities Log Out

User: AdmGeniusProd\SBARATTI

Policy Term

**KABUL INC**
**FASTRIP FOOD STORE**

**CA000038462-01**
**Expired**

**General Information** | Coverage Information | File Cabinet

| | | | | | |
|---|---|---|---|---|---|
| Address | 1131 HIGHWAY 95<br>BULLHEAD CITY, AZ 86429<br>County: MOHAVE<br>Map Address | Carrier | Admiral Insurance Company | Term | 05/22/2020 - 05/22/2021 |
| | | Branch | Chicago | Premium | [redacted] |
| | | Department | Casualty | Surcharge | N/A |
| | | Product | Casualty | Commission | [redacted] |
| | | Policy Type | Monoline | Minimum Earned | [redacted] |
| | | CM/Occ. | Occurrence | | |
| Brokerage | RSG SPECIALTY, LLC (1298A)<br>(312) 651-6000 | Broker | DAVIS MCGREGOR<br>Other Staff | Underwriter | Keith Distel<br>(312) 980-1229 |

Insured Ops: No Operations Code Entered

Description of Operations: JET SKI RENTALS

**Alerts**

**5/7/21 - outstanding ded of $272. dh**

**EMAIL IN PRIOR POLICY THAT WE HAD FOR THIS INSURED - CA000030482-02 - CONTAINS THE LISTS OF 40 RENTAL UNITS - RO**

**Claims Information** **Loss Runs:** Internal External Export to Excel

**Loss** Reserve / Paid [redacted] **Expense** Reserve / Paid [redacted] **Total** Incurred / Loss Ratio [redacted]

☐ View Only Current Term

| Claim | Policy Term | Status | Loss Reserve | Loss Paid | Expense Reserve | Expense Paid | Total Incurred |
|---|---|---|---|---|---|---|---|
| A000000037585 | 5/22/2020 - 5/22/2021 | Details Open | [redacted] | | | | |
| A000000036144 | 5/22/2020 - 5/22/2021 | Details Closed | | | | | |
| A000000034589 | 5/22/2020 - | Details Open | | | | | |

Exit

Exhibit 12:
Admiral_000229-000259

**To:** Michelle A Skinner
**Cc:** Fernando E. Mendoza; Allison, Ven; Hallstrom, Sheila
**Subject:** FW: Kabul, Inc - [SYS*REF#2522480] CA000030482-02
**Attachments:** Attachment.pdf

Thank you. This app lists the jetskis (prior app listed boats). However, the app is not signed & dated....
I've cc'd Ven to see if we can release binder pending the boat rental declarations...hoping to have answer today.
Regards,
Jalene

---

**From:** Michelle A Skinner [mailto:Michelle_Skinner@rpsins.com]
**Sent:** Thursday, May 02, 2019 12:59 PM
**To:** Fernando E. Mendoza <Fernando_Mendoza@rpsins.com>
**Cc:** Nicholas, Jalene <Jnicholas@admiralins.com>
**Subject:** [EXTERNAL] RE: Kabul, Inc - [SYS*REF#2522480]

Here is the application that Ven quoted from.

This should be everything you need, except for the boat declarations which will be sent once coverage is bound.

**Michelle A Skinner, CISR**
**Underwriter/Broker | Casper**
Direct: +1 307 265 3571
Risk Placement Services | Scottsdale Branch
Michelle_Skinner@rpsins.com | RPSins.com

---

**From:** Fernando E. Mendoza
**Sent:** Thursday, May 02, 2019 1:54 PM
**To:** Michelle A Skinner
**Cc:** 'Nicholas, Jalene'
**Subject:** FW: Kabul, Inc - [SYS*REF#2522480]
**Importance:** High

Hi Michelle:

I guess I'm a little confused on the Supplemental Application, I thought the Rental/Jet Ski application was the same. Is there a different Application the Carrier needs?

Thanks,
Fernando

**Fernando E. Mendoza**
**Underwriter | Scottsdale**
Direct: +1 480 860 5568 | Fax: 480 860 5561
Risk Placement Services, Inc.
Fernando_Mendoza@rpsins.com | RPSins.com

---

**From:** Nicholas, Jalene [mailto:Jnicholas@admiralins.com]
**Sent:** Thursday, May 02, 2019 12:44 PM

**To:** Fernando E. Mendoza
**Cc:** Michelle A Skinner; Allison, Ven
**Subject:** FW: Kabul, Inc - [SYS*REF#2522480]
**Importance:** High

Hi Fernando,
Thank you. I have the signed TRIA, 14-18 loss runs in file.
It looks like we received the boat supplemental/schedule rather than a jet ski supplemental. Do you have a supplemental re: jet skis?...this is what we are covering.
We need a copy of the boat rental coverage declarations page.

In the meantime, effective 4/25/19-20, the assigned policy number is CA000030482-02.

Regards,
Jalene for Ven

ADMIRAL INSURANCE GROUP a Berkley Company

**Jalene Nicholas**
**Associate Underwriter , Casualty**
Admiral Insurance Group, a Berkley Company
Direct Dial: 206-802-3045
Mobile: 360-981-5904
Email: Jnicholas@admiralins.com

520 Pike Street
Suite 2929
Seattle, Washington 98101
www.admiralins.com
Please send Submissions to: casualtywa@admiralins.com

---

**From:** Fernando E. Mendoza [mailto:Fernando_Mendoza@rpsins.com]
**Sent:** Thursday, May 02, 2019 12:31 PM
**To:** Nicholas, Jalene <Jnicholas@admiralins.com>
**Subject:** [EXTERNAL] Kabul, Inc - [SYS*REF#2522480]
**Importance:** High

Hello Jalene:

Attached, please find the signed TRIA, Acord and Supplemental Jet Ski Applications. Will await the Binder.

Sincerely,

Fernando

RPS Scottsdale

**Fernando E. Mendoza**
**Underwriter**
Direct: +1 480 860 5568 | Fax: 480 860 5561
Risk Placement Services, Inc.
8800 E Raintree Dr. Suite 250 | Scottsdale | AZ | 85260

Fernando_Mendoza@rpsins.com | RPSins.com | f t in | Rate your RPS experience! Great ★★★ Good ★★ OK★

*Coverage cannot be bound, altered, nor removed, and claims are not considered made, until confirmed in writing by a representative of RPS, Inc. or in rules. This Email and any attachment is for use only by the named recipient(s) and may contain confidential material. If you received this in error, plea from any computer.*

CONFIDENTIALITY NOTICE: This e-mail and the transmitted documents contain private, privileged and confidential information belonging to the sender. The information therein is solely for the use of the addressee. If your receipt of this transmission has occurred as the result of an error, please immediately notify us so we can arrange for the return of the documents. In such circumstances, you are advised that you may not disclose, copy, distribute or take any other action in reliance on the information transmitted.

MARKEL

# Markel Marine Insurance

## Tradesman Rental Application

**Thank you for your interest in Markel Marine Insurance.** **Please provide full and complete answers to all questions. Please be sure to read the policy warranties and requirements section in its entirety.**

**Producer information:**

General agent code:

Producer code:

Desired effective date: 04/25/2019

Name: FARM BUREAU FINANCIAL

Address: 2071 HIGHWAY 95 BULLHEAD CITY AZ 86442

Phone: (928)763-8464

Contact email: gregg.eidsness@fbfs.com

**Section 1. Rental business information**

Named insured (including DBA names): KABUL INC

Tax ID/FEIN #: 86-0773163

Mooring location zip code: 86442

Year business was established: 2000

Operations address location 1: 1131 HIGHWAY 95 BULLHEAD CITY AZ 86442

Operations address location 2:

Mailing address: 2888 COUNTRY CLUB PLAZA BULLHEAD CITY AZ 86442

Primary phone: (928)234-0880

Secondary phone:

Email:

Website:

**Section 2. Designee information**

First designee name: NAJIBULLAH NOORI

Date of birth: [redacted]

Home address: 2888 COUNTRY CLUB DR BULLHEAD CITY AZ 86442

SSN: [redacted]

Second designee name:

Date of birth:

Home address:

SSN:

**Section 3. Business detail**

Describe your business in detail:

BOAT AND JET SKI RENTALS

Describe the owner's/management's experience with running a rental operation:

MARKEL

# Markel Marine Insurance

## Tradesman Rental Application

**Thank you for your interest in Markel Marine Insurance. Please provide full and complete answers to all questions. Please be sure to read the policy warranties and requirements section in its entirety.**

### Producer information:

| | | |
|---|---|---|
| General agent code: | Producer code: | Desired effective date: 04/30/2019 |
| Name: FARM BUREAU FINANCIAL | | |
| Address: 2071 HIGHWAY 95 STE A, BULLHEAD CITY AZ 86442 | | |
| Phone: (928)763-8464 | Contact email: gregg.eidsness@fbfs.com | |

### Section 1. Rental business information

| | | |
|---|---|---|
| Named insured (including DBA names): KABUL INC | | |
| Tax ID/FEIN #: 86-0773163 | Mooring location zip code: 86442 | Year business was established: 2000 |
| Operations address location 1: 1131 HIGHWAY 95, BULLHEAD CITY AZ 86429 | | |
| Operations address location 2: | | |
| Mailing address: 2888 COUNTRY CLUB PLAZA BULLHEAD CITY AZ 86442 | | |
| Primary phone: (928)234-0880 | Secondary phone: | |
| Email: | Website: | |

### Section 2. Designee information

| | |
|---|---|
| First designee name: NAJIBULLAH NOORI | Date of birth: |
| Home address: 2888 COUNTRY CLUB PLAZA BULLHEAD CITY AZ | SSN: |
| Second designee name: | Date of birth: |
| Home address: 2888 COUNTRY CLUB PLAZA BULLHEAD CITY AZ | SSN: |

### Section 3. Business detail

Describe your business in detail:

BOAT RENTALS

Describe the owner's/management's experience with running a rental operation:

Please answer the following regarding your business:

1. Who is your current insurer: MARKEL
2. Has anyone involved with the business ever been convicted of a felony? ☐ Yes ■ No
3. Has the business been cancelled, non-renewed, or refused insurance coverage? ☐ Yes ■ No

Please describe any **'yes'** responses for questions 3 and 4 above:

Please list and describe all prior business and marine losses/claims:

| Date of loss | Description | Amount paid |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

*If more space is required, please use a separate sheet.*

## Section 4. **Safety**

How old must a person be to rent: 18+

How old must a person be to operate:

Describe all safety training, orientation, and instruction provided to each renter:

Describe your assessment process of a renter's competency to operate:

| |
|---|
| If a renter is unable to comprehend instruction (does not speak English), or if there is concern on skills or impairment that could prevent safe operation, what actions will be taken? |
| Describe supervision of activities and assistance, including, but not limited to, if renters are in line of sight, if you use patrol units, and how a renter will communicate with you if assistance is needed: |
| Describe any additional safety measures, including limitations on where the rental units may be operated, signage, etc. |
| Describe the training program for your employees: |

## Section 5. Rental usage

| | | |
|---|---|---|
| 1. Is the business in compliance with all legal requirements for rental? | ☒ Yes | ☐ No |
| 2. Are any rental units trailered to another location? | ☐ Yes | ☒ No |
| 3. Are renters allowed to trailer rental units for use? | ☐ Yes | ☒ No |
| 4. Is overnight rental allowed? | ☐ Yes | ☒ No |
| 5. Is operation permitted from dusk to dawn? | ☐ Yes | ☒ No |

Please describe any **'yes'** responses for questions 2-5 above:

What is the age of your youngest employee?

Does this employee process rentals? ☐ Yes ☐ No

Will an employee/associate or person on your behalf:

| | | |
|---|---|---|
| 1. Provide an operator for a renter? | ☐ Yes | ☒ No |
| 2. Conduct any type of guided tours? | ☐ Yes | ☒ No |
| 3. Use a rental unit for personal use? | ☐ Yes | ☒ No |

Please describe any **'yes'** responses for questions above:

Are any watersport activities (i.e. skiing, tubing) allowed? ☐ Yes ☐ No

If **yes**, please explain permitted activities and equipment provided:

## Section 6. Unit information

What is the physical address that units are rented from (include marina name):

1131 HIGHWAY 95, BULLHEAD CITY AZ 86429

Describe the location listed above:

List and describe any other businesses located on the premises:

1. Are prop guards installed on all units with propellers? ☐ Yes ☐ No ☐ N/A
2. Are all units seaworthy and fit for their intended purpose? ☐ Yes ☐ No
3. Are all units and components unmodified and stock? ☐ Yes ☐ No
4. If a pontoon, are all access gates attached and in good working order? ☐ Yes ☐ No
5. If a pontoon, is all seating permanently affixed and in good condition? ☐ Yes ☐ No

Please describe any **'no'** responses for questions 2-5 above:

If any unit is leased or borrowed, explain the arrangement and provide the contract:

Describe the body of water rental units are used or navigated in:

PUBLIC LAKE, COLORADO RIVER

Additional insured(s):

*Please provide name, address, and relationship.*

1. CITY OF BULLHEAD CITY 2355 TRANE RD BULLHEAD CITY AZ 86442

2.

3.

Lienholder(s)/Loss payee(s):

*Please provide bank name and address.*

1.

2.

3.

## Section 7. Coverage

**Please select your desired primary and additional coverages below.**

**Named windstorm deductible:** In areas where a wind deductible applies, the hull value must be greater than the wind deductible. The windstorm deductible will be two times the stated deductible, or 5% of the unit value, whichever is greater.

**Primary coverages**

*Minimum written premium is $750*

| Coverage | Limit |
|---|---|
| **Unit deductible** | ☐ $1,000<br>☐ $1,500<br>☐ $2,000<br>☐ $2,500<br>☐ Other ____________ |
| **Settlement** | Actual cash value (ACV) settlement |
| **Watercraft liability** | ☐ $25,000<br>☐ $50,000<br>☐ $100,000<br>☐ $300,000<br>☐ $500,000<br>☐ $1,000,000 |
| **Watersport liability**<br>*Offsite and vacation rental are limited to $25,000* | ☐ $25,000<br>☐ $50,000<br>☐ $100,000<br>☐ $300,000<br>☐ $500,000<br>☐ $1,000,000 |
| **Pollution** | ☐ $25,000<br>☐ $300,000<br>☐ $939,400 |
| **Premise liability or slip and mooring liability**<br>*Addendum application and photos required* | ☐ Yes ☐ No<br>Coverage limit matches liability limit |
| **Permitted pleasure use for owner(s)** | ☐ Yes ☐ No<br>Coverage limit matches liability limit |
| **Permitted rental captain** | ☐ Yes ☐ No<br>Coverage limit matches liability limit |

## For **RENTAL** risks

**By signing this application, you warrant:**

- Any rental contract which has been submitted to and approved by us, shall be executed between you and any person or organization who uses, rents, hires, or leases the insured unit with or without any exchange of consideration of payment for use of the insured unit.
- Copies of rental contracts will be held by you for a period of no less than seven years after the contract was terminated.
- All persons renting the insured unit must be at least 18 years of age and possess a current valid driver's license.
- All permitted operators must meet all required qualifications to operate the insured unit legally.
- An insured shall not fuel an insured unit with any person aboard.
- Prior to any rental, all operators will be provided:
    - Instruction covering the operational characteristics of the insured unit;
    - Instruction covering boat regulations unique to the area of operation, including but not limited to: speed, distance to maintain from other watercraft or swimmers, no wake zones, channel routes, etc.
    - Instruction covering any unique characteristics of the body of water, including but not limited to: tidal flow, depth of water, currents, etc.
    - Appropriate personal floatation devices for each person aboard, as required by the Coast Guard or other legal entity with controlling authority, and
    - Appropriate safety equipment, as required by the Coast Guard or other legal entity with controlling authority.
- You will use and implement the safety stickers provided to you.

## Notice

This policy may use seasonal rating, where more premium will be charged for the months that make up the boating season, peaking during the summer, and less premium will be charged for the months during the offseason. If this policy uses seasonal rating and is cancelled for any reason, including for nonpayment of premium, any return premium will be based on the length of time the policy was in force, and reflect the variance in premium associated with the months the policy was in force.

## For **ALL** risks

**By signing this application, you warrant:**

- The insured unit is currently seaworthy and that it shall be maintained in a seaworthy condition during the entire policy period
- The insured unit is to be used only for the declared usage, as stated on the declarations page
- You possess all required federal, state, and local permits and licenses for the declared usage
- The maximum number of passengers aboard the unit shall not exceed the lesser of:
  - The limit for passengers or weight by the manufacturer;
  - The limit for passengers or weight by the Coast Guard, or other legal entity with controlling authority; or
  - The limit for passengers as shown on the declarations page.
- No captain or crew is under the influence of alcohol in excess of the legal amount, or under the influence of marijuana in any amount
- The insured unit will not be transported overland, outside of the continental United States
- While being towed overland on a trailer, the combined weight of the insured unit trailer and any equipment may not exceed the towing capacity, as provided by the manufacturer of the towing vehicle
- If the insured unit is being transported by contract of common carrier, the contract or common carrier must be licensed and must provide a certificate of insurance covering the insured unit

## Applicant statement and signature

This notice is given in compliance with the Federal Fair Credit Reporting Act (Public Law 91-508) and the Consumer Credit Reform Act of 1996. I understand that as part of the Company's underwriting procedure, a routine inquiry may be made which will provide applicable information concerning character, general reputation, personal characteristics, mode of living, and driving record. Upon written request, additional information as to the scope of the report, if one is made, will be provided.

To offer an accurate quote in connection with this application for insurance, we will review the business designee's credit report or obtain or use a credit-based insurance score based on the information contained in that credit report. We may use a third party in connection with the development of the business designee's insurance score. Future reports may be used to update or renew insurance.

**Fraud warning: It is a crime to knowingly provide false, incomplete, or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines, and denial of insurance benefits. Your state may have specific warnings against filing false claim information.**

| | |
|---|---|
| **NY** | Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any mutually false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation. |
| **OR** | Providing false, incomplete or misleading information to an insurance company for the purpose of defrauding the company may be considered insurance fraud which can be subject to prosecution. In addition, insurance provided by this policy shall be null and void if you, at any time, including renewal(s), either intentionally conceal or misrepresent any fact, regardless of materiality, or if you misrepresent or conceal any material fact regardless of intent. Any and all charges in any fact(s) or circumstance(s) material to our acceptance of this risk arising during the term of this policy and/or any renewal(s) must be disclosed to us as soon as possible, and any failure to make such disclosure during the term of the policy shall also render this policy null and void. |
| **PA** | Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of a claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties. |

| | |
|---|---|
| **Applicant signature:** | **Date:** |
| **Producer signature:** | **Date:** |

**Photos of pontoon rental units are required, showing the condition of the unit and that all gates are fully paneled.**

## Rental unit schedule

### Unit 1

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ☒ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2013 | Length: 10'6" | Model: | Serial/Hull ID: YAMA35911213 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |

| | |
|---|---|
| Trailer make: | Trailer serial: |

Liability only coverage: ☒ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

| | |
|---|---|
| Unit market value: | Trailer market value: |

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If **'yes'**, please explain:

### Unit 2

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ☒ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2013 | Length: 10'6" | Model: | Serial/Hull ID: YAMA35921213 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |

| | |
|---|---|
| Trailer make: | Trailer serial: |

Liability only coverage: ☒ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

| | |
|---|---|
| Unit market value: | Trailer market value: |

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If **'yes'**, please explain:

MTD_Rental_318

## Rental unit schedule (continued)

**Photos of pontoon rental units are required, showing the condition of the boat and that all gates are fully paneled.**

### Unit 3

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ■ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2013 | Length: 10'6" | Model: | Serial/Hull ID: YAMA35271213 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

Unit market value: Trailer market value:

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If '**yes**', please explain:

### Unit 4

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ■ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2013 | Length: 10'7" | Model: | Serial/Hull ID: YAMA1909F313 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

Unit market value: Trailer market value:

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If '**yes**', please explain:

## Rental unit schedule (continued)

**Photos of pontoon rental units are required, showing the condition of the boat and that all gates are fully paneled.**

**Unit** 5

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ■ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2013 | Length: 10'6" | Model: | Serial/Hull ID: YAMA35521213 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |

Trailer make: | Trailer serial:

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

Unit market value: | Trailer market value:

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If **'yes'**, please explain:

**Unit** 6

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ■ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2013 | Length: 10'7" | Model: | Serial/Hull ID: YAMA1915F313 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |

Trailer make: | Trailer serial:

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

Unit market value: | Trailer market value:

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If **'yes'**, please explain:

## Rental unit schedule (continued)

**Photos of pontoon rental units are required, showing the condition of the boat and that all gates are fully paneled.**

**Unit** 7

Select type:

**Sail:**
☐ Mono Hull
☐ Multi Hull

**Fishing:**
☐ Bass
☐ Center Console

**Manual:**
☐ Kayak/Canoe
☐ Row/Jon
☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
☐ Cruiser
☐ Jet boat
☐ Houseboat
■ PWC
☐ Runabout
☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2013 | Length: 10'6" | Model: | Serial/Hull ID: YAMA35881213 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

| | |
|---|---|
| Unit market value: | Trailer market value: |
| Lienholder number: | |

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If '**yes**', please explain:

**Unit** 8

Select type:

**Sail:**
☐ Mono Hull
☐ Multi Hull

**Fishing:**
☐ Bass
☐ Center Console

**Manual:**
☐ Kayak/Canoe
☐ Row/Jon
☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
☐ Cruiser
☐ Jet boat
☐ Houseboat
■ PWC
☐ Runabout
☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2013 | Length: 10'6" | Model: | Serial/Hull ID: YAMA35821213 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

| | |
|---|---|
| Unit market value: | Trailer market value: |
| Lienholder number: | |

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If '**yes**', please explain:

## Rental unit schedule (continued)

**Photos of pontoon rental units are required, showing the condition of the boat and that all gates are fully paneled.**

### Unit 9

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ☒ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2013 | Length: 10'6" | Model: | Serial/Hull ID: YAMA35601213 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ☒ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

| | |
|---|---|
| Unit market value: | Trailer market value: |

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If **'yes'**, please explain:

### Unit 10

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ☒ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2013 | Length: 10'6" | Model: | Serial/Hull ID: YAMA35871213 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ☒ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

| | |
|---|---|
| Unit market value: | Trailer market value: |

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If **'yes'**, please explain:

## Rental unit schedule (continued)

**Photos of pontoon rental units are required, showing the condition of the boat and that all gates are fully paneled.**

**Unit** 11

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ■ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2007 | Length: 10'6" | Model: | Serial/Hull ID: YAMA1920K607 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

| | |
|---|---|
| Unit market value: | Trailer market value: |

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If **'yes'**, please explain:

**Unit** 12

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ■ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2013 | Length: 11' | Model: | Serial/Hull ID: YAMA1936D707 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

| | |
|---|---|
| Unit market value: | Trailer market value: |

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If **'yes'**, please explain:

## Rental unit schedule (continued)

**Photos of pontoon rental units are required, showing the condition of the boat and that all gates are fully paneled.**

**Unit** 13

Select type:

**Sail:**
☐ Mono Hull
☐ Multi Hull

**Fishing:**
☐ Bass
☐ Center Console

**Manual:**
☐ Kayak/Canoe
☐ Row/Jon
☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
☐ Cruiser
☐ Jet boat
☐ Houseboat
■ PWC
☐ Runabout
☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: | Length: | Model: | Serial/Hull ID: YAMA2654L708 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |

Trailer make: | Trailer serial:

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

Unit market value: | Trailer market value:

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If **'yes'**, please explain:

**Unit** 14

Select type:

**Sail:**
☐ Mono Hull
☐ Multi Hull

**Fishing:**
☐ Bass
☐ Center Console

**Manual:**
☐ Kayak/Canoe
☐ Row/Jon
☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
☐ Cruiser
☐ Jet boat
☐ Houseboat
■ PWC
☐ Runabout
☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: | Length: | Model: | Serial/Hull ID: YAMA4239L708 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |

Trailer make: | Trailer serial:

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

Unit market value: | Trailer market value:

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If **'yes'**, please explain:

## Rental unit schedule (continued)

**Photos of pontoon rental units are required, showing the condition of the boat and that all gates are fully paneled.**

**Unit** 15

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ■ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2005 | Length: 10'6" | Model: | Serial/Hull ID: YAMA1208B505 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

| | |
|---|---|
| Unit market value: | Trailer market value: |

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If **'yes'**, please explain:

**Unit** 16

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ■ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2006 | Length: 10'7" | Model: | Serial/Hull ID: YAMA3676D606 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

| | |
|---|---|
| Unit market value: | Trailer market value: |

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If **'yes'**, please explain:

## Rental unit schedule (continued)

**Photos of pontoon rental units are required, showing the condition of the boat and that all gates are fully paneled.**

### Unit 17

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ■ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2005 | Length: 10'6" | Model: | Serial/Hull ID: YAMA4280C505 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |

Trailer make: | Trailer serial:

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

Unit market value: | Trailer market value:

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If **'yes'**, please explain:

### Unit 18

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ■ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2005 | Length: 12' | Model: | Serial/Hull ID: YAMA1163D505 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |

Trailer make: | Trailer serial:

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

Unit market value: | Trailer market value:

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If **'yes'**, please explain:

## Rental unit schedule (continued)

**Photos of pontoon rental units are required, showing the condition of the boat and that all gates are fully paneled.**

### Unit 19

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ■ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2005 | Length: 10'5" | Model: | Serial/Hull ID: YAMA1130C505 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

| | |
|---|---|
| Unit market value: | Trailer market value: |

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If **'yes'**, please explain:

### Unit 20

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ■ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2010 | Length: 10'8" | Model: | Serial/Hull ID: YAMA1215E010 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

| | |
|---|---|
| Unit market value: | Trailer market value: |

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If **'yes'**, please explain:

## Rental unit schedule (continued)

**Photos of pontoon rental units are required, showing the condition of the boat and that all gates are fully paneled.**

**Unit** 21

Select type:

**Sail:**
☐ Mono Hull
☐ Multi Hull

**Fishing:**
☐ Bass
☐ Center Console

**Manual:**
☐ Kayak/Canoe
☐ Row/Jon
☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
☐ Cruiser
☐ Jet boat
☐ Houseboat
■ PWC
☐ Runabout
☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: | Length: | Model: | Serial/Hull ID: YAMA2228F808 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

| | |
|---|---|
| Unit market value: | Trailer market value: |

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If '**yes**', please explain:

**Unit** 22

Select type:

**Sail:**
☐ Mono Hull
☐ Multi Hull

**Fishing:**
☐ Bass
☐ Center Console

**Manual:**
☐ Kayak/Canoe
☐ Row/Jon
☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
☐ Cruiser
☐ Jet boat
☐ Houseboat
■ PWC
☐ Runabout
☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: | Length: | Model: | Serial/Hull ID: YAMA2903F606 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

| | |
|---|---|
| Unit market value: | Trailer market value: |

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If '**yes**', please explain:

## Rental unit schedule (continued)

**Photos of pontoon rental units are required, showing the condition of the boat and that all gates are fully paneled.**

### Unit 23

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ■ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: | Length: | Model: | Serial/Hull ID: YAMA1233F606 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

Unit market value:
Trailer market value:

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If **'yes'**, please explain:

### Unit 24

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ■ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: | Length: | Model: | Serial/Hull ID: YAMA3952B111 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

Unit market value:
Trailer market value:

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If **'yes'**, please explain:

## Rental unit schedule (continued)

**Photos of pontoon rental units are required, showing the condition of the boat and that all gates are fully paneled.**

### Unit 25

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ■ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2010 | Length: 10'8" | Model: | Serial/Hull ID: YAMA1215D010 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

| | |
|---|---|
| Unit market value: | Trailer market value: |

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If '**yes**', please explain:

### Unit 26

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ■ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2007 | Length: 10'7" | Model: | Serial/Hull ID: YAMA1142D707 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

| | |
|---|---|
| Unit market value: | Trailer market value: |

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If '**yes**', please explain:

## Rental unit schedule (continued)

**Photos of pontoon rental units are required, showing the condition of the boat and that all gates are fully paneled.**

**Unit** 27

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ■ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2005 | Length: 10'6" | Model: | Serial/Hull ID: YAMA2596A505 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |

Trailer make: | Trailer serial:

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

Unit market value: | Trailer market value:

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If **'yes'**, please explain:

**Unit** 28

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ■ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2005 | Length: 10'7" | Model: | Serial/Hull ID: YAMA3616K506 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |

Trailer make: | Trailer serial:

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

Unit market value: | Trailer market value:

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If **'yes'**, please explain:

MTD_Rental_318

## Rental unit schedule (continued)

**Photos of pontoon rental units are required, showing the condition of the boat and that all gates are fully paneled.**

**Unit** 29

Select type:

**Sail:**
☐ Mono Hull
☐ Multi Hull

**Fishing:**
☐ Bass
☐ Center Console

**Manual:**
☐ Kayak/Canoe
☐ Row/Jon
☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
☐ Cruiser
☐ Jet boat
☐ Houseboat
■ PWC
☐ Runabout
☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2008 | Length: 10'7" | Model: | Serial/Hull ID: YAMA2377E808 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

| | |
|---|---|
| Unit market value: | Trailer market value: |

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If '**yes**', please explain:

**Unit** 30

Select type:

**Sail:**
☐ Mono Hull
☐ Multi Hull

**Fishing:**
☐ Bass
☐ Center Console

**Manual:**
☐ Kayak/Canoe
☐ Row/Jon
☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
☐ Cruiser
☐ Jet boat
☐ Houseboat
■ PWC
☐ Runabout
☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2005 | Length: 10'7" | Model: | Serial/Hull ID: YAMA3340E505 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

| | |
|---|---|
| Unit market value: | Trailer market value: |

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If '**yes**', please explain:

## Rental unit schedule (continued)

**Photos of pontoon rental units are required, showing the condition of the boat and that all gates are fully paneled.**

### Unit 31

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ■ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2010 | Length: 10'8" | Model: | Serial/Hull ID: YAMA1212E010 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |

Trailer make: | Trailer serial:

Liability only coverage: ■ Yes ☐ No

*If selecting liability only coverage, market value information below is not needed.*

Unit market value: | Trailer market value:

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No

If **'yes'**, please explain:

### Unit 32

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ■ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2007 | Length: 10'1" | Model: | Serial/Hull ID: YAMA2734C707 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |

Trailer make: | Trailer serial:

Liability only coverage: ■ Yes ☐ No

*If selecting liability only coverage, market value information below is not needed.*

Unit market value: | Trailer market value:

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No

If **'yes'**, please explain:

## Rental unit schedule (continued)

**Photos of pontoon rental units are required, showing the condition of the boat and that all gates are fully paneled.**

**Unit** 33

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ■ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2005 | Length: 10'5" | Model: | Serial/Hull ID: YAMA1146C505 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

| | |
|---|---|
| Unit market value: | Trailer market value: |

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If **'yes'**, please explain:

**Unit** 34

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ■ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: BOMBARDIER | Year: 2006 | Length: 10'1" | Model: | Serial/Hull ID: YDV36347B606 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

| | |
|---|---|
| Unit market value: | Trailer market value: |

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If **'yes'**, please explain:

MTD_Rental_318

## Rental unit schedule (continued)

**Photos of pontoon rental units are required, showing the condition of the boat and that all gates are fully paneled.**

**Unit** 35

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ■ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2007 | Length: 10'7" | Model: | Serial/Hull ID: YAMA1600F707 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

| | |
|---|---|
| Unit market value: | Trailer market value: |

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If '**yes**', please explain:

**Unit** 36

Select type:

**Sail:**
- ☐ Mono Hull
- ☐ Multi Hull

**Fishing:**
- ☐ Bass
- ☐ Center Console

**Manual:**
- ☐ Kayak/Canoe
- ☐ Row/Jon
- ☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
- ☐ Cruiser
- ☐ Jet boat
- ☐ Houseboat
- ■ PWC
- ☐ Runabout
- ☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2010 | Length: 10'8" | Model: | Serial/Hull ID: YAMA1238D010 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

| | |
|---|---|
| Unit market value: | Trailer market value: |

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If '**yes**', please explain:

## Rental unit schedule (continued)

**Photos of pontoon rental units are required, showing the condition of the boat and that all gates are fully paneled.**

### Unit 37

Select type:

**Sail:**
☐ Mono Hull
☐ Multi Hull

**Fishing:**
☐ Bass
☐ Center Console

**Manual:**
☐ Kayak/Canoe
☐ Row/Jon
☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
☐ Cruiser
☐ Jet boat
☐ Houseboat
■ PWC
☐ Runabout
☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2005 | Length: 10'6" | Model: | Serial/Hull ID: YAMA1223F505 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

Unit market value: | Trailer market value:

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If '**yes**', please explain:

### Unit 38

Select type:

**Sail:**
☐ Mono Hull
☐ Multi Hull

**Fishing:**
☐ Bass
☐ Center Console

**Manual:**
☐ Kayak/Canoe
☐ Row/Jon
☐ Paddleboard, Peddleboat, or Waterbike

**Power:**
☐ Cruiser
☐ Jet boat
☐ Houseboat
■ PWC
☐ Runabout
☐ Ski boat

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2016 | Length: 11'3" | Model: | Serial/Hull ID: YAMA3526D616 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |
| Trailer make: | | | Trailer serial: | |

Liability only coverage: ■ Yes ☐ No
*If selecting liability only coverage, market value information below is not needed.*

Unit market value: | Trailer market value:

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No
If '**yes**', please explain:

## Rental unit schedule (continued)

**Photos of pontoon rental units are required, showing the condition of the boat and that all gates are fully paneled.**

### Unit 39

Select type:

| Sail: | Fishing: | Manual: | Power: |
|---|---|---|---|
| ☐ Mono Hull | ☐ Bass | ☐ Kayak/Canoe | ☐ Cruiser |
| ☐ Multi Hull | ☐ Center Console | ☐ Row/Jon | ☐ Jet boat |
| | | ☐ Paddleboard, Peddleboat, or Waterbike | ☐ Houseboat |
| | | | ■ PWC |
| | | | ☐ Runabout |
| | | | ☐ Ski boat |

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2016 | Length: 11'3" | Model: | Serial/Hull ID: YAMA3559D616 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |

Trailer make: | Trailer serial:

Liability only coverage: ■ Yes ☐ No

*If selecting liability only coverage, market value information below is not needed.*

Unit market value: | Trailer market value:

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No

If **'yes'**, please explain:

### Unit 40

Select type:

| Sail: | Fishing: | Manual: | Power: |
|---|---|---|---|
| ☐ Mono Hull | ☐ Bass | ☐ Kayak/Canoe | ☐ Cruiser |
| ☐ Multi Hull | ☐ Center Console | ☐ Row/Jon | ☐ Jet boat |
| | | ☐ Paddleboard, Peddleboat, or Waterbike | ☐ Houseboat |
| | | | ■ PWC |
| | | | ☐ Runabout |
| | | | ☐ Ski boat |

| | | | | |
|---|---|---|---|---|
| Unit make: YAMAHA | Year: 2016 | Length: 11'3" | Model: | Serial/Hull ID: YAMA3513D616 |
| Engine make: IN | Year: | Horsepower: | | Engine serial: |

Trailer make: | Trailer serial:

Liability only coverage: ■ Yes ☐ No

*If selecting liability only coverage, market value information below is not needed.*

Unit market value: | Trailer market value:

Lienholder number:

Is unit ever kept on a mooring ball? ☐ Yes ☐ No

If **'yes'**, please explain:

Exhibit 13:
Admiral_002154

**From:** "Mezyk, Monika" [mmezyk@admiralins.com]

Hi Stacie,

I just left you a voicemail. Reaching out regarding this claim and your question on Jet Skis needing to be listed with us in order be covered under our policy. Yes, for the 2020-2021 term there is a form on the policy, attached, that requires Jet Skis to be listed in order to be covered. Attached is a schedule we received at time of renewal. I did notice this form was mistakenly removed for the 2021-22 term but am processing an endorsement adding it back to the policy.

Please let me know if you have any questions.

Thanks!
Monika

*****IF TRYING TO REACH ME VIA PHONE, PLEASE CALL MY CELLPHONE: 815-603-1787*****

Exhibit 14:
Admiral_000518-000526

**From:** McGregor, Davis <davis.mcgregor@rtspecialty.com>
**Sent:** Wednesday, May 6, 2020 5:05 PM
**To:** Distel, Keith
**Subject:** RE: BOR - Kabul, Inc - CA000030482-02 [EXTERNAL]
**Attachments:** RUSH Kabul Inc - CA000030482-02] [SYS*REF#2522480]

** CAUTION: External message

Hey Keith, I've attached a note from another Admiral office confirming that this account has been released to RT. The reason for the BOR is that the incumbent Wholesaler RPS ended their appointment with the controlling Retailer.

Can you please confirm we are OK to work this with your office?

Thanks,

**Davis McGregor**
RT Specialty-Casualty Division
Office: 312.366.3162
Cell: 313.815.3378
Davis.McGregor@rtspecialty.com
500 W Monroe, 30th Floor
Chicago, IL 60661

**From:** Distel, Keith [mailto:KDistel@admiralins.com]
**Sent:** Tuesday, April 28, 2020 11:48 AM
**To:** McGregor, Davis <davis.mcgregor@rtspecialty.com>
**Subject:** RE: BOR - Kabul, Inc - CA000030482-02 [EXTERNAL]

Hey Davis,

Yes, we'll still need a valid BOR naming you guys on the insured's letterhead. Let me know when you obtain and we'll get it processed. Thanks!

Keith

*****IF TRYING TO REACH ME VIA PHONE, PLEASE CALL MY CELLPHONE: 860-604-6710*****

Admiral INSURANCE GROUP | a Berkley Company

**Keith Distel, MBA**
Team Leader, Underwriting
**Office:** 312-980-1229 | **Mobile:** 860-604-6710
550 W Jackson Boulevard, Suite 500, Chicago, IL 60661
**www.admiralins.com**

**From:** McGregor, Davis <davis.mcgregor@rtspecialty.com>
**Sent:** Monday, April 27, 2020 1:35 PM

**To:** Distel, Keith <KDistel@admiralins.com>
**Subject:** RE: BOR - Kabul, Inc - CA000030482-02 [EXTERNAL]

** CAUTION: External message

Hey Keith, hope you had a nice weekend. I wanted to circle back here as we did finally receive the submission for this 4/25 account. Since this has technically lapsed, will you need a BOR to re-quote with RT as the Broker?

Please let me know and I can send the submission over right away.

Thanks!

**Davis McGregor**
RT Specialty-Casualty Division
Office: 312.366.3162
Cell: 313.815.3378
Davis.McGregor@rtspecialty.com
500 W Monroe, 30th Floor
Chicago, IL 60661

---

**From:** Wardius, Bill
**Sent:** Tuesday, February 18, 2020 8:26 AM
**To:** Distel, Keith <KDistel@admiralins.com>; Buehler, Mike <MBuehler@admiralins.com>
**Cc:** McGregor, Davis <davis.mcgregor@rtspecialty.com>
**Subject:** RE: BOR - Kabul, Inc - CA000030482-02 [EXTERNAL]

Awesome – thanks for the quick look! Will relay to client and forward BOR asap.

Could you please send whatever application is needed for renewal so we can request that as well?

Bill Wardius
SVP - Casualty
RT Specialty
Direct: (312) 379-8195
Mobile: (312) 806-3774

---

**From:** Distel, Keith [mailto:KDistel@admiralins.com]
**Sent:** Tuesday, February 18, 2020 8:25 AM
**To:** Wardius, Bill <bwardius@rtspecialty.com>; Buehler, Mike <MBuehler@admiralins.com>
**Cc:** McGregor, Davis <davis.mcgregor@rtspecialty.com>
**Subject:** RE: BOR - Kabul, Inc - CA000030482-02 [EXTERNAL]

Hey Bill,

Since we're within 90-days of the renewal eff date, I can get this processed once the BOR comes in.

Thanks!

Keith

Admiral INSURANCE GROUP a Berkley Company
**Keith Distel, MBA**
Team Leader, Underwriting
**Office:** 312-980-1229 | **Mobile:** 860-604-6710
550 W Jackson Boulevard, Suite 500, Chicago, IL 60661
www.admiralins.com

---

**From:** Wardius, Bill <bwardius@rtspecialty.com>
**Sent:** Tuesday, February 18, 2020 8:20 AM
**To:** Buehler, Mike <MBuehler@admiralins.com>; Distel, Keith <KDistel@admiralins.com>
**Cc:** McGregor, Davis <davis.mcgregor@rtspecialty.com>
**Subject:** BOR - Kabul, Inc - CA000030482-02 [EXTERNAL]

** CAUTION: External message

Morning guys! Hope you had a great weekend.

One of our retailers is looking to BOR the attached policy. I just wanted to be sure we were good to go once the BOR comes in? Let me know if there's any issues (looked like a standard Admiral brokerage policy to me).

Thanks!

Bill Wardius
*Senior Vice President*
*Casualty Division*
**RT Specialty**
500 W. Monroe St, 30th Floor
Chicago, IL 60661
Direct: (312) 379-8195
Mobile: (312) 806-3774
bwardius@rtspecialty.com

CONFIDENTIALITY NOTICE: This e-mail and the transmitted documents contain private, privileged and confidential information belonging to the sender. The information therein is solely for the use of the addressee. If your receipt of this transmission has occurred as the result of an error, please immediately notify us so we can arrange for the return of the documents. In such circumstances, you are advised that you may not disclose, copy, distribute or take any other action in reliance on the information transmitted.
CONFIDENTIALITY NOTICE: This e-mail and the transmitted documents contain private, privileged and confidential information belonging to the sender. The information therein is solely for the use of the addressee. If your receipt of this transmission has occurred as the result of an error, please immediately notify us so we can arrange for the return of the documents. In such circumstances, you are advised that you may not disclose, copy, distribute or take any other action in reliance on the information transmitted.

**From:** Lois Charron <CHARROL@nationwide.com>
**Sent:** Wednesday, May 6, 2020 2:14 PM
**To:** McGregor, Davis
**Subject:** RUSH Kabul Inc - CA000030482-02] [SYS*REF#2522480]

Date: 05/06/2020

HI

Please see email from Admiral below that renewal has been released and instructions on how to obtain a renewal quote for us. Can we get this as soon as possible as the insured has been advised by the state that they can reopen this Friday after being closed due to covid.

Thanks,

Lois Charron
Sr. Analyst, Brokerage Placement
Nationwide Brokerage Solutions
1100 Locust St, Department 2002
Des Moines, IA 50391
Phone 515-508-3188
Fax 855-561-3761

---

**From:** "Nicholas, Jalene" <Jnicholas@admiralins.com>
**Sent:** 05/06/2020 03:01 PM
**To:** Charron, Lois <lois.charron@nationwide.com>
Cc: Allison, Ven <vallison@admiralins.com>
**Subject:**

**Nationwide Information Security Warning:** This is an external email. Do not click on links or open attachments unless you trust the sender.

Hi Lois,
Coverage has lapsed on this account with expiration date of 4/25/2020. Please send in your submission through RT Specialty to the attention of Ven Allison who has been the underwriter on the account.
(Since coverage is expired there is no need for a BORâ€¦.And RPS had already advised us they lost relationship and released account per my documentation in file dated 10/10/2019.)
Regards,
Jalene

***IF TRYING TO REACH ME VIA PHONE, PLEASE CALL MY CELL PHONE: 360-981-5904.***

**Lois Charron**
Sr. Analyst Brokerage Placement
Proud Nationwide Member
Nationwide Brokerage Solutions
W 515-508-3188
F 855-561-3761
Lois.Charron@Nationwide.com

*In California, NBS Insurance Agency, Inc. does business as Triple I Insurance Agency of Ohio*

---

**From:** Jennifer Hull <Jennifer_Hull@rpsins.com>
**Sent:** Tuesday, May 05, 2020 3:21 PM
**To:** Charron, Lois <lois.charron@nationwide.com>
**Cc:** Pam Zakarian <Pam_Zakarian@rpsins.com>
**Subject:** [EXTERNAL] FW: RUSH Kabul Inc - CA000030482-02] [SYS*REF#2522480]

**Nationwide Information Security Warning:** This is an external email. Do not click on links or open attachments unless you trust the sender.

Hi Lois! The 04/25 GL policy is actually CA000030482-02 with Admiral (RPS # 2522480)

When we advised Admiral that the agreement between RPS and your agency was terminated, they did not want to send non renewal notice as it is possible for you to place coverage with another wholesaler. Notice was not sent and we gave Admiral written permission to release the account to you if they received a BOR.

Should you need anything further â€" the contact at Admiral is Jalene Nicholas 206-802-3045 jnicholas@admiralins.com

**Jennifer Hull**
**Underwriter | Eagle_ID_4**

Direct: (208) 246-8816
Risk Placement Services | RPS-Scottsdale
Jennifer_Hull@rpsins.com | RPSins.com | CA License # 0C66724

---

**From:** Alisha Goodwin
**Sent:** Tuesday, May 5, 2020 1:13 PM
**To:** Jennifer Hull <Jennifer_Hull@rpsins.com>
**Subject:** FW: RUSH Kabul INC - MTD00000483070 [SYS*REF#2753223]

Hi Jennifer,

Please see the below email from the agent. I aslo sent SC to task to you.

**Alisha Goodwin**
**Underwriting Assistant | Scottsdale_AZ_16**

Direct: (480) 758-6486
Risk Placement Services | RPS-Scottsdale
Alisha_Goodwin@rpsins.com | RPSins.com | CA License # OC66724

---

**From:** Samantha Babin **On Behalf Of** RPS_Cancellations
**Sent:** Tuesday, May 5, 2020 9:41 AM
**To:** Alisha Goodwin <Alisha_Goodwin@rpsins.com>
**Cc:** 'CHARROL@nationwide.com' <CHARROL@nationwide.com>
**Subject:** FW: RUSH Kabul INC - MTD00000483070 [SYS*REF#2753223]

Hi Alisha,

Please see below and respond accordingly.

Thank you,

**Samantha Babin**
**Processing Coach - GSC | Las Vegas**

Direct: +1 702 854 2451 | Fax: 702 680 2932
Home Office Division | Corp US Service Center
Samantha_Babin@rpsins.com | RPSins.com | CA License # OC66724

---

**From:** Lois Charron [mailto:CHARROL@nationwide.com]
**Sent:** Tuesday, May 5, 2020 6:57 AM

**To:** RPS_Cancellations <RPS_Cancellations@rpsins.com>
**Subject:** RUSH Kabul INC - MTD00000483070 [SYS*REF#2753223]

**[EXTERNAL]**

Date: 05/05/2020

CA000030482-02 non renewal from RPS is still needed for this 4/25 policy please submit asap.

Thanks,

Lois Charron
Sr. Analyst, Brokerage Placement
Nationwide Brokerage Solutions
1100 Locust St, Department 2002
Des Moines, IA 50391
Phone 515-508-3188
Fax 855-561-3761

---

**From:** "Lois Charron" <CHARROL@nationwide.com>
**Sent:** 05/03/2020 08:16 AM
**To:** RPS_Cancellations <RPS_Cancellations@rpsins.com>
**Subject:**

Date: 05/03/2020

We received the non renewal for the 5/17 policy but not the 4/25, since RPS is no longer writing business for NBS please provide the non renewal for 4/25 policy so that it can be released.

Thank you,

Lois Charron
Sr. Analyst, Brokerage Placement
Nationwide Brokerage Solutions
1100 Locust St, Department 2002
Des Moines, IA 50391
Phone 515-508-3188
Fax 855-561-3761

---

**From:** "RPS_Cancellations" <RPS_Cancellations@rpsins.com>
**Sent:** 04/23/2020 12:12 PM
**To:**
Cc: Pam Zakarian <Pam_Zakarian@rpsins.com>
**Subject:**

**Nationwide Information Security Warning:** This is an external email. Do not click on links or open attachments unless you trust the sender.

---

Please see the attached non-renewal. If you have any questions, please contact your RPS representative.

Thank You,

CONFIDENTIALITY NOTICE: This e-mail and the transmitted documents contain private, privileged and confidential information belonging to the sender. The information therein is solely for the use of the addressee. If your receipt of this transmission has occurred as the result of an error, please immediately notify us so we can arrange for the return of the documents. In such circumstances, you are advised that you may not disclose, copy, distribute or take any other action in reliance on the information transmitted.

Exhibit 15:
Admiral_000541-000558

**From:** Distel, Keith
**Sent:** Monday, May 11, 2020 2:50 PM
**To:** Nordin, Roseann
**Subject:** FW: BOR - Kabul, Inc - CA000030482-02 [EXTERNAL]
**Attachments:** Kabul Application.pdf

Hi Roseann,

Can you please clear this as new business? The above noted policy expired on 4/25/2020 so RT is clear to work on this based on the gap in coverage and this being technically a new business submission.

Thanks so much and let me know if you need anything else!

Keith

*****IF TRYING TO REACH ME VIA PHONE, PLEASE CALL MY CELLPHONE: 860-604-6710*****

Admiral INSURANCE GROUP a Berkley Company

**Keith Distel, MBA**
Team Leader, Underwriting
**Office:** +1-312-980-1229 | **Mobile:** 860-604-6710
550 W Jackson Boulevard, Suite 500, Chicago, IL 60661
www.admiralins.com

**From:** McGregor, Davis <davis.mcgregor@rtspecialty.com>
**Sent:** Monday, May 11, 2020 3:29 PM
**To:** Distel, Keith <KDistel@admiralins.com>
**Subject:** RE: BOR - Kabul, Inc - CA000030482-02 [EXTERNAL]

** CAUTION: External message

Thanks Keith. The BOR is from the President of Kabul and the renewal Acords & Watercraft app are attached here. Please let me know once we are confirmed as the Broker and if you need anything else to quote.

Thanks!

**Davis McGregor**
RT Specialty-Casualty Division
Office: 312.366.3162
Cell: 313.815.3378
Davis.McGregor@rtspecialty.com
500 W Monroe, 30th Floor
Chicago, IL 60661

**From:** Distel, Keith [mailto:KDistel@admiralins.com]
**Sent:** Monday, May 11, 2020 3:22 PM

**To:** McGregor, Davis <davis.mcgregor@rtspecialty.com>
**Subject:** RE: BOR - Kabul, Inc - CA000030482-02 [EXTERNAL]

Hey Davis,

Can you confirm the BOR you sent is signed by the insured?

If so, please provide full submission docs so we can get this one cleared. Thanks!

Keith

*****IF TRYING TO REACH ME VIA PHONE, PLEASE CALL MY CELLPHONE: 860-604-6710*****

Admiral INSURANCE GROUP a Berkley Company

**Keith Distel, MBA**
Team Leader, Underwriting
**Office:** +1-312-980-1229 | **Mobile:** 860-604-6710
550 W Jackson Boulevard, Suite 500, Chicago, IL 60661
**www.admiralins.com**

---

**From:** McGregor, Davis <davis.mcgregor@rtspecialty.com>
**Sent:** Monday, May 11, 2020 12:58 PM
**To:** Distel, Keith <KDistel@admiralins.com>
**Subject:** RE: BOR - Kabul, Inc - CA000030482-02 [EXTERNAL]

** CAUTION: External message

Hey Keith, hope you had a nice weekend. Attached is the BOR letter naming RT Specialty as the Broker for this account. Our Client reached out to the prior RPS Broker and asked they re-send a "release" email so hopefully we can get this approved today.

Please let me know if you need anything else to process the BOR.

Thanks!

**Davis McGregor**
RT Specialty-Casualty Division
Office: 312.366.3162
Cell: 313.815.3378
Davis.McGregor@rtspecialty.com
500 W Monroe, 30th Floor
Chicago, IL 60661

---

**From:** Distel, Keith [mailto:KDistel@admiralins.com]
**Sent:** Friday, May 8, 2020 9:37 AM
**To:** McGregor, Davis <davis.mcgregor@rtspecialty.com>
**Subject:** RE: BOR - Kabul, Inc - CA000030482-02 [EXTERNAL]

If they ask, so be it. We need to have proof the insured is aware of these changes via a BOR naming all the new parties involved, signed by them and on their letterhead.

Once you get that along with the submission docs I'll have this one rush cleared. Thanks!

Keith

*****IF TRYING TO REACH ME VIA PHONE, PLEASE CALL MY CELLPHONE: 860-604-6710*****

Admiral INSURANCE GROUP | a Berkley Company

**Keith Distel, MBA**
Team Leader, Underwriting
**Office:** +1-312-980-1229 | **Mobile:** 860-604-6710
550 W Jackson Boulevard, Suite 500, Chicago, IL 60661
www.admiralins.com

---

**From:** McGregor, Davis <davis.mcgregor@rtspecialty.com>
**Sent:** Thursday, May 7, 2020 4:51 PM
**To:** Distel, Keith <KDistel@admiralins.com>
**Subject:** RE: BOR - Kabul, Inc - CA000030482-02 [EXTERNAL]

** CAUTION: External message

Thanks Keith but the reasoning for the release was to avoid filing a BOR and the waiting period which comes with it. The incumbent broker ended their contract with the Retailer which is why we are currently handling.

I'd prefer to write this with your office but I expect if we go back for a BOR they may ask we check with alternate markets for the sake of timing.

Please let me know.

Thanks,

**Davis McGregor**
RT Specialty-Casualty Division
Office: 312.366.3162
Cell: 313.815.3378
Davis.McGregor@rtspecialty.com
500 W Monroe, 30th Floor
Chicago, IL 60661

---

**From:** Distel, Keith [mailto:KDistel@admiralins.com]
**Sent:** Thursday, May 7, 2020 4:48 PM
**To:** McGregor, Davis <davis.mcgregor@rtspecialty.com>
**Subject:** RE: BOR - Kabul, Inc - CA000030482-02 [EXTERNAL]

Hey Davis,

I see the release, but can you get me an actual BOR with RT as the broker of record on insured's letterhead and signed/dated by them as well? I'll need that along with a full submission so we can get this one entered right away and work it up.

Thanks!

Keith

*****IF TRYING TO REACH ME VIA PHONE, PLEASE CALL MY CELLPHONE: 860-604-6710*****

**Keith Distel, MBA**
Team Leader, Underwriting
**Office:** +1-312-980-1229 | **Mobile:** 860-604-6710
550 W Jackson Boulevard, Suite 500, Chicago, IL 60661
www.admiralins.com

---

**From:** McGregor, Davis <davis.mcgregor@rtspecialty.com>
**Sent:** Wednesday, May 6, 2020 6:05 PM
**To:** Distel, Keith <KDistel@admiralins.com>
**Subject:** RE: BOR - Kabul, Inc - CA000030482-02 [EXTERNAL]

** CAUTION: External message

Hey Keith, I've attached a note from another Admiral office confirming that this account has been released to RT. The reason for the BOR is that the incumbent Wholesaler RPS ended their appointment with the controlling Retailer.

Can you please confirm we are OK to work this with your office?

Thanks,

**Davis McGregor**
RT Specialty-Casualty Division
Office: 312.366.3162
Cell: 313.815.3378
Davis.McGregor@rtspecialty.com
500 W Monroe, 30th Floor
Chicago, IL 60661

---

**From:** Distel, Keith [mailto:KDistel@admiralins.com]
**Sent:** Tuesday, April 28, 2020 11:48 AM
**To:** McGregor, Davis <davis.mcgregor@rtspecialty.com>
**Subject:** RE: BOR - Kabul, Inc - CA000030482-02 [EXTERNAL]

Hey Davis,

Yes, we'll still need a valid BOR naming you guys on the insured's letterhead. Let me know when you obtain and we'll get it processed. Thanks!

Keith

*****IF TRYING TO REACH ME VIA PHONE, PLEASE CALL MY CELLPHONE: 860-604-6710*****

**Keith Distel, MBA**
Team Leader, Underwriting

**Office:** 312-980-1229 | **Mobile:** 860-604-6710
550 W Jackson Boulevard, Suite 500, Chicago, IL 60661
**www.admiralins.com**

---

**From:** McGregor, Davis <davis.mcgregor@rtspecialty.com>
**Sent:** Monday, April 27, 2020 1:35 PM
**To:** Distel, Keith <KDistel@admiralins.com>
**Subject:** RE: BOR - Kabul, Inc - CA000030482-02 [EXTERNAL]

** CAUTION: External message

Hey Keith, hope you had a nice weekend. I wanted to circle back here as we did finally receive the submission for this 4/25 account. Since this has technically lapsed, will you need a BOR to re-quote with RT as the Broker?

Please let me know and I can send the submission over right away.

Thanks!

**Davis McGregor**
RT Specialty-Casualty Division
Office: 312.366.3162
Cell: 313.815.3378
Davis.McGregor@rtspecialty.com
500 W Monroe, 30th Floor
Chicago, IL 60661

---

**From:** Wardius, Bill
**Sent:** Tuesday, February 18, 2020 8:26 AM
**To:** Distel, Keith <KDistel@admiralins.com>; Buehler, Mike <MBuehler@admiralins.com>
**Cc:** McGregor, Davis <davis.mcgregor@rtspecialty.com>
**Subject:** RE: BOR - Kabul, Inc - CA000030482-02 [EXTERNAL]

Awesome – thanks for the quick look! Will relay to client and forward BOR asap.

Could you please send whatever application is needed for renewal so we can request that as well?

Bill Wardius
SVP - Casualty
RT Specialty
Direct: (312) 379-8195
Mobile: (312) 806-3774

---

**From:** Distel, Keith [mailto:KDistel@admiralins.com]
**Sent:** Tuesday, February 18, 2020 8:25 AM
**To:** Wardius, Bill <bwardius@rtspecialty.com>; Buehler, Mike <MBuehler@admiralins.com>
**Cc:** McGregor, Davis <davis.mcgregor@rtspecialty.com>
**Subject:** RE: BOR - Kabul, Inc - CA000030482-02 [EXTERNAL]

Hey Bill,

Since we're within 90-days of the renewal eff date, I can get this processed once the BOR comes in.

Thanks!

Keith

**Keith Distel, MBA**
Team Leader, Underwriting
**Office:** 312-980-1229 | **Mobile:** 860-604-6710
550 W Jackson Boulevard, Suite 500, Chicago, IL 60661
www.admiralins.com

**From:** Wardius, Bill <bwardius@rtspecialty.com>
**Sent:** Tuesday, February 18, 2020 8:20 AM
**To:** Buehler, Mike <MBuehler@admiralins.com>; Distel, Keith <KDistel@admiralins.com>
**Cc:** McGregor, Davis <davis.mcgregor@rtspecialty.com>
**Subject:** BOR - Kabul, Inc - CA000030482-02 [EXTERNAL]

** CAUTION: External message

Morning guys! Hope you had a great weekend.

One of our retailers is looking to BOR the attached policy. I just wanted to be sure we were good to go once the BOR comes in? Let me know if there's any issues (looked like a standard Admiral brokerage policy to me).

Thanks!

Bill Wardius
*Senior Vice President*
*Casualty Division*
**RT Specialty**
500 W. Monroe St, 30th Floor
Chicago, IL 60661
Direct: (312) 379-8195
Mobile: (312) 806-3774
bwardius@rtspecialty.com

CONFIDENTIALITY NOTICE: This e-mail and the transmitted documents contain private, privileged and confidential information belonging to the sender. The information therein is solely for the use of the addressee. If your receipt of this transmission has occurred as the result of an error, please immediately notify us so we can arrange for the return of the documents. In such circumstances, you are advised that you may not disclose, copy, distribute or take any other action in reliance on the information transmitted.
CONFIDENTIALITY NOTICE: This e-mail and the transmitted documents contain private, privileged and confidential information belonging to the sender. The information therein is solely for the use of the addressee. If your receipt of this transmission has occurred as the result of an error, please immediately notify us so we can arrange for the return of the documents. In such circumstances, you are advised that you may not disclose, copy, distribute or take any other action in reliance on the information transmitted.
CONFIDENTIALITY NOTICE: This e-mail and the transmitted documents contain private, privileged and confidential information belonging to the sender. The information therein is solely for the use of the addressee. If your receipt of this transmission has occurred as the result of an error, please immediately notify us so we can arrange for the return of the documents. In such circumstances, you are advised that you may not disclose, copy, distribute or take any other action in reliance on the information transmitted.

CONFIDENTIALITY NOTICE: This e-mail and the transmitted documents contain private, privileged and confidential information belonging to the sender. The information therein is solely for the use of the addressee. If your receipt of this transmission has occurred as the result of an error, please immediately notify us so we can arrange for the return of the documents. In such circumstances, you are advised that you may not disclose, copy, distribute or take any other action in reliance on the information transmitted.
CONFIDENTIALITY NOTICE: This e-mail and the transmitted documents contain private, privileged and confidential information belonging to the sender. The information therein is solely for the use of the addressee. If your receipt of this transmission has occurred as the result of an error, please immediately notify us so we can arrange for the return of the documents. In such circumstances, you are advised that you may not disclose, copy, distribute or take any other action in reliance on the information transmitted.

MARKEL

# COMMERCIAL WATERCRAFT RENTAL INSURANCE APPLICATION

Requested Effective Date: 04/25/2020

General Agent Code: Producer Code: 11215

Applicant Name & Address:
KABUL INC DBA FASTRIP FOOD STORE
1131 HIGHWAY 95
BULLHEAD CITY AZ 86429

Principal Contact, Title: (928)754-1017, NAJIB NOORI

Producer Name & Address: ~~FARM BUREAU FINANCIAL SERVICES~~
GREGG EIDSNESS AGENCY
2071 HIGHWAY 95 SUITE A
BULLHEAD CITY AZ 86442

Producer Phone Number: (928)763-8464

Fax Number: (928)758-1110

Physical Address Of Operation, List All Locations:
1131 HIGHWAY 95 BULLHEAD CITY AZ
1631 HIGHWAY 95 BULLHEAD CITY AZ

Mooring County: MOHAVE Phone Number: (928)754-1017

## ADDITIONAL INTEREST(S)

Name And Address: ~~CITY OF BULLHEAD CITY~~
2355 TRANE RD
BULLHEAD CITY AZ 86442

Relationship To Applicant:

## LIENHOLDER

Name And Address:

## PREMIUM FINANCE COMPANY

Name And Address:

How Are Watercraft Used By This Operation?
RENTALS OF PERSONAL WATERCRAFT FOR DAY USE

What Is The Experience Of The Principals With This Type Of Operation?
THE INSURED HAS BEEN OPERATING AT THIS LOCATION FOR THE LAST 20 YEARS

| ORGANIZATION | OPERATING PERIOD | OPERATING FROM | |
|---|---|---|---|
| ☐ Individual<br>☐ Partnership<br>☒ Corporation<br>☐ Joint Venture<br>☐ Other | ☒ Year Round<br>☐ Seasonally<br>From:<br>To: | ☐ Marina<br>☐ Beach Front<br>☒ Public Ramp<br>☐ Other: | How Many Years Has Applicant Owned/Operated This Business? 20<br>How Many Years Has Applicant Operated From This Location? 20<br>Gross Receipts For This Operation Last Year: $ 420,000<br>Projected Gross Receipts For This Year: $ 315,000 |

List And Describe All Other Commercial Activities Conducted On The Premise, Whether Owned Or Non-Owned:
FASTRIP CONVEINENCE STORE
GAS STATION

If Owned, Is There Other Insurance In Force?
☐ No ☒ Yes, Explain: POLICIES WITH FARM BUREAU COMMERCIAL

Previous Insurance Carrier:

Expiration Date:

Has Any Company Ever Canceled Or Non-Renewed Insurance For This Applicant? (Missouri residents Need Not Answer)
☒ No ☐ Yes, Explain:

## NAVIGATION LIMITS DESIRED & RANGE OF NAVIGATION

☒ US INLAND RIVERS/WATERWAYS ONLY
☐ COASTAL Up To 25 Miles Offshore
☐ ATLANTIC ☐ PACIFIC ☐ GULF ☐ BAHAMAS
☐ GREAT LAKES & TRIBUTARIES
☐ LAKE MEAD, POWELL OR TAHOE

**Extended Navigation Limits -**
**NO BINDING AUTHORITY IS EXTENDED**
Submit for approval with detailed boating experience resume, MVR and current survey. Offshore navigation limit desired:
☐ 25 – 50 MILES OFFSHORE ☐ 50 – 75 ☐ 75 – 100

**MOORING LOCATION OF VESSEL WHEN IN USE**—MARINA NAME (IF APPLICABLE), ADDRESS, CITY, STATE, ZIP

OPERATING PERIOD: ☐ YEAR ROUND ☐ SEASONAL

**LAY-UP LOCATION WHEN NOT IN USE**—MARINA NAME (IF APPLICABLE), ADDRESS, CITY, STATE, ZIP

TYPE OF LAY-UP: ☐ Ashore ☐ Afloat

**WHEN NOT IN USE, VESSEL IS:**
☒ **ASHORE** ☐ **AFLOAT** (NO LAYUP CREDIT ALLOWED IF AFLOAT)

**WARRANTED ON SHORE LAY-UP PERIOD (MM/DD/YY)**
**FROM: TO:**

## FIVE YEAR CLAIMS HISTORY - WATERCRAFT & PREMISES

| Date Of Event | Details Of Loss Or Claim | Amount Of Claim | Status |
|---|---|---|---|
| | | | |

MARKEL

# COMMERCIAL WATERCRAFT RENTAL USE SECTION

How Many Years Has The Applicant Been Doing Business As A Rental Operation?
20

If A New Venture, List Any Previous Watercraft Rental Experience:

If Applicable, Please Provide All Other Names That This Business Has Operated Under:

| Who Is Responsible For Overseeing The Watercraft Rental Operations? | Title | Date Of Birth |
|---|---|---|
| NAJIB NOORI | OWNER | [redacted] |

| Number Of Rental Operation Employees | Employee(s) Ages | Are Employees Trained In First Aid, CPR, Etc.? |
|---|---|---|
| 6 | 21+ | ■ No ☐ Yes, Explain: |

Describe How Renters Are Screened:
MUST HAVE AT LEAST 50 HOURS OF OPERATION EXPERIENCE, QUESTIONED TO DETERMINE EXPERIENCE LEVEL

| | |
|---|---|
| How Old Must A Person Be To Rent The Watercraft?<br>18 OR OLDER | How Is Renter Age Verified?<br>VALID DRIVER LICENSE |
| What Type Of Instruction Is Provided To Each Renter?<br>BROCHURES AND VIDEOS | Who Provides The Instruction?<br>MANAGER OF RENTAL |
| Are Renters Allowed To Trailer Units To Other Locations?<br>■ No ☐ Yes, Explain: | Does Insured/Owner Trailer Units To Other Locations?<br>☐ No ■ Yes, Explain: DELIVERED TO LAKE BY EMPLOYEE |

What Navigation Limits Are Placed On The Renter? (Body Of Water And Range Of Navigation)
COLORADO RIVER, LAKE MOHAVE

How Is Each Rental Supervised And Assisted If Help Is Required?
IF ASSISTANCE IS NEEDED CELL PHONE CONTACT IS AVAILABLE

Is Swimming, Snorkeling, SCUBA Or Diving Allowed From Vessels?
■ No ☐ Yes, Explain:

Will Any Person Besides The Contracted Renter Be Allowed To Operate The Vessel?
■ No ☐ Yes, Explain:

| | |
|---|---|
| Are Renters Allowed To Tow Water-Skiers Or Water Toys?<br>■ No ☐ Yes, Explain: | Does Applicant Supply The Tow Rope, Skis Or Water Toys?<br>■ No ☐ Yes, Explain: |
| Where Are Vessels Kept When Not In Use?<br>AT THE BUSINESS LOCATION | How Are Vessels Secured Against Theft?<br>FENCE AND SECURITY CAMERAS |
| How Long Are Rental Agreements Kept On File? | Does Applicant Keep Records Of Vessel Maintenance?<br>YES |

Does Applicant Or Any Employee Operate The Watercraft In The Course Of Employment?
☐ No ☐ Yes, Explain:

Does Applicant Or Any Employee Use The Watercraft For Personal Pleasure?
■ No ☐ Yes, Explain:

Remarks:

**To bind coverage the following information must be provided and be deemed acceptable:**

- ☐ A copy of the current Rental Agreement
- ☐ A copy of Check out or Renter training procedures
- ☐ A complete schedule of all vessels including the lengths of all vessels as well as the serial numbers for each vessel, motor and trailer
- ☐ If requesting $1 million liability limits, please supply 3-5 years of loss runs

**NOTE: Coverage will not be bound without an acceptable rental agreement, checkout procedures and a complete schedule of vessels on file.**

| COVERAGES AND PREMIUMS | | | |
|---|---|---|---|
| COVERAGE | LIMITS REQUESTED | DEDUCTIBLE | PREMIUM |
| WATERCRAFT AND EQUIPMENT (Total of Hull Values from Schedule) | | MINIMUM $1000 DEDUCTIBLE | |
| WATERCRAFT LIABILITY | 1,000,000 | $1000 DEDUCTIBLE | |
| WATERSPORTS LIABILITY | | | |
| PREMISES LIABILITY (SUBMIT PREMISES APP.) | | | |
| TRAILER PHYSICAL DAMAGE | | 250 | |

**PAYMENT OPTIONS**

☐ TOTAL ANNUAL PREMIUM

* $5 FEE PER INSTALLMENT

☐ 3 PAY PLAN* - 40% DOWN, 30% DUE IN 60 DAYS, 30% DUE IN 150 DAYS. WRITTEN PREMIUM MUST BE GREATER THAN $750

☐ 6 PAY PLAN* - 35% DOWN, 15% DUE IN 60, 90, 120, AND 10% DUE IN 150 AND 180 DAYS. WRITTEN PREMIUM MUST BE GREATER THAN $1,500

$1,000 MINIMUM EARNED PREMIUM $1,000 MINIMUM WRITTEN PREMIUM $1,000 MINIMUM DEDUCTIBLE

**CANCELLATION IS SUBJECT TO ACCELERATED SHORT RATE CANCEL – FULLY EARNED PREMIUM IN 210 DAYS (7 MONTHS)**

## APPLICANT'S STATEMENT AND SIGNATURE

This notice is given in compliance with the Federal Fair Credit Reporting Act (Public Law 91-508) and the Consumer Credit Reform Act of 1996. I understand that as part of the Company's underwriting procedure, a routine inquiry may be made which will provide applicable information concerning character, general reputation, personal characteristics, mode of living and driving record. Upon written request, additional information as to the scope of the report, if one is made, will be provided.

I have read this application and the entries on it. I understand that if my watercraft is used in any official or pre-arranged race, contest or event or is being held for sale, that this type of usage will void the obligation of the Company to cover any claims that might occur. I understand that if an ACV policy is purchased, the maximum limit for hull coverage is the actual cash value (ACV) at the time of the loss or the stated ACV above, whichever is less. The foregoing statements made and signed by the owner(s) represents the information set forth as correct and a true basis on which insurance may be granted but in no way binds the applicant to accept quotation or insurers to accept risk.

**FRAUD WARNING: It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines, and denial of insurance benefits. Your state may have specific warnings against filing false claim information.**

| | |
|---|---|
| AZ | For your protection Arizona law requires the following statement to appear on this form. Any person who knowingly presents a false or fraudulent claim for payment of a loss is subject to criminal and civil penalties. |
| CA | For your protection California law requires the following to appear on this form: Any person who knowingly presents false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison. |
| NY | Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation. |
| OR | Any person who knowingly presents a false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison. |
| PA | Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of a claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties. |

| | |
|---|---|
| APPLICANT'S SIGNATURE: [signature] DATE: 4/24/2020 | PRODUCER'S SIGNATURE: [signature] DATE: 4/24/2020 |
| TITLE (REQUIRED IF BOAT IS CORPORATELY TITLED) | HOW LONG HAS THIS APPLICANT BEEN YOUR CLIENT? 21 |

ACORD®

# COMMERCIAL INSURANCE APPLICATION

## APPLICANT INFORMATION SECTION

DATE (MM/DD/YYYY): 04/21/2020

| AGENCY | CARRIER | NAIC CODE |
|---|---|---|
| FARM BUREAU FINANCIAL SERVICES<br>GREGG EIDSNESS, AGENT<br>2071 HIGHWAY 95 SUITE A<br>BULLHEAD CITY AZ 86442 | COMPANY POLICY OR PROGRAM NAME | PROGRAM CODE |
| | POLICY NUMBER | |
| CONTACT NAME: GREGG EIDSNESS | UNDERWRITER | UNDERWRITER OFFICE |
| PHONE (A/C, No, Ext): (928) 763-8464 | STATUS OF TRANSACTION | ☐ QUOTE ☐ ISSUE POLICY ☒ RENEW |
| FAX (A/C, No): (928) 758-1110 | | ☐ BOUND (Give Date and/or Attach Copy): |
| E-MAIL ADDRESS: GREGG.EIDSNESS@FBFS.COM | | ☐ CHANGE DATE TIME ☐ AM |
| CODE: 11215 SUBCODE: | | ☐ CANCEL ☐ PM |
| AGENCY CUSTOMER ID: | | |

### SECTIONS ATTACHED

| | INDICATE SECTIONS ATTACHED | PREMIUM | | | PREMIUM | | | PREMIUM |
|---|---|---|---|---|---|---|---|---|
| | ACCOUNTS RECEIVABLE / VALUABLE PAPERS | $ | | ELECTRONIC DATA PROC | $ | | TRANSPORTATION / MOTOR TRUCK CARGO | $ |
| | BOILER & MACHINERY | $ | | EQUIPMENT FLOATER | $ | | TRUCKERS / MOTOR CARRIER | $ |
| | BUSINESS AUTO | $ | | GARAGE AND DEALERS | $ | | UMBRELLA | $ |
| | BUSINESS OWNERS | $ | | GLASS AND SIGN | $ | | YACHT | $ |
| X | COMMERCIAL GENERAL LIABILITY | $ | | INSTALLATION / BUILDERS RISK | $ | | | $ |
| | CRIME / MISCELLANEOUS CRIME | $ | | OPEN CARGO | $ | | | $ |
| | DEALERS | $ | | PROPERTY | $ | | | $ |

### ATTACHMENTS

| | | | | | |
|---|---|---|---|---|---|
| X | ADDITIONAL INTEREST | | PREMIUM PAYMENT SUPPLEMENT | | |
| X | ADDITIONAL PREMISES | | PROFESSIONAL LIABILITY SUPPLEMENT | | |
| | APARTMENT BUILDING SUPPLEMENT | | RESTAURANT / TAVERN SUPPLEMENT | | |
| | CONDO ASSN BYLAWS (for D&O Coverage only) | | STATEMENT / SCHEDULE OF VALUES | | |
| | CONTRACTORS SUPPLEMENT | | STATE SUPPLEMENT (If applicable) | | |
| | COVERAGES SCHEDULE | | VACANT BUILDING SUPPLEMENT | | |
| | DRIVER INFORMATION SCHEDULE | | VEHICLE SCHEDULE | | |
| | INTERNATIONAL LIABILITY EXPOSURE SUPPLEMENT | | | | |
| | INTERNATIONAL PROPERTY EXPOSURE SUPPLEMENT | | | | |
| | LOSS SUMMARY | | | | |

### POLICY INFORMATION

| PROPOSED EFF DATE | PROPOSED EXP DATE | BILLING PLAN | PAYMENT PLAN | METHOD OF PAYMENT | AUDIT | DEPOSIT | MINIMUM PREMIUM | POLICY PREMIUM |
|---|---|---|---|---|---|---|---|---|
| 04/25/2020 | 04/25/2021 | ☒ DIRECT ☐ AGENCY | ANNUAL | | | $ | $ | $ |

### APPLICANT INFORMATION

| NAME (First Named Insured) AND MAILING ADDRESS (including ZIP+4) | GL CODE | SIC | NAICS | FEIN OR SOC SEC # |
|---|---|---|---|---|
| KABUL INC<br>DBA FASTRIP FOOD STORE<br>1131 HIGHWAY 95<br>BULLHEAD CITY AZ 86429 | | | | 86-0773163 |
| | BUSINESS PHONE #: (928) 754-1017 | | | |
| | WEBSITE ADDRESS | | | |

☒ CORPORATION ☐ JOINT VENTURE ☐ NOT FOR PROFIT ORG ☐ SUBCHAPTER "S" CORPORATION ☐
☐ INDIVIDUAL ☐ LLC NO. OF MEMBERS AND MANAGERS: ____ ☐ PARTNERSHIP ☐ TRUST

| NAME (Other Named Insured) AND MAILING ADDRESS (including ZIP+4) | GL CODE | SIC | NAICS | FEIN OR SOC SEC # |
|---|---|---|---|---|
| | BUSINESS PHONE #: | | | |
| | WEBSITE ADDRESS | | | |

☐ CORPORATION ☐ JOINT VENTURE ☐ NOT FOR PROFIT ORG ☐ SUBCHAPTER "S" CORPORATION ☐
☐ INDIVIDUAL ☐ LLC NO. OF MEMBERS AND MANAGERS: ____ ☐ PARTNERSHIP ☐ TRUST

| NAME (Other Named Insured) AND MAILING ADDRESS (including ZIP+4) | GL CODE | SIC | NAICS | FEIN OR SOC SEC # |
|---|---|---|---|---|
| | BUSINESS PHONE #: | | | |
| | WEBSITE ADDRESS | | | |

☐ CORPORATION ☐ JOINT VENTURE ☐ NOT FOR PROFIT ORG ☐ SUBCHAPTER "S" CORPORATION ☐
☐ INDIVIDUAL ☐ LLC NO. OF MEMBERS AND MANAGERS: ____ ☐ PARTNERSHIP ☐ TRUST


© 1993-2013 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD

## CONTACT INFORMATION

AGENCY CUSTOMER ID:

| | |
|---|---|
| CONTACT TYPE: OWNER | CONTACT TYPE: |
| CONTACT NAME: NAJIBULLAH NOORI | CONTACT NAME: |
| PRIMARY PHONE #: ☐ HOME ☐ BUS ☒ CELL (928) 234-0880 — SECONDARY PHONE #: ☐ HOME ☐ BUS ☐ CELL | PRIMARY PHONE #: ☐ HOME ☐ BUS ☐ CELL — SECONDARY PHONE #: ☐ HOME ☐ BUS ☐ CELL |
| PRIMARY E-MAIL ADDRESS: | PRIMARY E-MAIL ADDRESS: |
| SECONDARY E-MAIL ADDRESS: | SECONDARY E-MAIL ADDRESS: |

## PREMISES INFORMATION (Attach ACORD 823 for Additional Premises)

| LOC # | BLD # | STREET | CITY | COUNTY | STATE | ZIP | CITY LIMITS | INTEREST | # FULL TIME EMPL | # PART TIME EMPL | ANNUAL REVENUES: $ | OCCUPIED AREA | OPEN TO PUBLIC AREA | TOTAL BUILDING AREA | ANY AREA LEASED TO OTHERS? Y / N | DESCRIPTION OF OPERATIONS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1131 HIGHWAY 95 | BULLHEAD CITY | MOHAVE | AZ | 86442 | ☒ INSIDE ☐ OUTSIDE | ☒ OWNER ☐ TENANT | | | | SQ FT | SQ FT | SQ FT | | |
| 2 | | 430 LONG AVE | BULLHEAD CITY | MOHAVE | AZ | 86442 | ☒ INSIDE ☐ OUTSIDE | ☒ OWNER ☐ TENANT | | | | SQ FT | SQ FT | SQ FT | | |
| 3 | | 434 LONG AVE | BULLHEAD CITY | MOHAVE | AZ | 86442 | ☒ INSIDE ☐ OUTSIDE | ☒ OWNER ☐ TENANT | | | | SQ FT | SQ FT | SQ FT | | |
| 4 | 1 | 1631 HIGHWAY 95 | BULLHEAD CITY | MOHAVE | AZ | 86429 | ☒ INSIDE ☐ OUTSIDE | ☒ OWNER ☐ TENANT | | | | SQ FT | SQ FT | SQ FT | | |

## NATURE OF BUSINESS

☐ APARTMENTS ☐ CONDOMINIUMS ☐ CONTRACTOR ☐ INSTITUTIONAL ☐ MANUFACTURING ☐ OFFICE ☐ RESTAURANT ☐ RETAIL ☒ SERVICE ☐ WHOLESALE ☐

DATE BUSINESS STARTED (MM/DD/YYYY):

DESCRIPTION OF PRIMARY OPERATIONS

PERSONAL WATERCRAFT RENTAL

| RETAIL STORES OR SERVICE OPERATIONS % OF TOTAL SALES: | INSTALLATION, SERVICE OR REPAIR WORK % | OFF PREMISES INSTALLATION, SERVICE OR REPAIR WORK % |
|---|---|---|

DESCRIPTION OF OPERATIONS OF OTHER NAMED INSUREDS

## ADDITIONAL INTEREST (Not all fields apply to all scenarios - provide only the necessary data) Attach ACORD 45 for more Additional Interests

INTEREST: ☒ ADDITIONAL INSURED ☐ BREACH OF WARRANTY ☐ CO-OWNER ☐ EMPLOYEE AS LESSOR ☐ LEASEBACK OWNER ☐ LIENHOLDER ☐ LOSS PAYEE ☐ MORTGAGEE ☐ OWNER ☐ REGISTRANT ☐ TRUSTEE

NAME AND ADDRESS RANK: ______ EVIDENCE: ☐ CERTIFICATE ☒ POLICY ☐ SEND BILL

CITY OF BULLHEAD CITY
2355 TRANE RD
BULLHEAD CITY AZ 86442

INTEREST IN ITEM NUMBER

| | |
|---|---|
| LOCATION: | BUILDING: |
| VEHICLE: | BOAT: |
| AIRPORT: | AIRCRAFT: |
| ITEM CLASS: | ITEM: |

ITEM DESCRIPTION

REFERENCE / LOAN #: INTEREST END DATE:

LIEN AMOUNT: PHONE (A/C, No, Ext): FAX (A/C, No):

REASON FOR INTEREST: E-MAIL ADDRESS:

## GENERAL INFORMATION

AGENCY CUSTOMER ID: ____________

EXPLAIN ALL "YES" RESPONSES

| Question | Y / N |
|---|---|
| 1a. IS THE APPLICANT A SUBSIDIARY OF ANOTHER ENTITY ? | N |

| PARENT COMPANY NAME | RELATIONSHIP DESCRIPTION | % OWNED |
|---|---|---|
| | | |

| Question | Y / N |
|---|---|
| 1b. DOES THE APPLICANT HAVE ANY SUBSIDIARIES? | N |

| SUBSIDIARY COMPANY NAME | RELATIONSHIP DESCRIPTION | % OWNED |
|---|---|---|
| | | |

| Question | Y / N |
|---|---|
| 2. IS A FORMAL SAFETY PROGRAM IN OPERATION? | N |

☐ SAFETY MANUAL ☐ MONTHLY MEETINGS ☐
☐ SAFETY POSITION ☐ OSHA

| Question | Y / N |
|---|---|
| 3. ANY EXPOSURE TO FLAMMABLES, EXPLOSIVES, CHEMICALS? | N |
| 4. ANY OTHER INSURANCE WITH THIS COMPANY? (List policy numbers) | N |

| LINE OF BUSINESS | POLICY NUMBER | LINE OF BUSINESS | POLICY NUMBER |
|---|---|---|---|
| | | | |
| | | | |

| Question | Y / N |
|---|---|
| 5. ANY POLICY OR COVERAGE DECLINED, CANCELLED OR NON-RENEWED DURING THE PRIOR THREE (3) YEARS FOR ANY PREMISES OR OPERATIONS? **(Missouri Applicants - Do not answer this question)** | N |

☐ NON-PAYMENT ☐ AGENT NO LONGER REPRESENTS CARRIER ☐
☐ NON-RENEWAL ☐ UNDERWRITING ☐ CONDITION CORRECTED (Describe):

| Question | Y / N |
|---|---|
| 6. ANY PAST LOSSES OR CLAIMS RELATING TO SEXUAL ABUSE OR MOLESTATION ALLEGATIONS, DISCRIMINATION OR NEGLIGENT HIRING? | N |
| 7. DURING THE LAST FIVE YEARS (TEN IN RI), HAS ANY APPLICANT BEEN INDICTED FOR OR CONVICTED OF ANY DEGREE OF THE CRIME OF FRAUD, BRIBERY, ARSON OR ANY OTHER ARSON-RELATED CRIME IN CONNECTION WITH THIS OR ANY OTHER PROPERTY? (In RI, this question must be answered by any applicant for property insurance. Failure to disclose the existence of an arson conviction is a misdemeanor punishable by a sentence of up to one year of imprisonment). | N |
| 8. ANY UNCORRECTED FIRE AND/OR SAFETY CODE VIOLATIONS? | N |

| OCCURRENCE DATE | EXPLANATION | RESOLUTION | RESOLUTION DATE |
|---|---|---|---|
| | | | |
| | | | |

| Question | Y / N |
|---|---|
| 9. HAS APPLICANT HAD A FORECLOSURE, REPOSSESSION, BANKRUPTCY OR FILED FOR BANKRUPTCY DURING THE LAST FIVE (5) YEARS? | N |

| OCCURRENCE DATE | EXPLANATION | RESOLUTION | RESOLUTION DATE |
|---|---|---|---|
| | | | |
| | | | |

| Question | Y / N |
|---|---|
| 10. HAS APPLICANT HAD A JUDGEMENT OR LIEN DURING THE LAST FIVE (5) YEARS? | N |

| OCCURRENCE DATE | EXPLANATION | RESOLUTION | RESOLUTION DATE |
|---|---|---|---|
| | | | |
| | | | |

| Question | Y / N |
|---|---|
| 11. HAS BUSINESS BEEN PLACED IN A TRUST? | N |

NAME OF TRUST

| Question | Y / N |
|---|---|
| 12. ANY FOREIGN OPERATIONS, FOREIGN PRODUCTS DISTRIBUTED IN USA, OR US PRODUCTS SOLD/DISTRIBUTED IN FOREIGN COUNTRIES? (If "YES", attach ACORD 815 for Liability Exposure and/or ACORD 816 for Property Exposure) | N |
| 13. DOES APPLICANT HAVE OTHER BUSINESS VENTURES FOR WHICH COVERAGE IS NOT REQUESTED? | N |

## REMARKS / PROCESSING INSTRUCTIONS (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

## PRIOR CARRIER INFORMATION

| YEAR | CATEGORY | GENERAL LIABILITY | AUTOMOBILE | PROPERTY | OTHER: |
|---|---|---|---|---|---|
| | CARRIER | | | | |
| | POLICY NUMBER | | | | |
| | PREMIUM | $ | $ | $ | $ |
| | EFFECTIVE DATE | | | | |
| | EXPIRATION DATE | | | | |

## PRIOR CARRIER INFORMATION (continued)

AGENCY CUSTOMER ID: ____________

| YEAR | CATEGORY | GENERAL LIABILITY | AUTOMOBILE | PROPERTY | OTHER: |
|---|---|---|---|---|---|
| | CARRIER | | | | |
| | POLICY NUMBER | | | | |
| | PREMIUM | $ | $ | $ | $ |
| | EFFECTIVE DATE | | | | |
| | EXPIRATION DATE | | | | |
| | CARRIER | | | | |
| | POLICY NUMBER | | | | |
| | PREMIUM | $ | $ | $ | $ |
| | EFFECTIVE DATE | | | | |
| | EXPIRATION DATE | | | | |

## LOSS HISTORY

☐ Check if none (Attach Loss Summary for Additional Loss Information)

ENTER ALL CLAIMS OR LOSSES (REGARDLESS OF FAULT AND WHETHER OR NOT INSURED) OR OCCURRENCES THAT MAY GIVE RISE TO CLAIMS FOR THE LAST _____ YEARS

TOTAL LOSSES: $

| DATE OF OCCURRENCE | LINE | TYPE / DESCRIPTION OF OCCURRENCE OR CLAIM | DATE OF CLAIM | AMOUNT PAID | AMOUNT RESERVED | SUBRO-GATION Y / N | CLAIM OPEN Y / N |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

## SIGNATURE

☐ Copy of the Notice of Information Practices (Privacy) has been given to the applicant. (Not required in all states, contact your agent or broker for your state's requirements.)

PERSONAL INFORMATION ABOUT YOU, INCLUDING INFORMATION FROM A CREDIT OR OTHER INVESTIGATIVE REPORT, MAY BE COLLECTED FROM PERSONS OTHER THAN YOU IN CONNECTION WITH THIS APPLICATION FOR INSURANCE AND SUBSEQUENT AMENDMENTS AND RENEWALS. SUCH INFORMATION AS WELL AS OTHER PERSONAL AND PRIVILEGED INFORMATION COLLECTED BY US OR OUR AGENTS MAY IN CERTAIN CIRCUMSTANCES BE DISCLOSED TO THIRD PARTIES WITHOUT YOUR AUTHORIZATION. CREDIT SCORING INFORMATION MAY BE USED TO HELP DETERMINE EITHER YOUR ELIGIBILITY FOR INSURANCE OR THE PREMIUM YOU WILL BE CHARGED. WE MAY USE A THIRD PARTY IN CONNECTION WITH THE DEVELOPMENT OF YOUR SCORE. YOU MAY HAVE THE RIGHT TO REVIEW YOUR PERSONAL INFORMATION IN OUR FILES AND REQUEST CORRECTION OF ANY INACCURACIES. YOU MAY ALSO HAVE THE RIGHT TO REQUEST IN WRITING THAT WE CONSIDER EXTRAORDINARY LIFE CIRCUMSTANCES IN CONNECTION WITH THE DEVELOPMENT OF YOUR CREDIT SCORE. THESE RIGHTS MAY BE LIMITED IN SOME STATES. PLEASE CONTACT YOUR AGENT OR BROKER TO LEARN HOW THESE RIGHTS MAY APPLY IN YOUR STATE OR FOR INSTRUCTIONS ON HOW TO SUBMIT A REQUEST TO US FOR A MORE DETAILED DESCRIPTION OF YOUR RIGHTS AND OUR PRACTICES REGARDING PERSONAL INFORMATION. (Not applicable in AZ, CA, DE, KS, MA, MN, ND, NY, OR, VA, or WV. Specific ACORD 38s are available for applicants in these states.) **(Applicant's Initials):** ________

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects that person to criminal and civil penalties (In Oregon, the aforementioned actions may constitute a fraudulent insurance act which may be a crime and may subject the person to penalties). (In New York, the civil penalty is not to exceed five thousand dollars ($5,000) and the stated value of the claim for each such violation). **(Not applicable in AL, AR, AZ, CO, DC, FL, KS, LA, ME, MD, MN, NM, OK, PR, RI, TN, VA, VT, WA and WV).**

**Applicable in AL, AR, AZ, DC, LA, MD, NM, RI and WV:** Any person who knowingly (or willfully in MD) presents a false or fraudulent claim for payment of a loss or benefit or who knowingly (or willfully in MD) presents false information in an application for insurance is guilty of a crime and may be subject to fines or confinement in prison.

**Applicable in Colorado:** It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company. Penalties may include imprisonment, fines, denial of insurance and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policyholder or claimant for the purpose of defrauding or attempting to defraud the policyholder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado Division of Insurance within the department of regulatory agencies.

**Applicable in Florida and Oklahoma:** Any person who knowingly and with intent to injure, defraud, or deceive any insurer files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony (In FL, a person is guilty of a felony of the third degree).

**Applicable in Kansas:** Any person who, knowingly and with intent to defraud, presents, causes to be presented or prepares with knowledge or belief that it will be presented to or by an insurer, purported insurer, broker or any agent thereof, any written statement as part of, or in support of, an application for the issuance of, or the rating of an insurance policy for personal or commercial insurance, or a claim for payment or other benefit pursuant to an insurance policy for commercial or personal insurance which such person knows to contain materially false information concerning any fact material thereto; or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act.

**Applicable in Maine, Tennessee, Virginia and Washington:** It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties may include imprisonment, fines or a denial of insurance benefits.

**Applicable in Puerto Rico:** Any person who knowingly and with the intention of defrauding presents false information in an insurance application, or presents, helps, or causes the presentation of a fraudulent claim for the payment of a loss or any other benefit, or presents more than one claim for the same damage or loss, shall incur a felony and, upon conviction, shall be sanctioned for each violation by a fine of not less than five thousand dollars ($5,000) and not more than ten thousand dollars ($10,000), or a fixed term of imprisonment for three (3) years, or both penalties. Should aggravating circumstances be present, the penalty thus established may be increased to a maximum of five (5) years, if extenuating circumstances are present, it may be reduced to a minimum of two (2) years.

THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND REPRESENTS THAT REASONABLE INQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTIONS ON THIS APPLICATION. HE/SHE REPRESENTS THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE.

| PRODUCER'S SIGNATURE | PRODUCER'S NAME (Please Print) | | STATE PRODUCER LICENSE NO (Required in Florida) |
|---|---|---|---|
| [signature] | STEFANY HAWK | | |
| APPLICANT'S SIGNATURE | | DATE | NATIONAL PRODUCER NUMBER |
| [signature] | | 4/24/2020 | |

AGENCY CUSTOMER ID:

ACORD®

# COMMERCIAL GENERAL LIABILITY SECTION

DATE (MM/DD/YYYY): 04/21/2020

| AGENCY | | CARRIER | NAIC CODE |
|---|---|---|---|
| FARM BUREAU FINANCIAL, GREGG EIDSNESS | | | |
| POLICY NUMBER | EFFECTIVE DATE 04/25/2020 | APPLICANT / FIRST NAMED INSURED: KABUL INC, DBA FASTRIP FOOD STORE | |

## COVERAGES

- [X] COMMERCIAL GENERAL LIABILITY
  - [ ] CLAIMS MADE [X] OCCURRENCE
- [ ] OWNER'S & CONTRACTOR'S PROTECTIVE

DEDUCTIBLES

- [ ] PROPERTY DAMAGE $
- [ ] BODILY INJURY $
- [ ] $

[ ] PER CLAIM [ ] PER OCCURRENCE

## LIMITS

| | |
|---|---|
| GENERAL AGGREGATE | $ 1,000,000 |
| LIMIT APPLIES PER: [X] POLICY [ ] LOCATION [ ] PROJECT [ ] OTHER: | |
| PRODUCTS & COMPLETED OPERATIONS AGGREGATE | $ 1,000,000 |
| PERSONAL & ADVERTISING INJURY | $ |
| EACH OCCURRENCE | $ 1,000,000 |
| DAMAGE TO RENTED PREMISES (each occurrence) | $ 100,000 |
| MEDICAL EXPENSE (Any one person) | $ |
| EMPLOYEE BENEFITS | $ |
| | $ |

| PREMIUMS | |
|---|---|
| PREMISES/OPERATIONS | |
| PRODUCTS | |
| OTHER | |
| TOTAL | |

OTHER COVERAGES, RESTRICTIONS AND/OR ENDORSEMENTS (For hired/non-owned auto coverages attach the applicable state Business Auto Section, ACORD 137)

APPLICABLE ONLY IN WISCONSIN: IF NON-OWNED ONLY AUTO COVERAGE IS TO BE PROVIDED UNDER THE POLICY:

1. UM / UIM COVERAGE [ ] IS [ ] IS NOT AVAILABLE.
2. MEDICAL PAYMENTS COVERAGE [ ] IS [ ] IS NOT AVAILABLE.

## SCHEDULE OF HAZARDS

| LOC # | HAZ # | CLASSIFICATION | CLASS CODE | PREMIUM BASIS | EXPOSURE | TERR | RATE PREM/OPS | RATE PRODUCTS | PREMIUM PREM/OPS | PREMIUM PRODUCTS |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | PERSONAL WATERCRAFT | 90646 | S | 315,000 | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

RATING AND PREMIUM BASIS
(S) GROSS SALES - PER $1,000/SALES
(P) PAYROLL - PER $1,000/PAY
(A) AREA - PER 1,000/SQ FT
(C) TOTAL COST - PER $1,000/COST
(M) ADMISSIONS - PER 1,000/ADM
(U) UNIT - PER UNIT
(T) OTHER

## CLAIMS MADE (Explain all "Yes" responses)

| EXPLAIN ALL "YES" RESPONSES | Y / N |
|---|---|
| 1. PROPOSED RETROACTIVE DATE: | |
| 2. ENTRY DATE INTO UNINTERRUPTED CLAIMS MADE COVERAGE: | |
| 3. HAS ANY PRODUCT, WORK, ACCIDENT, OR LOCATION BEEN EXCLUDED, UNINSURED OR SELF-INSURED FROM ANY PREVIOUS COVERAGE? | N |
| 4. WAS TAIL COVERAGE PURCHASED UNDER ANY PREVIOUS POLICY? | N |

## EMPLOYEE BENEFITS LIABILITY

| | |
|---|---|
| 1. DEDUCTIBLE PER CLAIM: $ | 3. NUMBER OF EMPLOYEES COVERED BY EMPLOYEE BENEFITS PLANS: |
| 2. NUMBER OF EMPLOYEES: | 4. RETROACTIVE DATE: |


© 1993-2011 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD

## CONTRACTORS

AGENCY CUSTOMER ID: ____________

| EXPLAIN ALL "YES" RESPONSES (For all past or present operations) | Y / N |
|---|---|
| 1. DOES APPLICANT DRAW PLANS, DESIGNS, OR SPECIFICATIONS FOR OTHERS? | N |
| 2. DO ANY OPERATIONS INCLUDE BLASTING OR UTILIZE OR STORE EXPLOSIVE MATERIAL? | N |
| 3. DO ANY OPERATIONS INCLUDE EXCAVATION, TUNNELING, UNDERGROUND WORK OR EARTH MOVING? | N |
| 4. DO YOUR SUBCONTRACTORS CARRY COVERAGES OR LIMITS LESS THAN YOURS? | N |
| 5. ARE SUBCONTRACTORS ALLOWED TO WORK WITHOUT PROVIDING YOU WITH A CERTIFICATE OF INSURANCE? | N |
| 6. DOES APPLICANT LEASE EQUIPMENT TO OTHERS WITH OR WITHOUT OPERATORS? | N |

| DESCRIBE THE TYPE OF WORK SUBCONTRACTED | $ PAID TO SUB-CONTRACTORS: | % OF WORK SUBCONTRACTED: | # FULL-TIME STAFF: | # PART-TIME STAFF: |
|---|---|---|---|---|
| | | | | |

## PRODUCTS / COMPLETED OPERATIONS

| PRODUCTS | ANNUAL GROSS SALES | # OF UNITS | TIME IN MARKET | EXPECTED LIFE | INTENDED USE | PRINCIPAL COMPONENTS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

| EXPLAIN ALL "YES" RESPONSES (For all past or present products or operations) PLEASE ATTACH LITERATURE, BROCHURES, LABELS, WARNINGS, ETC. | Y / N |
|---|---|
| 1. DOES APPLICANT INSTALL, SERVICE OR DEMONSTRATE PRODUCTS? | N |
| 2. FOREIGN PRODUCTS SOLD, DISTRIBUTED, USED AS COMPONENTS? (If "YES", attach ACORD 815) | N |
| 3. RESEARCH AND DEVELOPMENT CONDUCTED OR NEW PRODUCTS PLANNED? | N |
| 4. GUARANTEES, WARRANTIES, HOLD HARMLESS AGREEMENTS? | N |
| 5. PRODUCTS RELATED TO AIRCRAFT/SPACE INDUSTRY? | N |
| 6. PRODUCTS RECALLED, DISCONTINUED, CHANGED? | N |
| 7. PRODUCTS OF OTHERS SOLD OR RE-PACKAGED UNDER APPLICANT LABEL? | N |
| 8. PRODUCTS UNDER LABEL OF OTHERS? | N |
| 9. VENDORS COVERAGE REQUIRED? | N |
| 10. DOES ANY NAMED INSURED SELL TO OTHER NAMED INSUREDS? | N |

AGENCY CUSTOMER ID:

## ADDITIONAL INTEREST / CERTIFICATE RECIPIENT

☐ ACORD 45 attached for additional names

| INTEREST | NAME AND ADDRESS RANK: | EVIDENCE: ☒ CERTIFICATE | INTEREST IN ITEM NUMBER |
|---|---|---|---|
| ☒ ADDITIONAL INSURED<br>☐ EMPLOYEE AS LESSOR<br>☐ LIENHOLDER<br>☐ LOSS PAYEE<br>☐ MORTGAGEE<br>☐ | CITY OF BULLHEAD CITY<br>2355 TRANE RD<br>BULLHEAD CITY AZ 86442<br>REFERENCE / LOAN #: | | LOCATION: BUILDING:<br>ITEM CLASS: ITEM:<br>ITEM DESCRIPTION |

## GENERAL INFORMATION

| EXPLAIN ALL "YES" RESPONSES (For all past or present operations) | Y / N |
|---|---|
| 1. ANY MEDICAL FACILITIES PROVIDED OR MEDICAL PROFESSIONALS EMPLOYED OR CONTRACTED? | N |
| 2. ANY EXPOSURE TO RADIOACTIVE/NUCLEAR MATERIALS? | N |
| 3. DO/HAVE PAST, PRESENT OR DISCONTINUED OPERATIONS INVOLVE(D) STORING, TREATING, DISCHARGING, APPLYING, DISPOSING, OR TRANSPORTING OF HAZARDOUS MATERIAL? (e.g. landfills, wastes, fuel tanks, etc) | N |
| 4. ANY OPERATIONS SOLD, ACQUIRED, OR DISCONTINUED IN LAST FIVE (5) YEARS? | N |
| 5. DO YOU RENT OR LOAN EQUIPMENT TO OTHERS? | N |

| EQUIPMENT | TYPE OF EQUIPMENT | | | | INSTRUCTION GIVEN (Y/N) |
|---|---|---|---|---|---|
| | ☐ | SMALL TOOLS | ☐ | LARGE EQUIPMENT | |
| | ☐ | SMALL TOOLS | ☐ | LARGE EQUIPMENT | |

| | Y / N |
|---|---|
| 6. ANY WATERCRAFT, DOCKS, FLOATS OWNED, HIRED OR LEASED? | N |
| 7. ANY PARKING FACILITIES OWNED/RENTED? | N |
| 8. IS A FEE CHARGED FOR PARKING? | N |
| 9. RECREATION FACILITIES PROVIDED? | N |
| 10. ARE THERE ANY LODGING OPERATIONS INCLUDING APARTMENTS? (If "YES", answer the following): | N |

| # APTS | TOTAL APT AREA Sq. Ft. | DESCRIBE OTHER LODGING OPERATIONS |
|---|---|---|
| | | |

| | Y / N |
|---|---|
| 11. IS THERE A SWIMMING POOL ON PREMISES? (Check all that apply)<br>☐ APPROVED FENCE ☐ LIMITED ACCESS ☐ DIVING BOARD ☐ SLIDE ☐ ABOVE GROUND ☐ IN GROUND ☐ LIFE GUARD | N |
| 12. ARE SOCIAL EVENTS SPONSORED? | N |
| 13. ARE ATHLETIC TEAMS SPONSORED? | N |

| TYPE OF SPORT | CONTACT SPORT (Y/N) | AGE GROUP | TYPE OF SPORT | CONTACT SPORT (Y/N) | AGE GROUP |
|---|---|---|---|---|---|
| | | ☐ 13 - 18<br>☐ 12 & UNDER ☐ OVER 18 | | | ☐ 13 - 18<br>☐ 12 & UNDER ☐ OVER 18 |
| EXTENT OF SPONSORSHIP: | | | EXTENT OF SPONSORSHIP: | | |

| | Y / N |
|---|---|
| 14. ANY STRUCTURAL ALTERATIONS CONTEMPLATED? | N |
| 15. ANY DEMOLITION EXPOSURE CONTEMPLATED? | N |

**GENERAL INFORMATION (continued)** **AGENCY CUSTOMER ID:**

| EXPLAIN ALL "YES" RESPONSES (For all past or present operations) | Y / N |
|---|---|
| 16. HAS APPLICANT BEEN ACTIVE IN OR IS CURRENTLY ACTIVE IN JOINT VENTURES? | N |
| 17. DO YOU LEASE EMPLOYEES TO OR FROM OTHER EMPLOYERS? | N |

| LEASE TO | WORKERS COMPENSATION COVERAGE CARRIED (Y/N) | LEASE FROM | WORKERS COMPENSATION COVERAGE CARRIED (Y/N) |
|---|---|---|---|
| | | | |
| | | | |

| | Y / N |
|---|---|
| 18. IS THERE A LABOR INTERCHANGE WITH ANY OTHER BUSINESS OR SUBSIDIARIES? | N |
| 19. ARE DAY CARE FACILITIES OPERATED OR CONTROLLED? | N |
| 20. HAVE ANY CRIMES OCCURRED OR BEEN ATTEMPTED ON YOUR PREMISES WITHIN THE LAST THREE (3) YEARS? | N |
| 21. IS THERE A FORMAL, WRITTEN SAFETY AND SECURITY POLICY IN EFFECT? | N |
| 22. DOES THE BUSINESSES' PROMOTIONAL LITERATURE MAKE ANY REPRESENTATIONS ABOUT THE SAFETY OR SECURITY OF THE PREMISES? | N |

**REMARKS (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)**

ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR ANOTHER PERSON FILES AN APPLICATION FOR INSURANCE OR STATEMENT OF CLAIM CONTAINING ANY MATERIALLY FALSE INFORMATION, OR CONCEALS FOR THE PURPOSE OF MISLEADING INFORMATION CONCERNING ANY FACT MATERIAL THERETO, COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A CRIME AND SUBJECTS THE PERSON TO CRIMINAL AND [NY: SUBSTANTIAL] CIVIL PENALTIES. (Not applicable in CO, DC, FL, HI, KS, MA, MN, NE, OH, OK, OR, VT or WA; in LA, ME, TN and VA, insurance benefits may also be denied)

IN THE DISTRICT OF COLUMBIA, WARNING: IT IS A CRIME TO PROVIDE FALSE OR MISLEADING INFORMATION TO AN INSURER FOR THE PURPOSE OF DEFRAUDING THE INSURER OR ANY OTHER PERSON. PENALTIES INCLUDE IMPRISONMENT AND/OR FINES. IN ADDITION, AN INSURER MAY DENY INSURANCE BENEFITS, IF FALSE INFORMATION MATERIALLY RELATED TO A CLAIM WAS PROVIDED BY THE APPLICANT.

IN FLORIDA, ANY PERSON WHO KNOWINGLY AND WITH INTENT TO INJURE, DEFRAUD, OR DECEIVE ANY INSURER FILES A STATEMENT OF CLAIM OR AN APPLICATION CONTAINING ANY FALSE, INCOMPLETE, OR MISLEADING INFORMATION IS GUILTY OF A FELONY OF THE THIRD DEGREE.

IN KANSAS, ANY PERSON WHO, KNOWINGLY AND WITH INTENT TO DEFRAUD, PRESENTS, CAUSES TO BE PRESENTED OR PREPARES WITH KNOWLEDGE OR BELIEF THAT IT WILL BE PRESENTED TO OR BY AN INSURER, PURPORTED INSURER, BROKER OR ANY AGENT THEREOF, ANY WRITTEN STATEMENT AS PART OF, OR IN SUPPORT OF, AN APPLICATION FOR THE ISSUANCE OF, OR THE RATING OF AN INSURANCE POLICY FOR PERSONAL OR COMMERCIAL INSURANCE, OR A CLAIM FOR PAYMENT OR OTHER BENEFIT PURSUANT TO AN INSURANCE POLICY FOR COMMERCIAL OR PERSONAL INSURANCE WHICH SUCH PERSON KNOWS TO CONTAIN MATERIALLY FALSE INFORMATION CONCERNING ANY FACT MATERIAL THERETO; OR CONCEALS, FOR THE PURPOSE OF MISLEADING, INFORMATION CONCERNING ANY FACT MATERIAL THERETO COMMITS A FRAUDULENT INSURANCE ACT.

IN MASSACHUSETTS, NEBRASKA, OREGON AND VERMONT, ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR ANOTHER PERSON FILES AN APPLICATION FOR INSURANCE OR STATEMENT OF CLAIM CONTAINING ANY MATERIALLY FALSE INFORMATION, OR CONCEALS FOR THE PURPOSE OF MISLEADING INFORMATION CONCERNING ANY FACT MATERIAL THERETO, MAY BE COMMITTING A FRAUDULENT INSURANCE ACT, WHICH MAY BE A CRIME AND MAY SUBJECT THE PERSON TO CRIMINAL AND CIVIL PENALTIES.

IN WASHINGTON, IT IS A CRIME TO KNOWINGLY PROVIDE FALSE, INCOMPLETE, OR MISLEADING INFORMATION TO AN INSURANCE COMPANY FOR THE PURPOSE OF DEFRAUDING THE COMPANY. PENALTIES INCLUDE IMPRISONMENT, FINES, AND DENIAL OF INSURANCE BENEFITS.

Exhibit 16:

Admiral_000799-000802

**To:** Bristow, Varian
**Subject:** FW: (EXTERNAL) Kabul - Policy Corrections - CA000038462-02 [EXTERNAL]
**Attachments:** CG2412_Kabul.pdf

Hi Varian,

Can you make below changes to the 21-22 policy term, effective inception. These are just corrections, no AP.

Amend form AD6666 to say "**ANY AND ALL RENTAL OF ATVS/UTVS. ANY AND ALL SALES, SERVICE OR REPAIR WORK**"

Add attached form, CG2412; however, please make sure for the form says "**Per schedule of Jet Skis & Boats – On file with our Company**"

Let me know if any questions.

Thanks!
Monika

*****IF TRYING TO REACH ME VIA PHONE, PLEASE CALL MY CELLPHONE: 815-603-1787*****

---

**From:** Holloran, Matt <matt.holloran@rtspecialty.com>
**Sent:** Monday, November 15, 2021 5:37 PM
**To:** Mezyk, Monika <mmezyk@admiralins.com>; Wardius, Bill <bwardius@rtspecialty.com>
**Subject:** RE: (EXTERNAL) Kabul - Policy Corrections - CA000038462-02 [EXTERNAL]

** CAUTION: External message

Monika, thanks for the double check on this policy. Please proceed with both of the items below.

Please confirm when this is processed.

Thanks and have a good evening.

J. Matthew Holloran
RT Specialty
Associate Broker to Bill Wardius
500 West Monroe Street | 30th Floor| Chicago, IL 60661
(P) (312) 767-0340 | (C) (208) 651-9192
Matt.Holloran@rtspecialty.com

---

**From:** Mezyk, Monika [mailto:mmezyk@admiralins.com]
**Sent:** Monday, November 15, 2021 3:51 PM
**To:** Wardius, Bill <bwardius@rtspecialty.com>
**Cc:** Holloran, Matt <matt.holloran@rtspecialty.com>
**Subject:** RE: (EXTERNAL) Kabul - Policy Corrections - CA000038462-02 [EXTERNAL]

Sounds good! Have a great evening.

Monika

*****IF TRYING TO REACH ME VIA PHONE, PLEASE CALL MY CELLPHONE: 815-603-1787*****

Admiral INSURANCE GROUP | a Berkley Company

**Monika Mezyk**
Associate Underwriter
**Office:**+1-312-980-1219
550 W Jackson Boulevard, Suite 500 | Chicago, IL 60661
www.admiralins.com

**From:** Wardius, Bill <bwardius@rtspecialty.com>
**Sent:** Monday, November 15, 2021 3:51 PM
**To:** Mezyk, Monika <mmezyk@admiralins.com>
**Cc:** Holloran, Matt <matt.holloran@rtspecialty.com>
**Subject:** RE: (EXTERNAL) Kabul - Policy Corrections - CA000038462-02 [EXTERNAL]

** CAUTION: External message

Thanks Monika. We'll need to review this in detail to see how the policy was negotiated, quoted & bound. Will be in touch with any questions.

Bill Wardius
*Senior Vice President*
*Casualty Division*
**RT Specialty**
500 W. Monroe St, 30th Floor
Chicago, IL 60661
Direct: (312) 379-8195
Mobile: (312) 806-3774
bwardius@rtspecialty.com

**From:** Mezyk, Monika <mmezyk@admiralins.com>
**Sent:** Monday, November 15, 2021 3:49 PM
**To:** Wardius, Bill <bwardius@rtspecialty.com>
**Cc:** Holloran, Matt <matt.holloran@rtspecialty.com>
**Subject:** (EXTERNAL) Kabul - Policy Corrections - CA000038462-02

Hi Bill,

Nice talking to you! As mentioned over the phone, I was reviewing the file and have noticed some discrepancies that I wanted to get corrected. See below and let me know if OK to process.

- For the 2021-22 policy term, we are including Boat rentals and not just Jet Ski Rentals (2020-2021 term excluded boat rentals). I noticed the Specified Operations Exclusion is still showing "Any and All rentals of Boats". Would like to correct to remove the exclusion of "boat rentals" as this is now included. The Specified Operations Endorsement correctly shows inclusion of "JET SKI & BOAT RENTAL"

- Form CG2412 was mistakenly removed at time of renewal on the 2021-22 policy. Attaching form from 2020-21 term. Will ensure the form reads "Per schedule of Jet Skis & Boats – On file with our Company". Schedules were provided at time of renewal so nothing is needed from insured's end.

Let me know if any issues with processing the above. Feel free to give me a call if you want to discuss!

Thanks!
Monika

*****IF TRYING TO REACH ME VIA PHONE, PLEASE CALL MY CELLPHONE: 815-603-1787*****

Admiral INSURANCE GROUP A Berkley Company

**Monika Mezyk**
Associate Underwriter
**Office:**+1-312-980-1219
550 W Jackson Boulevard, Suite 500 | Chicago, IL 60661
www.admiralins.com

CONFIDENTIALITY NOTICE: This e-mail and the transmitted documents contain private, privileged and confidential information belonging to the sender. The information therein is solely for the use of the addressee. If your receipt of this transmission has occurred as the result of an error, please immediately notify us so we can arrange for the return of the documents. In such circumstances, you are advised that you may not disclose, copy, distribute or take any other action in reliance on the information transmitted.
CONFIDENTIALITY NOTICE: This e-mail and the transmitted documents contain private, privileged and confidential information belonging to the sender. The information therein is solely for the use of the addressee. If your receipt of this transmission has occurred as the result of an error, please immediately notify us so we can arrange for the return of the documents. In such circumstances, you are advised that you may not disclose, copy, distribute or take any other action in reliance on the information transmitted.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

# BOATS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Description of Watercraft:**

PER SCHEDULE OF JET SKIS – ON FILE WITH OUR COMPANY

**Additional Premium:**

INCLUDED

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**1.** Exclusion g. of COVERAGE A (Section I) does not apply to any watercraft owned or used by or rented to the insured shown in the Schedule.

**2.** WHO IS AN INSURED (Section II) is amended to include as an insured any person or organization legally responsible for the use of any such watercraft you own, provided the actual use is with your permission.

ADMIRAL INSURANCE COMPANY

 Copyright, Insurance Services Office, Inc., 1984, 1992 

Exhibit 17:
Admiral_001543-001544
Boats Endorsement

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

# BOATS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Description of Watercraft:**

**Per schedule of Jet Skis & Boats – On file with our Company**

**Additional Premium:**
INCLUDED

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**1.** Exclusion g. of COVERAGE A (Section I) does not apply to any watercraft owned or used by or rented to the insured shown in the Schedule.

**2.** WHO IS AN INSURED (Section II) is amended to include as an insured any person or organization legally responsible for the use of any such watercraft you own, provided the actual use is with your permission.

 Copyright, Insurance Services Office, Inc., 1984, 1992 

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# SPECIFIED OPERATIONS EXCLUSIONS AMENDATORY ENDORSEMENT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM
COMMERCIAL EXCESS LIABILITY COVERAGE FORM
LIQUOR LIABILITY COVERAGE FORM
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE FORM
PROFESSIONAL LIABILITY COVERAGE FORM

In consideration of the premium charged it is agreed that the Specified Operations Exclusion are amended to be read as follows:

**ANY AND ALL RENTAL OF ATVS/UTVS. ANY AND ALL SALES, SERVICE OR REPAIR WORK**

MARKEL

# COMMERCIAL WATERCRAFT RENTAL INSURANCE APPLICATION

Requested Effective Date: 04/25/2020

General Agent Code: Producer Code: 11215

Applicant Name & Address:
KABUL INC DBA FASTRIP FOOD STORE
1131 HIGHWAY 95
BULLHEAD CITY AZ 86429

Principal Contact, Title: (928)754-1017, NAJIB NOORI

Producer Name & Address: FARM BUREAU FINANCIAL SERVICES
GREGG EIDSNESS AGENCY
2071 HIGHWAY 95 SUITE A
BULLHEAD CITY AZ 86442

Producer Phone Number: (928)763-8464

Fax Number: (928)758-1110

Physical Address Of Operation, List All Locations: 1131 HIGHWAY 95 BULLHEAD CITY AZ
1631 HIGHWAY 95 BULLHEAD CITY AZ

Mooring County: MOHAVE Phone Number: (928)754-1017

**ADDITIONAL INTEREST(S)**

Name And Address: CITY OF BULLHEAD CITY
2355 TRANE RD
BULLHEAD CITY AZ 86442

Relationship To Applicant:

**LIENHOLDER**

Name And Address:

**PREMIUM FINANCE COMPANY**

Name And Address:

How Are Watercraft Used By This Operation?
RENTALS OF PERSONAL WATERCRAFT FOR DAY USE

What Is The Experience Of The Principals With This Type Of Operation?
THE INSURED HAS BEEN OPERATING AT THIS LOCATION FOR THE LAST 20 YEARS

**ORGANIZATION**
- ☐ Individual
- ☐ Partnership
- ☒ Corporation
- ☐ Joint Venture
- ☐ Other

**OPERATING PERIOD**
- ☒ Year Round
- ☐ Seasonally

From:
To:

**OPERATING FROM**
- ☐ Marina
- ☐ Beach Front
- ☒ Public Ramp
- ☐ Other:

How Many Years Has Applicant Owned/Operated This Business? 20

How Many Years Has Applicant Operated From This Location? 20

Gross Receipts For This Operation Last Year: $ 420,000

Projected Gross Receipts For This Year: $ 315,000

List And Describe All Other Commercial Activities Conducted On The Premise, Whether Owned Or Non-Owned:
FASTRIP CONVEINENCE STORE
GAS STATION

If Owned, Is There Other Insurance In Force?
☐ No ☒ Yes, Explain: POLICIES WITH FARM BUREAU COMMERCIAL

Previous Insurance Carrier:

Expiration Date:

Has Any Company Ever Canceled Or Non-Renewed Insurance For This Applicant? (Missouri residents Need Not Answer)
☒ No ☐ Yes, Explain:

**NAVIGATION LIMITS DESIRED & RANGE OF NAVIGATION**

- ☒ US INLAND RIVERS/WATERWAYS ONLY
- ☐ COASTAL Up To 25 Miles Offshore
- ☐ ATLANTIC ☐ PACIFIC ☐ GULF ☐ BAHAMAS
- ☐ GREAT LAKES & TRIBUTARIES
- ☐ LAKE MEAD, POWELL OR TAHOE

**Extended Navigation Limits -**
**NO BINDING AUTHORITY IS EXTENDED**
Submit for approval with detailed boating experience resume, MVR and current survey. Offshore navigation limit desired:
☐ 25 – 50 MILES OFFSHORE ☐ 50 – 75 ☐ 75 – 100

**MOORING LOCATION OF VESSEL WHEN IN USE**—MARINA NAME (IF APPLICABLE), ADDRESS, CITY, STATE, ZIP

OPERATING PERIOD: ☐ YEAR ROUND ☐ SEASONAL

**LAY-UP LOCATION WHEN NOT IN USE**—MARINA NAME (IF APPLICABLE), ADDRESS, CITY, STATE, ZIP

TYPE OF LAY-UP: ☐ Ashore ☐ Afloat

**WHEN NOT IN USE, VESSEL IS:**
☒ **ASHORE** ☐ **AFLOAT** (NO LAYUP CREDIT ALLOWED IF AFLOAT)

**WARRANTED ON SHORE LAY-UP PERIOD (MM/DD/YY)**
**FROM: TO:**

**FIVE YEAR CLAIMS HISTORY - WATERCRAFT & PREMISES**

| Date Of Event | Details Of Loss Or Claim | Amount Of Claim | Status |
|---|---|---|---|
| | | | |

MARKEL

# COMMERCIAL WATERCRAFT RENTAL USE SECTION

How Many Years Has The Applicant Been Doing Business As A Rental Operation?
20

If A New Venture, List Any Previous Watercraft Rental Experience:

If Applicable, Please Provide All Other Names That This Business Has Operated Under:

| Who Is Responsible For Overseeing The Watercraft Rental Operations? | Title | Date Of Birth |
|---|---|---|
| NAJIB NOORI | OWNER | [redacted] |

| Number Of Rental Operation Employees | Employee(s) Ages | Are Employees Trained In First Aid, CPR, Etc.? |
|---|---|---|
| 6 | 21+ | ☒ No ☐ Yes, Explain: |

Describe How Renters Are Screened:
MUST HAVE AT LEAST 50 HOURS OF OPERATION EXPERIENCE, QUESTIONED TO DETERMINE EXPERIENCE LEVEL

| | |
|---|---|
| How Old Must A Person Be To Rent The Watercraft?<br>18 OR OLDER | How Is Renter Age Verified?<br>VALID DRIVER LICENSE |
| What Type Of Instruction Is Provided To Each Renter?<br>BROCHURES AND VIDEOS | Who Provides The Instruction?<br>MANAGER OF RENTAL |
| Are Renters Allowed To Trailer Units To Other Locations?<br>☒ No ☐ Yes, Explain: | Does Insured/Owner Trailer Units To Other Locations?<br>☐ No ☒ Yes, Explain: DELIVERED TO LAKE BY EMPLOYEE |

What Navigation Limits Are Placed On The Renter? (Body Of Water And Range Of Navigation)
COLORADO RIVER, LAKE MOHAVE

How Is Each Rental Supervised And Assisted If Help Is Required?
IF ASSISTANCE IS NEEDED CELL PHONE CONTACT IS AVAILABLE

Is Swimming, Snorkeling, SCUBA Or Diving Allowed From Vessels?
☒ No ☐ Yes, Explain:

Will Any Person Besides The Contracted Renter Be Allowed To Operate The Vessel?
☒ No ☐ Yes, Explain:

| | |
|---|---|
| Are Renters Allowed To Tow Water-Skiers Or Water Toys?<br>☒ No ☐ Yes, Explain: | Does Applicant Supply The Tow Rope, Skis Or Water Toys?<br>☒ No ☐ Yes, Explain: |
| Where Are Vessels Kept When Not In Use?<br>AT THE BUSINESS LOCATION | How Are Vessels Secured Against Theft?<br>FENCE AND SECURITY CAMERAS |
| How Long Are Rental Agreements Kept On File? | Does Applicant Keep Records Of Vessel Maintenance?<br>YES |

Does Applicant Or Any Employee Operate The Watercraft In The Course Of Employment?
☐ No ☐ Yes, Explain:

Does Applicant Or Any Employee Use The Watercraft For Personal Pleasure?
☒ No ☐ Yes, Explain:

Remarks:

**To bind coverage the following information must be provided and be deemed acceptable:**

- ☐ A copy of the current Rental Agreement
- ☐ A copy of Check out or Renter training procedures
- ☐ A complete schedule of all vessels including the lengths of all vessels as well as the serial numbers for each vessel, motor and trailer
- ☐ If requesting $1 million liability limits, please supply 3-5 years of loss runs

**NOTE: Coverage will not be bound without an acceptable rental agreement, checkout procedures and a complete schedule of vessels on file.**

| COVERAGES AND PREMIUMS | | | |
|---|---|---|---|
| COVERAGE | LIMITS REQUESTED | DEDUCTIBLE | PREMIUM |
| WATERCRAFT AND EQUIPMENT (Total of Hull Values from Schedule) | | MINIMUM $1000 DEDUCTIBLE | |
| WATERCRAFT LIABILITY | 1,000,000 | $1000 DEDUCTIBLE | |
| WATERSPORTS LIABILITY | | | |
| PREMISES LIABILITY (SUBMIT PREMISES APP.) | | | |
| TRAILER PHYSICAL DAMAGE | | 250 | |

**PAYMENT OPTIONS**

☐ TOTAL ANNUAL PREMIUM

* $5 FEE PER INSTALLMENT

☐ 3 PAY PLAN* - 40% DOWN, 30% DUE IN 60 DAYS, 30% DUE IN 150 DAYS. WRITTEN PREMIUM MUST BE GREATER THAN $750

☐ 6 PAY PLAN* - 35% DOWN, 15% DUE IN 60, 90, 120, AND 10% DUE IN 150 AND 180 DAYS. WRITTEN PREMIUM MUST BE GREATER THAN $1,500

$1,000 MINIMUM EARNED PREMIUM $1,000 MINIMUM WRITTEN PREMIUM $1,000 MINIMUM DEDUCTIBLE

**CANCELLATION IS SUBJECT TO ACCELERATED SHORT RATE CANCEL – FULLY EARNED PREMIUM IN 210 DAYS (7 MONTHS)**

## APPLICANT'S STATEMENT AND SIGNATURE

This notice is given in compliance with the Federal Fair Credit Reporting Act (Public Law 91-508) and the Consumer Credit Reform Act of 1996. I understand that as part of the Company's underwriting procedure, a routine inquiry may be made which will provide applicable information concerning character, general reputation, personal characteristics, mode of living and driving record. Upon written request, additional information as to the scope of the report, if one is made, will be provided.

I have read this application and the entries on it. I understand that if my watercraft is used in any official or pre-arranged race, contest or event or is being held for sale, that this type of usage will void the obligation of the Company to cover any claims that might occur. I understand that if an ACV policy is purchased, the maximum limit for hull coverage is the actual cash value (ACV) at the time of the loss or the stated ACV above, whichever is less. The foregoing statements made and signed by the owner(s) represents the information set forth as correct and a true basis on which insurance may be granted but in no way binds the applicant to accept quotation or insurers to accept risk.

**FRAUD WARNING: It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines, and denial of insurance benefits. Your state may have specific warnings against filing false claim information.**

| | |
|---|---|
| AZ | For your protection Arizona law requires the following statement to appear on this form. Any person who knowingly presents a false or fraudulent claim for payment of a loss is subject to criminal and civil penalties. |
| CA | For your protection California law requires the following to appear on this form: Any person who knowingly presents false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison. |
| NY | Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation. |
| OR | Any person who knowingly presents a false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison. |
| PA | Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of a claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties. |

| | |
|---|---|
| APPLICANT 'S SIGNATURE: [signature] DATE: 4/24/2020 | PRODUCER'S SIGNATURE: [signature] DATE: 4/24/2020 |
| TITLE (REQUIRED IF BOAT IS CORPORATELY TITLED) | HOW LONG HAS THIS APPLICANT BEEN YOUR CLIENT? 21 |

ACORD®

# COMMERCIAL INSURANCE APPLICATION

## APPLICANT INFORMATION SECTION

DATE (MM/DD/YYYY): 04/21/2020

| AGENCY | | CARRIER | NAIC CODE |
|---|---|---|---|
| FARM BUREAU FINANCIAL SERVICES<br>GREGG EIDSNESS, AGENT<br>2071 HIGHWAY 95 SUITE A<br>BULLHEAD CITY AZ 86442 | | COMPANY POLICY OR PROGRAM NAME | PROGRAM CODE |
| | | POLICY NUMBER | |
| CONTACT NAME: GREGG EIDSNESS | | UNDERWRITER | UNDERWRITER OFFICE |
| PHONE (A/C, No, Ext): (928) 763-8464 | | STATUS OF TRANSACTION | [ ] QUOTE [ ] ISSUE POLICY [X] RENEW<br>[ ] BOUND (Give Date and/or Attach Copy):<br>[ ] CHANGE DATE TIME [ ] AM<br>[ ] CANCEL [ ] PM |
| FAX (A/C, No): (928) 758-1110 | | | |
| E-MAIL ADDRESS: GREGG.EIDSNESS@FBFS.COM | | | |
| CODE: 11215 | SUBCODE: | | |
| AGENCY CUSTOMER ID: | | | |

## SECTIONS ATTACHED

| | INDICATE SECTIONS ATTACHED | PREMIUM | | | PREMIUM | | | PREMIUM |
|---|---|---|---|---|---|---|---|---|
| | ACCOUNTS RECEIVABLE / VALUABLE PAPERS | $ | | ELECTRONIC DATA PROC | $ | | TRANSPORTATION / MOTOR TRUCK CARGO | $ |
| | BOILER & MACHINERY | $ | | EQUIPMENT FLOATER | $ | | TRUCKERS / MOTOR CARRIER | $ |
| | BUSINESS AUTO | $ | | GARAGE AND DEALERS | $ | | UMBRELLA | $ |
| | BUSINESS OWNERS | $ | | GLASS AND SIGN | $ | | YACHT | $ |
| X | COMMERCIAL GENERAL LIABILITY | $ | | INSTALLATION / BUILDERS RISK | $ | | | $ |
| | CRIME / MISCELLANEOUS CRIME | $ | | OPEN CARGO | $ | | | $ |
| | DEALERS | $ | | PROPERTY | $ | | | $ |

## ATTACHMENTS

| | | | | | |
|---|---|---|---|---|---|
| X | ADDITIONAL INTEREST | | PREMIUM PAYMENT SUPPLEMENT | | |
| X | ADDITIONAL PREMISES | | PROFESSIONAL LIABILITY SUPPLEMENT | | |
| | APARTMENT BUILDING SUPPLEMENT | | RESTAURANT / TAVERN SUPPLEMENT | | |
| | CONDO ASSN BYLAWS (for D&O Coverage only) | | STATEMENT / SCHEDULE OF VALUES | | |
| | CONTRACTORS SUPPLEMENT | | STATE SUPPLEMENT (If applicable) | | |
| | COVERAGES SCHEDULE | | VACANT BUILDING SUPPLEMENT | | |
| | DRIVER INFORMATION SCHEDULE | | VEHICLE SCHEDULE | | |
| | INTERNATIONAL LIABILITY EXPOSURE SUPPLEMENT | | | | |
| | INTERNATIONAL PROPERTY EXPOSURE SUPPLEMENT | | | | |
| | LOSS SUMMARY | | | | |

## POLICY INFORMATION

| PROPOSED EFF DATE | PROPOSED EXP DATE | BILLING PLAN | PAYMENT PLAN | METHOD OF PAYMENT | AUDIT | DEPOSIT | MINIMUM PREMIUM | POLICY PREMIUM |
|---|---|---|---|---|---|---|---|---|
| 04/25/2020 | 04/25/2021 | [X] DIRECT [ ] AGENCY | ANNUAL | | | $ | $ | $ |

## APPLICANT INFORMATION

| NAME (First Named Insured) AND MAILING ADDRESS (including ZIP+4) | GL CODE | SIC | NAICS | FEIN OR SOC SEC # |
|---|---|---|---|---|
| KABUL INC<br>DBA FASTRIP FOOD STORE<br>1131 HIGHWAY 95<br>BULLHEAD CITY AZ 86429 | | | | 86-0773163 |
| | BUSINESS PHONE #: (928) 754-1017 | | | |
| | WEBSITE ADDRESS | | | |

[X] CORPORATION [ ] JOINT VENTURE [ ] NOT FOR PROFIT ORG [ ] SUBCHAPTER "S" CORPORATION
[ ] INDIVIDUAL [ ] LLC NO. OF MEMBERS AND MANAGERS: ____ [ ] PARTNERSHIP [ ] TRUST

| NAME (Other Named Insured) AND MAILING ADDRESS (including ZIP+4) | GL CODE | SIC | NAICS | FEIN OR SOC SEC # |
|---|---|---|---|---|
| | | | | |
| | BUSINESS PHONE #: | | | |
| | WEBSITE ADDRESS | | | |

[ ] CORPORATION [ ] JOINT VENTURE [ ] NOT FOR PROFIT ORG [ ] SUBCHAPTER "S" CORPORATION
[ ] INDIVIDUAL [ ] LLC NO. OF MEMBERS AND MANAGERS: ____ [ ] PARTNERSHIP [ ] TRUST

| NAME (Other Named Insured) AND MAILING ADDRESS (including ZIP+4) | GL CODE | SIC | NAICS | FEIN OR SOC SEC # |
|---|---|---|---|---|
| | | | | |
| | BUSINESS PHONE #: | | | |
| | WEBSITE ADDRESS | | | |

[ ] CORPORATION [ ] JOINT VENTURE [ ] NOT FOR PROFIT ORG [ ] SUBCHAPTER "S" CORPORATION
[ ] INDIVIDUAL [ ] LLC NO. OF MEMBERS AND MANAGERS: ____ [ ] PARTNERSHIP [ ] TRUST


© 1993-2013 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD

## CONTACT INFORMATION

AGENCY CUSTOMER ID:

| | |
|---|---|
| CONTACT TYPE: OWNER | CONTACT TYPE: |
| CONTACT NAME: NAJIBULLAH NOORI | CONTACT NAME: |
| PRIMARY PHONE # ☐ HOME ☐ BUS ☒ CELL (928) 234-0880 — SECONDARY PHONE # ☐ HOME ☐ BUS ☐ CELL | PRIMARY PHONE # ☐ HOME ☐ BUS ☐ CELL — SECONDARY PHONE # ☐ HOME ☐ BUS ☐ CELL |
| PRIMARY E-MAIL ADDRESS: | PRIMARY E-MAIL ADDRESS: |
| SECONDARY E-MAIL ADDRESS: | SECONDARY E-MAIL ADDRESS: |

## PREMISES INFORMATION (Attach ACORD 823 for Additional Premises)

| LOC # | BLD # | STREET | CITY | COUNTY | STATE | ZIP | CITY LIMITS | INTEREST | # FULL TIME EMPL | # PART TIME EMPL |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1131 HIGHWAY 95 | BULLHEAD CITY | MOHAVE | AZ | 86442 | ☒ INSIDE ☐ OUTSIDE | ☒ OWNER ☐ TENANT | | |
| 2 | | 430 LONG AVE | BULLHEAD CITY | MOHAVE | AZ | 86442 | ☒ INSIDE ☐ OUTSIDE | ☒ OWNER ☐ TENANT | | |
| 3 | | 434 LONG AVE | BULLHEAD CITY | MOHAVE | AZ | 86442 | ☒ INSIDE ☐ OUTSIDE | ☒ OWNER ☐ TENANT | | |
| 4 | 1 | 1631 HIGHWAY 95 | BULLHEAD CITY | MOHAVE | AZ | 86429 | ☒ INSIDE ☐ OUTSIDE | ☒ OWNER ☐ TENANT | | |

For each location: ANNUAL REVENUES: $ ; OCCUPIED AREA: SQ FT; OPEN TO PUBLIC AREA: SQ FT; TOTAL BUILDING AREA: SQ FT; ANY AREA LEASED TO OTHERS? Y / N; DESCRIPTION OF OPERATIONS:

## NATURE OF BUSINESS

☐ APARTMENTS ☐ CONDOMINIUMS ☐ CONTRACTOR ☐ INSTITUTIONAL ☐ MANUFACTURING ☐ OFFICE ☐ RESTAURANT ☐ RETAIL ☒ SERVICE ☐ WHOLESALE ☐

DATE BUSINESS STARTED (MM/DD/YYYY):

DESCRIPTION OF PRIMARY OPERATIONS

PERSONAL WATERCRAFT RENTAL

RETAIL STORES OR SERVICE OPERATIONS % OF TOTAL SALES: | INSTALLATION, SERVICE OR REPAIR WORK % | OFF PREMISES INSTALLATION, SERVICE OR REPAIR WORK %

DESCRIPTION OF OPERATIONS OF OTHER NAMED INSUREDS

## ADDITIONAL INTEREST (Not all fields apply to all scenarios - provide only the necessary data) Attach ACORD 45 for more Additional Interests

INTEREST: ☒ ADDITIONAL INSURED ☐ BREACH OF WARRANTY ☐ CO-OWNER ☐ EMPLOYEE AS LESSOR ☐ LEASEBACK OWNER ☐ LIENHOLDER ☐ ☐ LOSS PAYEE ☐ MORTGAGEE ☐ OWNER ☐ REGISTRANT ☐ TRUSTEE

NAME AND ADDRESS RANK: EVIDENCE: ☐ CERTIFICATE ☒ POLICY ☐ SEND BILL

CITY OF BULLHEAD CITY
2355 TRANE RD
BULLHEAD CITY AZ 86442

INTEREST IN ITEM NUMBER: LOCATION: BUILDING: VEHICLE: BOAT: AIRPORT: AIRCRAFT: ITEM CLASS: ITEM: ITEM DESCRIPTION

REFERENCE / LOAN #: INTEREST END DATE:

LIEN AMOUNT: PHONE (A/C, No, Ext): FAX (A/C, No):

REASON FOR INTEREST: E-MAIL ADDRESS:

## GENERAL INFORMATION

AGENCY CUSTOMER ID: ____________

EXPLAIN ALL "YES" RESPONSES

| | Y / N |
|---|---|
| 1a. IS THE APPLICANT A SUBSIDIARY OF ANOTHER ENTITY ? PARENT COMPANY NAME / RELATIONSHIP DESCRIPTION / % OWNED | N |
| 1b. DOES THE APPLICANT HAVE ANY SUBSIDIARIES? SUBSIDIARY COMPANY NAME / RELATIONSHIP DESCRIPTION / % OWNED | N |
| 2. IS A FORMAL SAFETY PROGRAM IN OPERATION? ☐ SAFETY MANUAL ☐ MONTHLY MEETINGS ☐ ☐ SAFETY POSITION ☐ OSHA | N |
| 3. ANY EXPOSURE TO FLAMMABLES, EXPLOSIVES, CHEMICALS? | N |
| 4. ANY OTHER INSURANCE WITH THIS COMPANY? (List policy numbers) | N |
| 5. ANY POLICY OR COVERAGE DECLINED, CANCELLED OR NON-RENEWED DURING THE PRIOR THREE (3) YEARS FOR ANY PREMISES OR OPERATIONS? **(Missouri Applicants - Do not answer this question)** ☐ NON-PAYMENT ☐ AGENT NO LONGER REPRESENTS CARRIER ☐ ☐ NON-RENEWAL ☐ UNDERWRITING ☐ CONDITION CORRECTED (Describe): | N |
| 6. ANY PAST LOSSES OR CLAIMS RELATING TO SEXUAL ABUSE OR MOLESTATION ALLEGATIONS, DISCRIMINATION OR NEGLIGENT HIRING? | N |
| 7. DURING THE LAST FIVE YEARS (TEN IN RI), HAS ANY APPLICANT BEEN INDICTED FOR OR CONVICTED OF ANY DEGREE OF THE CRIME OF FRAUD, BRIBERY, ARSON OR ANY OTHER ARSON-RELATED CRIME IN CONNECTION WITH THIS OR ANY OTHER PROPERTY? (In RI, this question must be answered by any applicant for property insurance. Failure to disclose the existence of an arson conviction is a misdemeanor punishable by a sentence of up to one year of imprisonment). | N |
| 8. ANY UNCORRECTED FIRE AND/OR SAFETY CODE VIOLATIONS? | N |
| 9. HAS APPLICANT HAD A FORECLOSURE, REPOSSESSION, BANKRUPTCY OR FILED FOR BANKRUPTCY DURING THE LAST FIVE (5) YEARS? | N |
| 10. HAS APPLICANT HAD A JUDGEMENT OR LIEN DURING THE LAST FIVE (5) YEARS? | N |
| 11. HAS BUSINESS BEEN PLACED IN A TRUST? NAME OF TRUST | N |
| 12. ANY FOREIGN OPERATIONS, FOREIGN PRODUCTS DISTRIBUTED IN USA, OR US PRODUCTS SOLD/DISTRIBUTED IN FOREIGN COUNTRIES? (If "YES", attach ACORD 815 for Liability Exposure and/or ACORD 816 for Property Exposure) | N |
| 13. DOES APPLICANT HAVE OTHER BUSINESS VENTURES FOR WHICH COVERAGE IS NOT REQUESTED? | N |

Question 4:

| LINE OF BUSINESS | POLICY NUMBER | LINE OF BUSINESS | POLICY NUMBER |
|---|---|---|---|
| | | | |
| | | | |

Question 8:

| OCCURRENCE DATE | EXPLANATION | RESOLUTION | RESOLUTION DATE |
|---|---|---|---|
| | | | |
| | | | |

Question 9:

| OCCURRENCE DATE | EXPLANATION | RESOLUTION | RESOLUTION DATE |
|---|---|---|---|
| | | | |
| | | | |

Question 10:

| OCCURRENCE DATE | EXPLANATION | RESOLUTION | RESOLUTION DATE |
|---|---|---|---|
| | | | |
| | | | |

**REMARKS / PROCESSING INSTRUCTIONS (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)**

## PRIOR CARRIER INFORMATION

| YEAR | CATEGORY | GENERAL LIABILITY | AUTOMOBILE | PROPERTY | OTHER: |
|---|---|---|---|---|---|
| | CARRIER | | | | |
| | POLICY NUMBER | | | | |
| | PREMIUM | $ | $ | $ | $ |
| | EFFECTIVE DATE | | | | |
| | EXPIRATION DATE | | | | |

**PRIOR CARRIER INFORMATION (continued)** **AGENCY CUSTOMER ID:** ____________

| YEAR | CATEGORY | GENERAL LIABILITY | AUTOMOBILE | PROPERTY | OTHER: |
|---|---|---|---|---|---|
| | CARRIER | | | | |
| | POLICY NUMBER | | | | |
| | PREMIUM | $ | $ | $ | $ |
| | EFFECTIVE DATE | | | | |
| | EXPIRATION DATE | | | | |
| | CARRIER | | | | |
| | POLICY NUMBER | | | | |
| | PREMIUM | $ | $ | $ | $ |
| | EFFECTIVE DATE | | | | |
| | EXPIRATION DATE | | | | |

**LOSS HISTORY** ☐ **Check if none (Attach Loss Summary for Additional Loss Information)**

ENTER ALL CLAIMS OR LOSSES (REGARDLESS OF FAULT AND WHETHER OR NOT INSURED) OR OCCURRENCES THAT MAY GIVE RISE TO CLAIMS FOR THE LAST _____ YEARS

**TOTAL LOSSES: $**

| DATE OF OCCURRENCE | LINE | TYPE / DESCRIPTION OF OCCURRENCE OR CLAIM | DATE OF CLAIM | AMOUNT PAID | AMOUNT RESERVED | SUBRO-GATION Y / N | CLAIM OPEN Y / N |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**SIGNATURE**

☐ Copy of the Notice of Information Practices (Privacy) has been given to the applicant. (Not required in all states, contact your agent or broker for your state's requirements.)

PERSONAL INFORMATION ABOUT YOU, INCLUDING INFORMATION FROM A CREDIT OR OTHER INVESTIGATIVE REPORT, MAY BE COLLECTED FROM PERSONS OTHER THAN YOU IN CONNECTION WITH THIS APPLICATION FOR INSURANCE AND SUBSEQUENT AMENDMENTS AND RENEWALS. SUCH INFORMATION AS WELL AS OTHER PERSONAL AND PRIVILEGED INFORMATION COLLECTED BY US OR OUR AGENTS MAY IN CERTAIN CIRCUMSTANCES BE DISCLOSED TO THIRD PARTIES WITHOUT YOUR AUTHORIZATION. CREDIT SCORING INFORMATION MAY BE USED TO HELP DETERMINE EITHER YOUR ELIGIBILITY FOR INSURANCE OR THE PREMIUM YOU WILL BE CHARGED. WE MAY USE A THIRD PARTY IN CONNECTION WITH THE DEVELOPMENT OF YOUR SCORE. YOU MAY HAVE THE RIGHT TO REVIEW YOUR PERSONAL INFORMATION IN OUR FILES AND REQUEST CORRECTION OF ANY INACCURACIES. YOU MAY ALSO HAVE THE RIGHT TO REQUEST IN WRITING THAT WE CONSIDER EXTRAORDINARY LIFE CIRCUMSTANCES IN CONNECTION WITH THE DEVELOPMENT OF YOUR CREDIT SCORE. THESE RIGHTS MAY BE LIMITED IN SOME STATES. PLEASE CONTACT YOUR AGENT OR BROKER TO LEARN HOW THESE RIGHTS MAY APPLY IN YOUR STATE OR FOR INSTRUCTIONS ON HOW TO SUBMIT A REQUEST TO US FOR A MORE DETAILED DESCRIPTION OF YOUR RIGHTS AND OUR PRACTICES REGARDING PERSONAL INFORMATION. (Not applicable in AZ, CA, DE, KS, MA, MN, ND, NY, OR, VA, or WV. Specific ACORD 38s are available for applicants in these states.) **(Applicant's Initials):** ____________

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance containing any materially false information or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects that person to criminal and civil penalties (In Oregon, the aforementioned actions may constitute a fraudulent insurance act which may be a crime and may subject the person to penalties). (In New York, the civil penalty is not to exceed five thousand dollars ($5,000) and the stated value of the claim for each such violation). **(Not applicable in AL, AR, AZ, CO, DC, FL, KS, LA, ME, MD, MN, NM, OK, PR, RI, TN, VA, VT, WA and WV).**

**Applicable in AL, AR, AZ, DC, LA, MD, NM, RI and WV:** Any person who knowingly (or willfully in MD) presents a false or fraudulent claim for payment of a loss or benefit or who knowingly (or willfully in MD) presents false information in an application for insurance is guilty of a crime and may be subject to fines or confinement in prison.

**Applicable in Colorado:** It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company. Penalties may include imprisonment, fines, denial of insurance and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policyholder or claimant for the purpose of defrauding or attempting to defraud the policyholder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado Division of Insurance within the department of regulatory agencies.

**Applicable in Florida and Oklahoma:** Any person who knowingly and with intent to injure, defraud, or deceive any insurer files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony (In FL, a person is guilty of a felony of the third degree).

**Applicable in Kansas:** Any person who, knowingly and with intent to defraud, presents, causes to be presented or prepares with knowledge or belief that it will be presented to or by an insurer, purported insurer, broker or any agent thereof, any written statement as part of, or in support of, an application for the issuance of, or the rating of an insurance policy for personal or commercial insurance, or a claim for payment or other benefit pursuant to an insurance policy for commercial or personal insurance which such person knows to contain materially false information concerning any fact material thereto; or conceals, for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act.

**Applicable in Maine, Tennessee, Virginia and Washington:** It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties may include imprisonment, fines or a denial of insurance benefits.

**Applicable in Puerto Rico:** Any person who knowingly and with the intention of defrauding presents false information in an insurance application, or presents, helps, or causes the presentation of a fraudulent claim for the payment of a loss or any other benefit, or presents more than one claim for the same damage or loss, shall incur a felony and, upon conviction, shall be sanctioned for each violation by a fine of not less than five thousand dollars ($5,000) and not more than ten thousand dollars ($10,000), or a fixed term of imprisonment for three (3) years, or both penalties. Should aggravating circumstances be present, the penalty thus established may be increased to a maximum of five (5) years, if extenuating circumstances are present, it may be reduced to a minimum of two (2) years.

THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND REPRESENTS THAT REASONABLE INQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTIONS ON THIS APPLICATION. HE/SHE REPRESENTS THAT THE ANSWERS ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE.

| PRODUCER'S SIGNATURE | PRODUCER'S NAME (Please Print) | | STATE PRODUCER LICENSE NO (Required in Florida) |
|---|---|---|---|
| [signature] | STEFANY HAWK | | |
| **APPLICANT'S SIGNATURE** [signature] | | **DATE** 4/24/2020 | **NATIONAL PRODUCER NUMBER** |

AGENCY CUSTOMER ID: ____________

ACORD®

# COMMERCIAL GENERAL LIABILITY SECTION

DATE (MM/DD/YYYY): 04/21/2020

| AGENCY | CARRIER | NAIC CODE |
|---|---|---|
| FARM BUREAU FINANCIAL, GREGG EIDSNESS | | |
| POLICY NUMBER | EFFECTIVE DATE: 04/25/2020 | APPLICANT / FIRST NAMED INSURED: KABUL INC, DBA FASTRIP FOOD STORE |

## COVERAGES

- [X] COMMERCIAL GENERAL LIABILITY
  - [ ] CLAIMS MADE  [X] OCCURRENCE
- [ ] OWNER'S & CONTRACTOR'S PROTECTIVE

DEDUCTIBLES

- [ ] PROPERTY DAMAGE $
- [ ] BODILY INJURY $
- [ ] $

[ ] PER CLAIM [ ] PER OCCURRENCE

## LIMITS

| LIMITS | | PREMIUMS |
|---|---|---|
| GENERAL AGGREGATE | $ 1,000,000 | PREMISES/OPERATIONS |
| LIMIT APPLIES PER: [X] POLICY [ ] LOCATION [ ] PROJECT [ ] OTHER: | | |
| PRODUCTS & COMPLETED OPERATIONS AGGREGATE | $ 1,000,000 | PRODUCTS |
| PERSONAL & ADVERTISING INJURY | $ | |
| EACH OCCURRENCE | $ 1,000,000 | OTHER |
| DAMAGE TO RENTED PREMISES (each occurrence) | $ 100,000 | |
| MEDICAL EXPENSE (Any one person) | $ | TOTAL |
| EMPLOYEE BENEFITS | $ | |
| | $ | |

OTHER COVERAGES, RESTRICTIONS AND/OR ENDORSEMENTS (For hired/non-owned auto coverages attach the applicable state Business Auto Section, ACORD 137)

APPLICABLE ONLY IN WISCONSIN: IF NON-OWNED ONLY AUTO COVERAGE IS TO BE PROVIDED UNDER THE POLICY:

1. UM / UIM COVERAGE [ ] IS [ ] IS NOT AVAILABLE.
2. MEDICAL PAYMENTS COVERAGE [ ] IS [ ] IS NOT AVAILABLE.

## SCHEDULE OF HAZARDS

| LOC # | HAZ # | CLASSIFICATION | CLASS CODE | PREMIUM BASIS | EXPOSURE | TERR | RATE PREM/OPS | RATE PRODUCTS | PREMIUM PREM/OPS | PREMIUM PRODUCTS |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | PERSONAL WATERCRAFT | 90646 | S | 315,000 | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

RATING AND PREMIUM BASIS
(S) GROSS SALES - PER $1,000/SALES
(P) PAYROLL - PER $1,000/PAY
(A) AREA - PER 1,000/SQ FT
(C) TOTAL COST - PER $1,000/COST
(M) ADMISSIONS - PER 1,000/ADM
(U) UNIT - PER UNIT
(T) OTHER

## CLAIMS MADE (Explain all "Yes" responses)

| EXPLAIN ALL "YES" RESPONSES | Y / N |
|---|---|
| 1. PROPOSED RETROACTIVE DATE: | |
| 2. ENTRY DATE INTO UNINTERRUPTED CLAIMS MADE COVERAGE: | |
| 3. HAS ANY PRODUCT, WORK, ACCIDENT, OR LOCATION BEEN EXCLUDED, UNINSURED OR SELF-INSURED FROM ANY PREVIOUS COVERAGE? | N |
| 4. WAS TAIL COVERAGE PURCHASED UNDER ANY PREVIOUS POLICY? | N |

## EMPLOYEE BENEFITS LIABILITY

| | |
|---|---|
| 1. DEDUCTIBLE PER CLAIM: $ | 3. NUMBER OF EMPLOYEES COVERED BY EMPLOYEE BENEFITS PLANS: |
| 2. NUMBER OF EMPLOYEES: | 4. RETROACTIVE DATE: |

 © 1993-2011 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD

## CONTRACTORS

AGENCY CUSTOMER ID:

| EXPLAIN ALL "YES" RESPONSES (For all past or present operations) | Y / N |
|---|---|
| 1. DOES APPLICANT DRAW PLANS, DESIGNS, OR SPECIFICATIONS FOR OTHERS? | N |
| 2. DO ANY OPERATIONS INCLUDE BLASTING OR UTILIZE OR STORE EXPLOSIVE MATERIAL? | N |
| 3. DO ANY OPERATIONS INCLUDE EXCAVATION, TUNNELING, UNDERGROUND WORK OR EARTH MOVING? | N |
| 4. DO YOUR SUBCONTRACTORS CARRY COVERAGES OR LIMITS LESS THAN YOURS? | N |
| 5. ARE SUBCONTRACTORS ALLOWED TO WORK WITHOUT PROVIDING YOU WITH A CERTIFICATE OF INSURANCE? | N |
| 6. DOES APPLICANT LEASE EQUIPMENT TO OTHERS WITH OR WITHOUT OPERATORS? | N |

| DESCRIBE THE TYPE OF WORK SUBCONTRACTED | $ PAID TO SUB-CONTRACTORS: | % OF WORK SUBCONTRACTED: | # FULL-TIME STAFF: | # PART-TIME STAFF: |
|---|---|---|---|---|
| | | | | |

## PRODUCTS / COMPLETED OPERATIONS

| PRODUCTS | ANNUAL GROSS SALES | # OF UNITS | TIME IN MARKET | EXPECTED LIFE | INTENDED USE | PRINCIPAL COMPONENTS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

| EXPLAIN ALL "YES" RESPONSES (For all past or present products or operations) PLEASE ATTACH LITERATURE, BROCHURES, LABELS, WARNINGS, ETC. | Y / N |
|---|---|
| 1. DOES APPLICANT INSTALL, SERVICE OR DEMONSTRATE PRODUCTS? | N |
| 2. FOREIGN PRODUCTS SOLD, DISTRIBUTED, USED AS COMPONENTS? (If "YES", attach ACORD 815) | N |
| 3. RESEARCH AND DEVELOPMENT CONDUCTED OR NEW PRODUCTS PLANNED? | N |
| 4. GUARANTEES, WARRANTIES, HOLD HARMLESS AGREEMENTS? | N |
| 5. PRODUCTS RELATED TO AIRCRAFT/SPACE INDUSTRY? | N |
| 6. PRODUCTS RECALLED, DISCONTINUED, CHANGED? | N |
| 7. PRODUCTS OF OTHERS SOLD OR RE-PACKAGED UNDER APPLICANT LABEL? | N |
| 8. PRODUCTS UNDER LABEL OF OTHERS? | N |
| 9. VENDORS COVERAGE REQUIRED? | N |
| 10. DOES ANY NAMED INSURED SELL TO OTHER NAMED INSUREDS? | N |

AGENCY CUSTOMER ID:

## ADDITIONAL INTEREST / CERTIFICATE RECIPIENT

☐ ACORD 45 attached for additional names

| INTEREST | NAME AND ADDRESS RANK: | EVIDENCE: ☒ CERTIFICATE | INTEREST IN ITEM NUMBER |
|---|---|---|---|
| ☒ ADDITIONAL INSURED | CITY OF BULLHEAD CITY | | LOCATION: BUILDING: |
| ☐ EMPLOYEE AS LESSOR | 2355 TRANE RD | | ITEM CLASS: ITEM: |
| ☐ LIENHOLDER | BULLHEAD CITY AZ 86442 | | ITEM DESCRIPTION |
| ☐ LOSS PAYEE | | | |
| ☐ MORTGAGEE | | | |
| ☐ | REFERENCE / LOAN #: | | |

## GENERAL INFORMATION

| EXPLAIN ALL "YES" RESPONSES (For all past or present operations) | Y / N |
|---|---|
| 1. ANY MEDICAL FACILITIES PROVIDED OR MEDICAL PROFESSIONALS EMPLOYED OR CONTRACTED? | N |
| 2. ANY EXPOSURE TO RADIOACTIVE/NUCLEAR MATERIALS? | N |
| 3. DO/HAVE PAST, PRESENT OR DISCONTINUED OPERATIONS INVOLVE(D) STORING, TREATING, DISCHARGING, APPLYING, DISPOSING, OR TRANSPORTING OF HAZARDOUS MATERIAL? (e.g. landfills, wastes, fuel tanks, etc) | N |
| 4. ANY OPERATIONS SOLD, ACQUIRED, OR DISCONTINUED IN LAST FIVE (5) YEARS? | N |
| 5. DO YOU RENT OR LOAN EQUIPMENT TO OTHERS? | N |

| EQUIPMENT | TYPE OF EQUIPMENT | | INSTRUCTION GIVEN (Y/N) |
|---|---|---|---|
| | ☐ SMALL TOOLS | ☐ LARGE EQUIPMENT | |
| | ☐ SMALL TOOLS | ☐ LARGE EQUIPMENT | |

| | Y / N |
|---|---|
| 6. ANY WATERCRAFT, DOCKS, FLOATS OWNED, HIRED OR LEASED? | N |
| 7. ANY PARKING FACILITIES OWNED/RENTED? | N |
| 8. IS A FEE CHARGED FOR PARKING? | N |
| 9. RECREATION FACILITIES PROVIDED? | N |
| 10. ARE THERE ANY LODGING OPERATIONS INCLUDING APARTMENTS? (If "YES", answer the following): | N |

| # APTS | TOTAL APT AREA Sq. Ft. | DESCRIBE OTHER LODGING OPERATIONS |
|---|---|---|
| | | |

| | Y / N |
|---|---|
| 11. IS THERE A SWIMMING POOL ON PREMISES? (Check all that apply) ☐ APPROVED FENCE ☐ LIMITED ACCESS ☐ DIVING BOARD ☐ SLIDE ☐ ABOVE GROUND ☐ IN GROUND ☐ LIFE GUARD | N |
| 12. ARE SOCIAL EVENTS SPONSORED? | N |
| 13. ARE ATHLETIC TEAMS SPONSORED? | N |

| TYPE OF SPORT | CONTACT SPORT (Y/N) | AGE GROUP | TYPE OF SPORT | CONTACT SPORT (Y/N) | AGE GROUP |
|---|---|---|---|---|---|
| | | ☐ 12 & UNDER ☐ 13 - 18 ☐ OVER 18 | | | ☐ 12 & UNDER ☐ 13 - 18 ☐ OVER 18 |
| EXTENT OF SPONSORSHIP: | | | EXTENT OF SPONSORSHIP: | | |

| | Y / N |
|---|---|
| 14. ANY STRUCTURAL ALTERATIONS CONTEMPLATED? | N |
| 15. ANY DEMOLITION EXPOSURE CONTEMPLATED? | N |

**GENERAL INFORMATION (continued)** **AGENCY CUSTOMER ID:** ______

| EXPLAIN ALL "YES" RESPONSES (For all past or present operations) | Y / N |
|---|---|
| 16. HAS APPLICANT BEEN ACTIVE IN OR IS CURRENTLY ACTIVE IN JOINT VENTURES? | N |
| 17. DO YOU LEASE EMPLOYEES TO OR FROM OTHER EMPLOYERS? | N |
| 18. IS THERE A LABOR INTERCHANGE WITH ANY OTHER BUSINESS OR SUBSIDIARIES? | N |
| 19. ARE DAY CARE FACILITIES OPERATED OR CONTROLLED? | N |
| 20. HAVE ANY CRIMES OCCURRED OR BEEN ATTEMPTED ON YOUR PREMISES WITHIN THE LAST THREE (3) YEARS? | N |
| 21. IS THERE A FORMAL, WRITTEN SAFETY AND SECURITY POLICY IN EFFECT? | N |
| 22. DOES THE BUSINESSES' PROMOTIONAL LITERATURE MAKE ANY REPRESENTATIONS ABOUT THE SAFETY OR SECURITY OF THE PREMISES? | N |

Question 17 detail:

| LEASE TO | WORKERS COMPENSATION COVERAGE CARRIED (Y/N) | LEASE FROM | WORKERS COMPENSATION COVERAGE CARRIED (Y/N) |
|---|---|---|---|
| | | | |
| | | | |

**REMARKS (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)**

ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR ANOTHER PERSON FILES AN APPLICATION FOR INSURANCE OR STATEMENT OF CLAIM CONTAINING ANY MATERIALLY FALSE INFORMATION, OR CONCEALS FOR THE PURPOSE OF MISLEADING INFORMATION CONCERNING ANY FACT MATERIAL THERETO, COMMITS A FRAUDULENT INSURANCE ACT, WHICH IS A CRIME AND SUBJECTS THE PERSON TO CRIMINAL AND [NY: SUBSTANTIAL] CIVIL PENALTIES. (Not applicable in CO, DC, FL, HI, KS, MA, MN, NE, OH, OK, OR, VT or WA; in LA, ME, TN and VA, insurance benefits may also be denied)

IN THE DISTRICT OF COLUMBIA, WARNING: IT IS A CRIME TO PROVIDE FALSE OR MISLEADING INFORMATION TO AN INSURER FOR THE PURPOSE OF DEFRAUDING THE INSURER OR ANY OTHER PERSON. PENALTIES INCLUDE IMPRISONMENT AND/OR FINES. IN ADDITION, AN INSURER MAY DENY INSURANCE BENEFITS, IF FALSE INFORMATION MATERIALLY RELATED TO A CLAIM WAS PROVIDED BY THE APPLICANT.

IN FLORIDA, ANY PERSON WHO KNOWINGLY AND WITH INTENT TO INJURE, DEFRAUD, OR DECEIVE ANY INSURER FILES A STATEMENT OF CLAIM OR AN APPLICATION CONTAINING ANY FALSE, INCOMPLETE, OR MISLEADING INFORMATION IS GUILTY OF A FELONY OF THE THIRD DEGREE.

IN KANSAS, ANY PERSON WHO, KNOWINGLY AND WITH INTENT TO DEFRAUD, PRESENTS, CAUSES TO BE PRESENTED OR PREPARES WITH KNOWLEDGE OR BELIEF THAT IT WILL BE PRESENTED TO OR BY AN INSURER, PURPORTED INSURER, BROKER OR ANY AGENT THEREOF, ANY WRITTEN STATEMENT AS PART OF, OR IN SUPPORT OF, AN APPLICATION FOR THE ISSUANCE OF, OR THE RATING OF AN INSURANCE POLICY FOR PERSONAL OR COMMERCIAL INSURANCE, OR A CLAIM FOR PAYMENT OR OTHER BENEFIT PURSUANT TO AN INSURANCE POLICY FOR COMMERCIAL OR PERSONAL INSURANCE WHICH SUCH PERSON KNOWS TO CONTAIN MATERIALLY FALSE INFORMATION CONCERNING ANY FACT MATERIAL THERETO; OR CONCEALS, FOR THE PURPOSE OF MISLEADING, INFORMATION CONCERNING ANY FACT MATERIAL THERETO COMMITS A FRAUDULENT INSURANCE ACT.

IN MASSACHUSETTS, NEBRASKA, OREGON AND VERMONT, ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR ANOTHER PERSON FILES AN APPLICATION FOR INSURANCE OR STATEMENT OF CLAIM CONTAINING ANY MATERIALLY FALSE INFORMATION, OR CONCEALS FOR THE PURPOSE OF MISLEADING INFORMATION CONCERNING ANY FACT MATERIAL THERETO, MAY BE COMMITTING A FRAUDULENT INSURANCE ACT, WHICH MAY BE A CRIME AND MAY SUBJECT THE PERSON TO CRIMINAL AND CIVIL PENALTIES.

IN WASHINGTON, IT IS A CRIME TO KNOWINGLY PROVIDE FALSE, INCOMPLETE, OR MISLEADING INFORMATION TO AN INSURANCE COMPANY FOR THE PURPOSE OF DEFRAUDING THE COMPANY. PENALTIES INCLUDE IMPRISONMENT, FINES, AND DENIAL OF INSURANCE BENEFITS.

Exhibit 19:
Admiral_003424-003427

**To:** Bristow, Varian
**Subject:** FW: (EXTERNAL) Kabul - Policy Corrections - CA000038462-02 [EXTERNAL]
**Attachments:** CG2412_Kabul.pdf

Hi Varian,

Can you make below changes to the 21-22 policy term, effective inception. These are just corrections, no AP.

Amend form AD6666 to say "**ANY AND ALL RENTAL OF ATVS/UTVS. ANY AND ALL SALES, SERVICE OR REPAIR WORK**"

Add attached form, CG2412; however, please make sure for the form says "**Per schedule of Jet Skis & Boats – On file with our Company**"

Let me know if any questions.

Thanks!
Monika

*****IF TRYING TO REACH ME VIA PHONE, PLEASE CALL MY CELLPHONE: 815-603-1787*****

**From:** Holloran, Matt <matt.holloran@rtspecialty.com>
**Sent:** Monday, November 15, 2021 5:37 PM
**To:** Mezyk, Monika <mmezyk@admiralins.com>; Wardius, Bill <bwardius@rtspecialty.com>
**Subject:** RE: (EXTERNAL) Kabul - Policy Corrections - CA000038462-02 [EXTERNAL]

** CAUTION: External message

Monika, thanks for the double check on this policy. Please proceed with both of the items below.

Please confirm when this is processed.

Thanks and have a good evening.

J. Matthew Holloran
RT Specialty
Associate Broker to Bill Wardius
500 West Monroe Street | 30th Floor| Chicago, IL 60661
(P) (312) 767-0340 | (C) (208) 651-9192
Matt.Holloran@rtspecialty.com

**From:** Mezyk, Monika [mailto:mmezyk@admiralins.com]
**Sent:** Monday, November 15, 2021 3:51 PM
**To:** Wardius, Bill <bwardius@rtspecialty.com>
**Cc:** Holloran, Matt <matt.holloran@rtspecialty.com>
**Subject:** RE: (EXTERNAL) Kabul - Policy Corrections - CA000038462-02 [EXTERNAL]

Sounds good! Have a great evening.

Monika

*****IF TRYING TO REACH ME VIA PHONE, PLEASE CALL MY CELLPHONE: 815-603-1787*****

Admiral INSURANCE GROUP a Berkley Company

**Monika Mezyk**
Associate Underwriter
**Office:**+1-312-980-1219
550 W Jackson Boulevard, Suite 500 | Chicago, IL 60661
www.admiralins.com

**From:** Wardius, Bill <bwardius@rtspecialty.com>
**Sent:** Monday, November 15, 2021 3:51 PM
**To:** Mezyk, Monika <mmezyk@admiralins.com>
**Cc:** Holloran, Matt <matt.holloran@rtspecialty.com>
**Subject:** RE: (EXTERNAL) Kabul - Policy Corrections - CA000038462-02 [EXTERNAL]

** CAUTION: External message

Thanks Monika. We'll need to review this in detail to see how the policy was negotiated, quoted & bound. Will be in touch with any questions.

Bill Wardius
*Senior Vice President*
*Casualty Division*
**RT Specialty**
500 W. Monroe St, 30th Floor
Chicago, IL 60661
Direct: (312) 379-8195
Mobile: (312) 806-3774
bwardius@rtspecialty.com

**From:** Mezyk, Monika <mmezyk@admiralins.com>
**Sent:** Monday, November 15, 2021 3:49 PM
**To:** Wardius, Bill <bwardius@rtspecialty.com>
**Cc:** Holloran, Matt <matt.holloran@rtspecialty.com>
**Subject:** (EXTERNAL) Kabul - Policy Corrections - CA000038462-02

Hi Bill,

Nice talking to you! As mentioned over the phone, I was reviewing the file and have noticed some discrepancies that I wanted to get corrected. See below and let me know if OK to process.

- For the 2021-22 policy term, we are including Boat rentals and not just Jet Ski Rentals (2020-2021 term excluded boat rentals). I noticed the Specified Operations Exclusion is still showing "Any and All rentals of Boats". Would like to correct to remove the exclusion of "boat rentals" as this is now included. The Specified Operations Endorsement correctly shows inclusion of "JET SKI & BOAT RENTAL"

- Form CG2412 was mistakenly removed at time of renewal on the 2021-22 policy. Attaching form from 2020-21 term. Will ensure the form reads "Per schedule of Jet Skis & Boats – On file with our Company". Schedules were provided at time of renewal so nothing is needed from insured's end.

Let me know if any issues with processing the above. Feel free to give me a call if you want to discuss!

Thanks!
Monika

*****IF TRYING TO REACH ME VIA PHONE, PLEASE CALL MY CELLPHONE: 815-603-1787*****

Admiral INSURANCE GROUP | a Berkley Company

**Monika Mezyk**
Associate Underwriter
**Office:**+1-312-980-1219
550 W Jackson Boulevard, Suite 500 | Chicago, IL 60661
www.admiralins.com

CONFIDENTIALITY NOTICE: This e-mail and the transmitted documents contain private, privileged and confidential information belonging to the sender. The information therein is solely for the use of the addressee. If your receipt of this transmission has occurred as the result of an error, please immediately notify us so we can arrange for the return of the documents. In such circumstances, you are advised that you may not disclose, copy, distribute or take any other action in reliance on the information transmitted.
CONFIDENTIALITY NOTICE: This e-mail and the transmitted documents contain private, privileged and confidential information belonging to the sender. The information therein is solely for the use of the addressee. If your receipt of this transmission has occurred as the result of an error, please immediately notify us so we can arrange for the return of the documents. In such circumstances, you are advised that you may not disclose, copy, distribute or take any other action in reliance on the information transmitted.

Policy Number: CA000038462-01 **CG 24 12 11 85**

Effective Date: 05/22/2020

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

# BOATS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Description of Watercraft:**

PER SCHEDULE OF JET SKIS – ON FILE WITH OUR COMPANY

**Additional Premium:**

INCLUDED

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

**1.** Exclusion g. of COVERAGE A (Section I) does not apply to any watercraft owned or used by or rented to the insured shown in the Schedule.

**2.** WHO IS AN INSURED (Section II) is amended to include as an insured any person or organization legally responsible for the use of any such watercraft you own, provided the actual use is with your permission.

ADMIRAL INSURANCE COMPANY

Exhibit 20:
RS000629-000635

RYAN℠ TURNER SPECIALTY

500 West Monroe, 30th Floor
Chicago, IL 60661
Ph: 312-651-6000
www.rtspecialty.com

21081719

# CONFIRMATION OF INSURANCE

June 1, 2021

NBS Insurance Agency, Inc. - Columbus

PO Box 182500
Columbus, OH 43218

FROM: Davis McGregor for Bill Wardius

I am pleased to confirm that your Commercial General Liability - Primary insurance has been bound pursuant to your request. The attached Confirmation of Insurance will serve as evidence of coverage until the insurance carrier issues the policy. This insurance document summarizes the policy referenced below and is not intended to reflect all the terms and conditions or exclusions of the referenced policy. In the event of a claim, coverage will be determined by the referenced policy, subject to all the terms, exclusions and conditions of the policy. Moreover, the information contained in this document reflects bound coverage as of the effective date of the referenced policy and does not include subsequent changes by the insurer or changes in the applicable rates for taxes or governmental fees.

| | |
|---|---|
| **NAMED INSURED:** | Kabul Inc/dba Fastrip Watercraft Rentals<br>2888 Country Club Plz<br>Bullhead City, AZ 86442 |
| **PRIMARY RISK ADDRESS:** | 1131 Highway 95<br>Bullhead City, AZ 86429 |
| **COVERAGE:** | Commercial General Liability - Primary |
| **INSURER:** | Admiral Insurance Company - Non-Admitted (AM Best's A XV) |
| **POLICY NUMBER:** | CA000038462-02 |
| **POLICY TERM:** | 5/22/2021 - 5/22/2022 |
| **POLICY PREMIUM:** | $45,360.00 |
| **TRIA:** | REJECTED |
| **FEES:** | $500.00 Brokerage Fee (Fully Earned) |
| **SURPLUS LINES TAX:** | $1,375.80 Surplus Lines Tax<br>$91.72 Stamping Office Fee |
| **TOTAL:** | $47,327.52 |
| **AGENT COMMISSION:** | 10% |

RYAN TURNER SPECIALTY

500 West Monroe, 30th Floor
Chicago, IL 60661
Ph: 312-651-6000
www.rtspecialty.com

21081719

**SPECIAL CONDITIONS / OTHER COVERAGES:**

NO FLAT CANCELLATIONS
ALL FEES ARE FULLY EARNED AT INCEPTION

For R-T Specialty to file the surplus lines taxes on your behalf, please complete the surplus lines tax document (per the applicable state requirements) and return with your request to bind. Due to state regulations, R-T Specialty requires tax documents to be completed within 24 to 48 hours of binding. Please be diligent in returning tax forms.

Authorized Representative

RYAN℠ TURNER SPECIALTY

**500 West Monroe, 30th Floor**
**Chicago, IL 60661**
**Ph: 312-651-6000**
**www.rtspecialty.com**

21081719

**HOME STATE FOR NON-ADMITTED RISKS**

Taxes and governmental fees are estimates and subject to change based upon current rates of the Home State and risk information available at the date of binding. The Home State of the Insured for a non-admitted risk shall be determined in accordance with the Nonadmitted and Reinsurance Act of 2010, 15. U.S.C §8201, etc. ("NRRA"). Some states require the producing broker to submit a written verification of the insured's Home State for our records. The applicable law (if any) of the Home State governing cancellation or non-renewal of non-admitted insurance, including whether any such laws apply to non-admitted risks, shall apply to this Policy.

Any amendments to coverage must be specifically requested in writing or by submitting a policy change request form and then approved by the Insurer. Coverage cannot be affected, amended, extended or altered through the issuance of certificates of insurance. Underlying Insurers must be rated A- VII or better by A.M. Best.

RYAN℠ TURNER SPECIALTY

**500 West Monroe, 30th Floor**
**Chicago, IL 60661**
**Ph: 312-651-6000**
**www.rtspecialty.com**

21081719

**<u>PREMIUM FINANCE</u>** (If not included in the quote document)
If the insured and the insurer agree to bind coverage and the premium will be financed, we will need the following information and, upon binding, please instruct the premium finance company to send documents to our attention. Premium Finance funds should always be paid to R-T Specialty, LLC:

| | |
|---|---|
| **Name of Premium Finance Company:** | |
| **Premium Finance Account Number:** | |

**PRODUCER COMPENSATION:**
In order to place the insurance requested we may charge a reasonable fee for additional services that may include performing a risk analysis, comparing policies, processing submissions, communication expenses, inspections, working with underwriters on the coverage proposal, issuing policies or servicing the policy after issuance. Third-party inspection or other fees may be separately itemized upon request. If the insured recommends an inspection company, we will endeavor to determine if it is approved by the Insurer. To the extent the insured paid us a fee for services, we represent the insured in performing those services. Our fees are fully earned and nonrefundable, except when required by applicable law. Our fees are applied to new policies, renewal policies, endorsements and certificates. Fees applicable to each renewal, endorsement and certificate will be explained in the quotes. In the event that the premium is adjustable upwards, our fees are adjustable as well and will be collected against any additional premium. The fee charged by us does not obligate the insured to purchase the proposed insurance or the Insurer to bind the proposed insurance. Our fee is not imposed by state law or the Insurer. This fee authorization shall remain operative until terminated by written notice. Depending upon the Insurer involved with your placement, we may also receive a commission from the Insurer.

We may also have an agreement with the Insurer that we are proposing for this placement that may pay us future additional compensation. This compensation is in addition to any fees and/or commissions that we have agreed to accept for placing this insurance. This compensation could be based on formulas that consider the volume of business placed with the Insurer, the profitability of that business, how much of the business is retained for the Insurer's account each year, and potentially other factors. The agreements frequently consider total eligible premium from all clients placed during a calendar year and any incentive or contingent compensation is often received at a future date, including potentially after the end of the following calendar year. Because of variables in these agreements, we often have no accurate way at the time of placement to determine the amount of any additional compensation that might be attributable to any Insured's placement. The broker with the direct relationship with the Insured must comply with all applicable laws and regulations related to disclosure of compensation, including disclosure of potential incentive or contingent compensation and the criteria for receiving such compensation, and informing the Insured that it may request more information about producer or broker compensation that might be paid in connection with the Insured's placement. RSG affiliates may also earn investment income on accounts temporarily held as fiduciary funds, and compensation as a broker, underwriting manager, reinsurance intermediary, premium finance company, claims adjuster, consultant or service provider. If you need additional information about the compensation arrangements for services provided by Ryan Specialty Group, LLC (RSG) affiliates, please contact your RSG representative.

RT Specialty is a division of RSG Specialty, LLC, a Delaware limited liability company and a subsidiary of Ryan Specialty Group, LLC. In California: RSG Specialty Insurance Services, LLC (License # 0G97516).

RYAN℠
TURNER
SPECIALTY

**500 West Monroe, 30th Floor**
**Chicago, IL 60661**
**Ph: 312-651-6000**
**www.rtspecialty.com**

21081719



**Admiral Insurance Group**
**1000 Howard Blvd. Suite 300**
**P.O. BOX 5430**
**Mount Laurel, NJ 08054**

**Date:** 05/24/2021
**Phone:** (856) 429-9200

**To:** RSG SPECIALTY, LLC
**Attn:**

**A.M. Best Rating: A+ (Superior)**
**Financial Size Category: XV**

**Subject:** KABUL INC
DBA FASTRIP FOOD STORE

# BINDER CONFIRMATION

**Policy Number:** CA000038462-02 **Renewal Of:** CA000038462-01
**Carrier:** Admiral Insurance Company
**Policy Term:** 05/22/2021 to 05/22/2022

**Coverage:** **Commercial General Liability - Occurrence**

| | | | | |
|---|---|---|---|---|
| **Limits:** | $1,000,000 | Each Occurrence | $1,000,000 | Personal/Advertising Injury |
| | $2,000,000 | General Aggregate | $300,000 | Damage to Prem. Rented To You |
| | $2,000,000 | Products-Cmpl Ops Aggregate | $5,000 | Medical Payments-Per Person |
| **Deductible:** | $5,000 | Per Occurrence - BI/PD/PI/AI Combined, incl LAE | | |
| **Rate:** | $112.00 | Per $1,000 Gross Sales ($405,000) | | |

| | | |
|---|---|---|
| **Premium:** | $45,360.00 | Minimum & Deposit Premium |
| **Terrorism Premium:** | EXCLUDED | |
| **Total Premium:** | $45,360.00 | |

**Minimum Retained Premium:** Company to retain no less than 25% of the Minimum Term Premium if the insured cancels.

**Schedule of Forms & Endorsements**

| | |
|---|---|
| JA10010720 | COVER JACKET - ADMIRAL INSURANCE COMPANY |
| DE20010820 | COMMON POLICY DECLARATIONS |
| DE20020820 | COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS |
| AI67040920 | CLAIM REPORTING NOTICE ADDRESS INFORMATION |
| CG00010413 | COMMERCIAL GENERAL LIABILITY COVERAGE FORM |
| CG20011219 | PRIMARY AND NONCONTRIBUTORY OTHER INSURANCE CONDITION |
| CG20260413 | ADDITIONAL INSURED - DESIGNATED PERSON OR ORGANIZATION |
| CG21060514 | EXCLUSION-ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA-RELATED LIABILITY - WITH LIMITED BODILY INJURY EXCEPTION |
| CG21320509 | COMMUNICABLE DISEASE EXCLUSION |
| CG21490999 | TOTAL POLLUTION EXCLUSION ENDORSEMENT |
| CG21750115 | EXCLUSION OF CERTIFIED ACTS OF TERRORISM AND EXCLUSION OF OTHER ACTS OF TERRORISM COMMITTED OUTSIDE THE UNITED STATES |
| CG24260413 | AMENDMENT OF INSURED CONTRACT DEFINITION |
| CG24500615 | LIMITED COVERAGE FOR DESIGNATED UNMANNED AIRCRAFT |
| IL00171198 | COMMON POLICY CONDITIONS |
| IL00210702 | NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT |

| | |
|---|---|
| AD08420216 | BODILY INJURY REDEFINED |
| AD66010715 | PUNITIVE DAMAGE EXCLUSION |
| AD66090295 | MINIMUM PREMIUM AND MINIMUM RETAINED PREMIUM AMENDATORY ENDORSEMENT |
| AD66110511 | DEDUCTIBLE LIABILITY INSURANCE |
| AD68830413 | LONG TERM EXPOSURE EXCLUSIONS JOINT FORM |
| AD68860519 | INJURY TO WORKERS EXCLUSION JOINT FORM |
| AD66650909 | SPECIFIED OPERATIONS ENDORSEMENT |
| AD66660909 | SPECIFIED OPERATION EXCLUSION |
| AD68881213 | SPECIAL EXCLUSIONS JOINT FORM OCCURRENCE VERSION |
| AD67380819 | AUTO EXCLUSION (ABSOLUTE) |
| AD67480511 | INTELLECTUAL PROPERTY EXCLUSION (AMENDED DEFINITION OF PERSONAL AND ADVERTISING INJURY) |
| AD67580209 | ENGINEERED NANOPARTICLES EXCLUSION (ABSOLUTE) |
| AD67600415 | PREMIUM BASIS DEFINITION-GROSS SALES |
| AI08760203 | CROSS POLICY EXCLUSION |
| AI08760203 | WAIVER OF LIABILITY AGREEMENT REQUIRED EXCLUSION |
| AI44020519 | SERVICE OF SUIT |

**Comments:**

**The terms and conditions set forth in the renewal policy described in this binder confirmation may be more restrictive than the terms and conditions set forth in the expiring policy. The descriptions contained in this confirmation summarize selected terms and conditions of the renewal policy. The renewal policy itself, and not this confirmation, will govern the insured's rights as a policyholder. Specimen copies of most policy forms are available for your review in the PDF file attached to this confirmation. Complete policy wording may be made available upon your written request. Please read and compare carefully.**

# Exhibit 21:
# Admiral's Responses to Kabul's Requests for Admission

TRACY A. DIFILLIPPO, ESQ.
Nevada Bar No. 7676
ARMSTRONG TEASDALE LLP
1980 Festival Plaza Drive, Suite 750
Las Vegas, Nevada 89135
Telephone: 702.678.5070
Facsimile: 702.878.9995
tdifillippo@atllp.com

*Attorneys for Plaintiff*
*Admiral Insurance Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>KABUL, INC. d/b/a FASTRIP PWC RENTALS, KABUL, INC. d/b/a FASTRIP FOOD STORE, DARRYL PETER ALEXANDER, JR., individually, TOMMY LYNCH, as ADMINISTRATOR for the ESTATE OF TAMMY LYNCH, and TOMMY LYNCH and APRIL BLACK, individually as heirs of TAMMY LYNCH<br><br>Defendants. | Case No.: 2:22-cv-00177-CDS-NJK<br><br>**PLAINTIFF ADMIRAL INSURANCE COMPANY'S RESPONSES TO KABUL, INC. FIRST REQUEST FOR ADMISSIONS** |
| KABUL, INC. dba FASTRIP PWC and FASTRIP FOOD STORE,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>GREGG EIDSNESS FARM BUREAU FINANCIAL SERVICES, DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Third-Party Defendant. | |

Plaintiff ADMIRAL INSURANCE COMPANY ("Plaintiff" or "Admiral"), by and through its counsel, Armstrong Teasdale LLP, hereby submits its objections and responses to Defendant/Third Party Plaintiff Kabul, Inc.'s ("Defendant" or "Kabul") First Set of Requests for Admissions in accordance with Rule 36 of the Nevada Rules of Civil Procedure, as follows:

## DEFINITIONS

A. "Non-discoverable/Irrelevant" – The Request in question concerns a matter that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

B. "Unduly burdensome" – The Request in question seeks discovery which is unduly burdensome or expensive, taking into account the needs of the case, limitations on the parties' resources, and the importance of the issues at stake in the litigation.

C. "Vague" or "Ambiguous" – The Request in question contains a word or phrase which is not adequately defined, or the overall request is confusing, and Admiral is unable to reasonably ascertain what information or documents KABUL is seeking in the Request.

D. "Overly broad" – The Request seeks information or documents beyond the scope of, or beyond the time period relevant to, the subject matter of this litigation and, accordingly, seeks information or documents which are non-discoverable/irrelevant and is unduly burdensome.

## GENERAL OBJECTIONS

1. Admiral objects to the Requests to the extent that they seek any information that is protected by any absolute or qualified privilege or exemption, including, but not limited to, the attorney-client privilege, the attorney work-product exemption, and the consulting-expert exemption. Specifically, Admiral objects to the Requests on the following grounds:

a. Admiral objects to the Requests to the extent that they seek disclosure of information that is protected from disclosure by the attorney-client privilege in accordance with Rule 26 of the Nevada Rules of Civil Procedure or applicable case law.

b. Admiral objects to the Requests to the extent that they seek disclosure of information that are protected from disclosure by the work-product exemption in accordance with Rule 26(b)(1), (3), and (4) of the Nevada Rules of Civil Procedure and applicable case law.

c. Admiral objects to the Requests to the extent that they seek information protected from disclosure pursuant to the consultant/expert exemption in accordance with Rule 26(b)(3) and (4) of the Nevada Rules of Civil Procedure and applicable case law.

d. Admiral objects to the Requests to the extent that they seek commercially sensitive information, or confidential proprietary data entitled to protection under Rule 26(c) of the Nevada Rules of Civil Procedure. See also N.R.S. 49.325.

2. These answers will be made on the basis of information and writings available to and located by Admiral upon reasonable investigation of its records. There may be other and further information respecting requests propounded by Kabul of which Admiral, despite its reasonable investigation and inquiry, is presently unaware. Admiral reserves the right to modify or enlarge any response with such pertinent additional information as it may subsequently discovered.

3. No incidental or implied admissions will be made by answers. The fact that Admiral may respond or object to any requests or any part thereof shall not be deemed an admission that Admiral accepts or admits the existence of any fact set forth or assumed by such request, or that such answer constitutes admissible evidence. The fact that Admiral responds to part of any request is not to be deemed a waiver by Admiral of its objections, including privilege, to other parts to such request.

4. Admiral objects to any instruction to the extent that it would impose upon Admiral greater duties than are set forth under the Nevada Rules of Civil Procedure. Admiral will supplement its answers as required by the Nevada Rules of Civil Procedure.

5. All answers will be made solely for the purpose of this action. Each answer will be subject to all objections as to competence, relevance, materiality, propriety and admissibility, and to any and all other objections on any ground which would require the exclusion from evidence of any statement herein if any such statements were made by a witness present and testifying at trial, all of which objections and grounds are expressly reserved and may be interposed at such hearings.

6. Admiral adopts by reference the above objections and incorporates each objection as if it was fully set forth below in each of Admiral's answers.

/ / /

**REQUESTS FOR ADMISSIONS**

**REQUEST TO ADMIT NO. 1**:

Admit that the "exposure" underwritten by Admiral on the subject policy is based solely on the amount of "gross sales" from the rental of jet skis by Kabul, Inc.

**RESPONSE**:

Admiral objects to the terms "exposure" and "gross sales" as those terms are vague and ambiguous because they are undefined and it is not clear what is included. Also, the "subject policy" is not defined and is vague and ambiguous. This Request is irrelevant and not proportional to the needs of the case as it fails to provide a timeframe and limit the Request to the claims and defenses in the action. Without waiving these objections, Admiral admits that the premium was charged based on Kabul's gross sales.

**REQUEST TO ADMIT NO. 2**:

Admit that the premium charged by Admiral on Policy Number CA000038462-01 for 2020-2021 is calculated as $96.33 for every $1,000.00 of "gross sales" from operations as "Jet Ski Rentals."

**RESPONSE**:

Admiral objects to the term "gross sales" and the phrase "operations as Jet Ski Rentals" as vague and ambiguous because they are not defined, and it is unclear what is included. This Request is irrelevant and not proportional to the needs of the case as it fails to limit the Request to the claims and defenses in the action. Without waiving these objections, Admiral admits that the premium for Policy Number CA000038462-01 was charged based on Kabul's gross sales.

**REQUEST TO ADMIT NO. 3**:

Admit that the premium charged by Admiral on the Commercial General Liability policy #CA000030482-02 for 2019-2020 is calculated as $91.74 for every $1,000.00 of "gross sales" from operations as "Jet Ski Rentals."

**RESPONSE**:

Admiral objects to the term "gross sales" and the phrase "operations as Jet Ski Rentals" as vague and ambiguous because they are not defined, and it is unclear what is included. This Request

is irrelevant and not proportional to the needs of the case as it fails to limit the Request to the claims and defenses in the action as the Policy No. CA000030482-02 is not at issue in this matter. Without waiving these objections, Admiral admits that the premium for Policy Number CA000038482-02 was charged based on Kabul's gross sales.

**REQUEST TO ADMIT NO. 4**:

Admit that Admiral collected premiums based on gross sales, which included the sales from the rental of the subject jet ski prior to, and for the very rental on August 21, 2020, from which the Lynch claim arose.

**RESPONSE**:

Admiral objects to the terms "gross sales", "subject jet ski" and "very rental on August 21, 2022" as they are not defined, and it is unclear what is included. This Request is irrelevant and not proportional to the needs of the case as it fails to limit the Request to the claims and defenses in the action. Without waiving these objections, Admiral denies this Request.

**REQUEST TO ADMIT NO. 5**:

Admit that the "exposure" underwritten by Admiral on the subject policy does not change based on the number, manufacturer, year, make, model, hull id #, hull material, prop, fuel, use, boat type, length or registration number of any of the jet skis owned or rented by Kabul, Inc.

**RESPONSE**:

Admiral objects to the terms "exposure" and "subject policy" as vague and ambiguous as those terms are not defined and it is unclear what is included. Admiral also object that this Request is compound. Without waiving these objections, Admiral denies this Request.

**REQUEST TO ADMIT NO. 6**:

Admit that Admiral Policy Number CA000038462-01, for 2020-2021, provided coverage for "bodily injury" caused by the specific operations of "JET SKI RENTAL" as listed in Admiral_001511-Admiral_001830.

**RESPONSE**:

Admiral objects that the phrase "specific operations of Jet Ski Rentals" is vague and ambiguous as it is not defined, and it is unclear what is included. Admiral also objects that this

Request seeks multiple admissions as it references multiple documents and it is unclear what document it seeks an admission. Without waiving these objections, Admiral admits that Policy Number CA000038462-01 contains Specified Operations Endorsement and the endorsement speaks for itself. Admiral also admits that Policy Number CA000038462-01 contains Specific Operations Exclusion Endorsement and the endorsement speaks for itself.

**REQUEST TO ADMIT NO. 7**:

Admit that Admiral Policy Number CA000038462-01 for 2020-2021 notwithstanding its exclusion for watercraft provided coverage for "bodily injury" caused by the specific operations of "JET SKI RENTAL" listed in Admiral_001511 Admiral_001830.

**RESPONSE**:

Admiral objects that the Request is vague and ambiguous with respect to "exclusion for watercraft" because it is unclear what exclusion it is referring to. The Request is also vague and ambiguous with respect to "specific operations of Jet Ski Rentals" as the phrase is not defined, and it is unclear what is included. Admiral further objects that this Request seeks multiple admissions as it references multiple documents, and it is unclear what document it seeks an admission. Without waiving these objections, Admiral admits that Policy Number CA000038462-01 contains Specified Operations Endorsement and the endorsement speaks for itself. Admiral also admits that Policy Number CA000038462-01 contains Specific Operations Exclusion Endorsement and the endorsement speaks for itself.

**REQUEST TO ADMIT NO. 8**:

Admit that "jet skis" is a description of types of watercraft not excluded by Admiral Policy Number CA000038462-01 for 2020-2021 under Admiral_001493 and Admiral_001828.

**RESPONSE**:

Admiral admits that Policy No. CA000038462-01 contains Endorsement No. CG 24 12 11 85 for Boats and it provides the "description of watercraft: Per Schedule of Jet Skis – On File With Our Company."

**REQUEST TO ADMIT NO. 9**:

Admit that "Exclusion g. of COVERAGE A (section I) does not apply to any" jet ski "owned

or used by or rented to the insured" because "jet ski" is a type of watercraft shown in the Schedule under Admiral_001493 and Admiral_001828.

**RESPONSE**:

Admiral admits that Policy No. CA000038462-01 contains Endorsement No. CG 24 12 11 85 for Boats and that it provides that "Exclusion g. of Coverage (Section I) does not apply to any watercraft owned or used by or rented to the insured shown in the Schedule."

**REQUEST TO ADMIT NO. 10**:

Admit that if "jet skis" was not a sufficient description of the types of watercraft not excluded, a more complete description would be contained in the Declarations of Admiral Policy Number CA000038462-01 for 2020-2021 under Admiral_001493 and Admiral_001828.

**RESPONSE**:

Admiral objects that the Request is vague and ambiguous with respect to "not a sufficient description of the types of watercraft not excluded," as it unclear what is being asked. Without waiving the objection, Admiral admits that Policy No. CA000038462 contains Endorsement No. CG 24 12 11 85 and that the endorsement speaks for itself.

**REQUEST TO ADMIT NO. 11**:

Admit that the only description other than "jet skis" contained in the Declarations of Admiral Policy Number CA000038462-01 for 2020-2021 is "AMUSEMENT DEVICES" as set forth in Admiral_001466 and Admiral_001467.

**RESPONSE**:

Admiral objects that this Request is vague and ambiguous with respect to "only description other than jet skis" as it is unclear what is being asked. Without waiving the objection, Admiral admits that on the declarations pages of Policy No. 000038462-01, Amusement Devices is listed under premium, and the declaration pages speak for themselves.

**REQUEST TO ADMIT NO. 12**:

Admit that the Declarations of Admiral Policy Number CA000038462-01 for 2020-2021 contained at Admiral_001466 and Admiral_001467 provides "these common policy declarations and the commercial general liability coverage part declarations (or products/completed operations

liability coverage part declarations), together with the common policy conditions, coverage part(s), form(s) and endorsement(s), if any, issued to form a part thereof, complete the above numbered policy.".

**RESPONSE**:

Admiral admits that is what is stated on the declaration page of Policy No. CA000038462-01 located at Admiral_001466.

**REQUEST TO ADMIT NO. 13**:

Admit that the Declarations of Admiral Policy Number CA000038462-01 for 2020-2021 contained at Admiral_001466 and Admiral_001467, which provides "these common policy declarations and the commercial general liability coverage part declarations (or products/completed operations liability coverage part declarations), together with the common policy conditions, coverage part(s), form(s) and endorsement(s), if any, issued to form a part thereof, complete the above numbered policy" eliminates from the policy any list of individual jet skis kept by the company and not provided to the insured as part of the policy.

**RESPONSE**:

Admiral objects that this Request is vague and ambiguous with respect to "eliminates from the policy any list of individual jet skis kept by the company and not provided to the insured as part of the policy" as it is unclear what is being asked. Without waiving this objection, Admiral denies the Request.

**REQUEST TO ADMIT NO. 14**:

Admit that the Declarations of Admiral Policy Number CA000038462-01 for 2020-2021 contained at Admiral_001466 and Admiral_00146,7 which provides "these common policy declarations and the commercial general liability coverage part declarations (or products/completed operations liability coverage part declarations), together with the common policy conditions, coverage part(s), form(s) and endorsement(s), if any, issued to form a part thereof, complete the above numbered policy" at least renders the policy ambiguous regarding any list of individual jet skis kept by the company and not provided to the insured as being a part of the policy affecting coverage.

/ / /

**RESPONSE**:

Admiral objects that the Request is vague and ambiguous with respect to "at least renders the policy ambiguous regarding any list of individual jet skis kept by the company and not provided to the insured as being a part of the policy affecting coverage" as it is unclear what is being asked. Without waiving this objection, Admiral denies this Request.

**REQUEST TO ADMIT NO. 15**:

Admit that the Admiral Policy Number CA000038462-01 for 2020-2021 provided coverage for "bodily injury" arising out of activities offered by FASTRIP WATERCRAFT RENTALS if a signed agreement and liability release is obtained from the customer which complies with Admiral_001521.

**RESPONSE**:

Admiral admits that Policy No. CA000038462-01 contains the Waiver of Liability Agreement Required Exclusion Endorsement and the endorsement speaks for itself.

**REQUEST TO ADMIT NO. 16**:

Admit that the Admiral Policy Number CA000038462-01 for 2020-2021 provided coverage for "bodily injury" arising out of activities offered by FASTRIP WATERCRAFT RENTALS because Admiral_001529 is a signed agreement and liability release obtained from the customer, which complies with Admiral_001521.

**RESPONSE**:

Admiral objects that this Request is compound and seeks multiple admissions. Without waiving this objection, Admiral denies this Request.

**REQUEST TO ADMIT NO. 17**:

Admit that the insured, Kabul, Inc. was never provided by Admiral with a copy of any "SCHEDULE OF JET SKIS–ON FILE WITH OUR COMPANY" for the 2020-2021 policy period prior to the date of loss.

**RESPONSE**:

Admiral admits that it did not send the schedule of jets skis on file, which were provided by Kabul.

**REQUEST TO ADMIT NO. 18**:

Admit that Admiral has failed to produce a "SCHEDULE OF JET SKIS–ON FILE WITH OUR COMPANY" for the 2020- 2021 policy period.

**RESPONSE**:

Admiral objects to the phrase "failed to produce" as vague and ambiguous because it is unclear whether this Request is asking about a production in the action or providing the schedule to Kabul. Admiral also objects that this Request is vague and ambiguous with respect to the timeframe. Without waiving these objections, Admiral denies this Request.

**REQUEST TO ADMIT NO. 19**:

Admit that Admiral did not request, either directly or indirectly, that the insured provide a "SCHEDULE OF JET SKIS" to Admiral either directly or indirectly for the 2020-2021 policy period prior to the date of loss.

**RESPONSE**:

Admiral denies this Request.

**REQUEST TO ADMIT NO. 20**:

Admit that Kabul supplied Admiral with many lists of jet skis when requested by Admiral at the beginning of the policy term for 2019-2020, and 2021-2022, and even when not requested by Admiral, during the policy terms, through the agent and brokers who communicated the information to Admiral.

**RESPONSE**:

Admiral objects that this Request is vague and ambiguous with respect to "many lists of jet skis" and "who communicated the information" as the phrases are not defined, and it is unclear what is included. Admiral objects that this Request is compound, seeking multiple admissions in one Request. Without waiving the objections, Admiral cannot admit or deny this Request as written.

**REQUEST TO ADMIT NO. 21**:

Admit that the Commercial General Liability Policy No. CA000038462-01, identified as bates numbers Admiral_001464-Admiral_001522, is a true, correct and complete copy of the policy that Admiral Insurance Company issued to Kabul for the 2020-2021 period.

**RESPONSE**:

Admiral admits this Request.

**REQUEST TO ADMIT NO. 22**:

Admit that the Commercial General Liability Policy No. CA000038462-01, identified as bates numbers Admiral_001464-Admiral_001522, was in full force and effect on the date of loss August 21, 2020.

**RESPONSE**:

Admiral object to the phrase "full force and effect" as vague and ambiguous because the phrase is not defined, and it is unclear what is being asked. Without waiving this objections, Admiral admits that Policy No. CA000038462-01, identified as Admiral_001464-Admiral_001522 is the policy at issue with respect to the date of loss on August 21, 2020.

**REQUEST TO ADMIT NO. 23**:

Admit that the Commercial General Liability Policy No. CA000038462-01, does not require or request the insured supply information on the jet skis being rented directly to Admiral.

**RESPONSE**:

Admiral objects to the Request as vague and ambiguous with respect to the phrase "jet skis being rented directly to Admiral." Without waiving this objection, Admiral denies this Request.

**REQUEST TO ADMIT NO. 24**:

Admit that the Commercial General Liability Policy No. CA000038462-01, does not require or request the insured supply information on the jet skis being rented directly to Admiral.

**RESPONSE**:

Admiral objects to this Request as a duplicate of Request No. 23. Admiral refers Kabul to its objection and response to Request 23.

**REQUEST TO ADMIT NO. 25**:

Admit that Admiral_001837 is a true and correct copy of a premium adjustment for the period April 25, 2020 through April 25, 2021.

**RESPONSE**:

Admiral admits to this Request.

**REQUEST TO ADMIT NO. 26**:

Admit that ambiguities in the policy must be construed in favor of the insured and coverage and against the insurer.

**RESPONSE**:

Admiral objects that this Request seeks a legal conclusion, which is not a proper Request for Admission.

**REQUEST TO ADMIT NO. 27**:

Admit that Admiral_001837 documents the total premium paid for the period April 25, 2020 through April 25, 2021 of $49,581 which includes premium for the rental of the jet ski on August 21, 2020 to Darryl Alexander in the amount of $34.86.

**RESPONSE**:

Admiral objects that this Request is vague and ambiguous with respect to "total premium paid" as it is not defined, and it is unclear what is included. Admiral also objects that this Request is compound and seeking multiple admissions. Without waiving these objections, Admiral denies this Request.

**REQUEST TO ADMIT NO. 28**:

Admit that the Commercial General Liability Policy No. CA000038462-01, identified as bates numbers Admiral_001464-Admiral_001522, covers Daryl Alexander as an Insured because he is a person "responsible for the use of any such watercraft you own," since his "actual use [was] with [Kabul's] permission" under Admiral 001828-1829 and Admiral 001493.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**RESPONSE**:

Admiral objects that this Request is compound and seeks multiple admissions. Without waiving this objection, Admiral denies this Request.

Dated this 12th day of December, 2022.

ARMSTRONG TEASDALE LLP

By: /s/ *Tracy A. DiFillippo*
TRACY A. DIFILLIPPO, ESQ.
Nevada Bar No. 7676
1980 Festival Plaza Drive, Suite 750
Las Vegas, Nevada 89135

*Attorneys for Plaintiff*
*Admiral Insurance Company*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5 (b). and Section IV of District court of Nevada Electronic Filing Procedures, certify that I am an employee of ARMSTRONG TEASDALE LLP, and that the foregoing **PLAINTIFF ADMIRAL INSURANCE COMPANY'S RESPONSES TO KABUL, INC. FIRST REQUEST FOR ADMISSIONS** was served on December 12, 2022:

☒ via electronic service to the parties listed in CMECF for this case.

John B. Shook, Esq.
SHOOK & STONE, CHTD.
710 South Fourth Street
Las Vegas, NV 89101
jshook@shookandstone.com

*Attorneys for Defendants Lynch*

Thomas Christensen, Esq.
1000 South Valley View Blvd.
Suite P
Las Vegas, NV 89107
thomasc@injuryhelpnow.com

*Attorneys for Defendants Kabul*

Robert E. Schumacher, Esq.
Dione C. Wrenn, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
300 South 4th Street, Suite 1550
Las Vegas, NV 89101
rschumacher@grsm.com

*Attorneys for Third-Party Defendant Gregg Eidsness Farm Bureau Financial Services*

*/s/ Christie Rehfeld*
An Employee of Armstrong Teasdale LLP

# Exhibit 22: Admiral's Responses to Kabul's Interrogatories

TRACY A. DIFILLIPPO, ESQ.
Nevada Bar No. 7676
ARMSTRONG TEASDALE LLP
1980 Festival Plaza Drive, Suite 750
Las Vegas, Nevada 89135
Telephone: 702.678.5070
Facsimile: 702.878.9995
tdifillippo@atllp.com

*Attorneys for Plaintiff*
*Admiral Insurance Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>KABUL, INC. d/b/a FASTRIP PWC RENTALS, KABUL, INC. d/b/a FASTRIP FOOD STORE, DARRYL PETER ALEXANDER, JR., individually, TOMMY LYNCH, as ADMINISTRATOR for the ESTATE OF TAMMY LYNCH, and TOMMY LYNCH and APRIL BLACK, individually as heirs of TAMMY LYNCH<br><br>Defendants. | Case No.: 2:22-cv-00177-CDS-NJK<br><br>**PLAINTIFF ADMIRAL INSURANCE COMPANY'S OBJECTIONS AND RESPONSES TO KABUL, INC. FIRST SET OF INTERROGATORIES** |
| KABUL, INC. dba FASTRIP PWC and FASTRIP FOOD STORE,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>GREGG EIDSNESS FARM BUREAU FINANCIAL SERVICES, DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Third-Party Defendant. | |

/ / /

/ / /

Plaintiff ADMIRAL INSURANCE COMPANY ("Plaintiff" or "Admiral"), by and through its counsel, Armstrong Teasdale LLP, hereby submits its objections and responses to Defendant/Third Party Plaintiff Kabul, Inc.'s ("Defendant" or "Kabul") First Set of Interrogatories in accordance with Rule 33 of the Nevada Rules of Civil Procedure, as follows:

**DEFINITIONS**

A. "Non-discoverable/Irrelevant" – The Interrogatory in question concerns a matter that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

B. "Unduly burdensome" – The Interrogatory in question seeks discovery which is unduly burdensome or expensive, taking into account the needs of the case, limitations on the parties' resources, and the importance of the issues at stake in the litigation.

C. "Vague" or "Ambiguous" – The Interrogatory in question contains a word or phrase which is not adequately defined, or the overall request is confusing, and Admiral is unable to reasonably ascertain what information or documents Kabul is seeking in the Interrogatory.

D. "Overly broad" – The Interrogatory seeks information or documents beyond the scope of, or beyond the time period relevant to, the subject matter of this litigation and, accordingly, seeks information or documents which are non-discoverable/irrelevant and is unduly burdensome.

**GENERAL OBJECTIONS**

1. Admiral objects to Interrogatories to the extent that they seek any information that is protected by any absolute or qualified privilege or exemption, including, but not limited to, the attorney-client privilege, the attorney work-product exemption, and the consulting-expert exemption. Specifically, Admiral objects to the Interrogatories on the following grounds:

a. Admiral objects to the Interrogatories to the extent that they seek disclosure of information that is protected from disclosure by the attorney-client privilege in accordance with Rule 26 of the Nevada Rules of Civil Procedure or applicable case law.

b. Admiral objects to the Interrogatories to the extent that they seek disclosure of information that are protected from disclosure by the work-product exemption in accordance with Rule 26(b)(1), (3), and (4) of the Nevada Rules of Civil Procedure and applicable case law.

c. Admiral objects to the Interrogatories to the extent that they seek information protected from disclosure pursuant to the consultant/expert exemption in accordance with Rule 26(b)(3) and (4) of the Nevada Rules of Civil Procedure and applicable case law.

d. Admiral objects to the Interrogatories to the extent that they seek commercially sensitive information, or confidential proprietary data entitled to protection under Rule 26(c)(7) of the Nevada Rules of Civil Procedure. *See also* N.R.S. 49.325.

2. These answers will be made on the basis of information and writings available to and located by Admiral upon reasonable investigation of its records. There may be other and further information respecting Interrogatories propounded by Kabul of which Admiral, despite its reasonable investigation and inquiry, is presently unaware. Admiral reserves the right to modify or enlarge any response with such pertinent additional information as it may subsequently discovered.

3. No incidental or implied admissions will be made by answers. The fact that Admiral may respond or object to any Interrogatories or any part thereof shall not be deemed an admission that Admiral accepts or admits the existence of any fact set forth or assumed by such Interrogatory, or that such answer constitutes admissible evidence. The fact that Admiral responds to part of any Interrogatory is not to be deemed a waiver by Admiral of its objections, including privilege, to other parts to such request.

4. Admiral objects to any instruction to the extent that it would impose upon Admiral greater duties than are set forth under the Nevada Rules of Civil Procedure. Admiral will supplement its answers as required by the Nevada Rules of Civil Procedure.

5. All answers will be made solely for the purpose of this action. Each answer will be subject to all objections as to competence, relevance, materiality, propriety and admissibility, and to any and all other objections on any ground which would require the exclusion from evidence of any statement herein if any such statements were made by a witness present and testifying at trial, all of which objections and grounds are expressly reserved and may be interposed at such hearings.

6. Admiral adopts by reference the above objections and incorporates each objection as if it was fully set forth below in each of Admiral's answers.

/ / /

**OBJECTIONS AND RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1**:

Identify each person who provided information used to prepare your answers to all written discovery served on you. For each person identified, state the number of the interrogatory, request for admission, or request for production for which the person supplied information.

**ANSWER**:

Edward Cogan, Claims Superintendent for Admiral Insurance Company.

**INTERROGATORY NO. 2**:

Identify each policy of insurance you sold to Kabul, Inc. by providing the effective dates of the policy, the type of insurance, the policy number, and coverage limits.

**ANSWER**:

Admiral responds to this Interrogatory by referring Kabul to the following documents: Admiral_001405-001462, Admiral_001463-001522.

**INTERROGATORY NO. 3**:

Identify all written policies, manuals, or other written communications setting forth Admiral's practices, procedures, or policies regarding the sale of policies similar to Kabul's policy.

**ANSWER**:

Admiral objects that this Interrogatory as overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Without waiving these objections, Admiral refers Kabul to the following documents: Admiral_001984-002015.

**INTERROGATORY NO. 4**:

Set forth the reasons each time Admiral increased Kabul's premiums from January 1, 2018 to the present.

**ANSWER**:

Admiral objects that this Interrogatory as overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Without waiving these objections, Admiral responds

that it is common to increase premiums year to year.

**<u>INTERROGATORY NO. 5</u>**:

If you contend it was reasonable for Admiral to non renew Kabul's policy, state each fact and identify each document that either supports or contradicts that contention.

**<u>ANSWER</u>**:

Admiral objects that this Interrogatory as overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Admiral also objects on the basis that this Interrogatory is compound in that it poses more than one question. In addressing this issue, the United States District Court of Nevada determined that a proper subpart is one which is "logically or factually within and necessarily related to the primary question." *Kendall v. GES Exposition Services, Inc.* 174 F.R.D. 684, 685 (D. Nev. 1997). In *Kendall*, the court determined that the following interrogatory was improper as it combined multiple independent questions into one interrogatory:

> **INTERROGATORY NO. I:** Identify fully the minimum qualifications for an employee to be hired onto "freight," including but not limited, the ability to drive heavy machinery, experience in the industry, and all other criteria used by Defendants. Also, identify any document in which these qualifications are articulated.

*Id*. at 686. The court explained that the interrogatory first asked for a description of qualification, then asked for description of documents. *Id*. "The first question can be independent of the first and not 'factually subsumed within and necessarily related to the primary question." *Id*. Likewise, the Interrogatory herein asked questions that are not factually subsumed within and necessarily related to the primary question. Indeed, the Interrogatory seeks factual information and documentary evidence. Subject to and without waiver of the objections, Admiral responds as follows:

*Interrogatory No. 5: If you contend it was reasonable for Admiral to non renew Kabul's policy, state each fact that either supports or contradicts that contention.*

*Answer: Admiral did not renew due to loss experience.*

*Interrogatory No. 6: If you contend it was reasonable for Admiral to non renew Kabul's policy, identify each document that either supports or contradicts that contention.*

*Answer: See Admiral_001799-001801.*

**INTERROGATORY NO. 6 (Interrogatory No. 7)**:

Identify any exclusivity agreements between you and RPS, RT Specialty, Gregg Eidsness Farm Financial Bureau and Nationwide Brokerage Solutions.

**ANSWER**:

Admiral objects that this Interrogatory is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Admiral also objects that the term "exclusivity agreements" is vague and ambiguous as it is not defined, and it is unclear what is to be included in this response. Without waiving these objections, Admiral refers Kabul to the following documents: Admiral_001965-001983.

**INTERROGATORY NO. 7 (Interrogatory No. 8)**:

Identify any authority agreements regarding collection of premiums or authority agreements regarding the sale and delivery of policies between you and RPS, RT Specialty, Gregg Eidsness Farm Financial Bureau and/or Nationwide Brokerage Solutions.

**ANSWER**:

Admiral objects that this Interrogatory is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Admiral also objects that the term "authority agreements" is vague and ambiguous as it is not defined, and it is unclear what is to be included in this response. Without waiving these objections, Admiral refers Kabul to the following documents: Admiral_001965-001983.

**INTERROGATORY NO. 8 (Interrogatory No. 9)**

Identify any and all documents reflecting your commission, compensation, bonus or profit sharing structure with RPS, RT Specialty, Gregg Eidsness Farm Financial Bureau and Nationwide Brokerage Solutions on Admiral products.

**ANSWER**:

Admiral objects that this Interrogatory as overly broad, unduly burdensome, and irrelevant in

timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Without waiving these objections, Admiral refers Kabul to the following documents: Admiral_001965-001983.

**<u>INTERROGATORY NO. 9 (Interrogatory No. 10)</u>**:

If your response to any of the Requests for Admission served concurrently with these interrogatories was other than an unqualified admit, please set forth the basis of any denial, including all facts supporting or contradicting that denial, identifying any witnesses with knowledge of those facts and any documents which contain those facts.

**<u>ANSWER</u>**:

Admiral also objects on the basis that this Interrogatory is compound in that it poses more than one question. In addressing this issue, the United States District Court of Nevada determined that a proper subpart is one which is "logically or factually within and necessarily related to the primary question." *Kendall v. GES Exposition Services, Inc.* 174 F.R.D. 684, 685 (D. Nev. 1997). In *Kendall*, the court determined that the following interrogatory was improper as it combined multiple independent questions into one interrogatory:

> **INTERROGATORY NO. I:** Identify fully the minimum qualifications for an employee to be hired onto "freight," including but not limited, the ability to drive heavy machinery, experience in the industry, and all other criteria used by Defendants. Also, identify any document in which these qualifications are articulated.

*Id*. at 686. The court explained that the interrogatory first asked for a description of qualification, then asked for description of documents. *Id*. "The first question can be independent of the first and not 'factually subsumed within and necessarily related to the primary question." *Id*. Likewise, the Interrogatory herein asked questions that are not factually subsumed within and necessarily related to the primary question. Indeed, the Interrogatory seeks factual information, witness information and documentary evidence for each denial of the Requests for Admissions. Subject to and without waiver of the objections, Admiral to each Interrogatory separately as follows:

*Interrogatory No. 10:* The factual basis for the denial of Request for Admission No. 4 is that gross sales does not identify the jet skis.

*Interrogatory No. 11*: The documentary evidence for the denial of Request for Admission

No. 4 is as follows: Admiral_000566-000569, Admiral_000825, Admiral_001240, Admiral_001833-001836, Admiral_001837.

*Interrogatory No. 12:* The factual basis for denial of Request for Admission No. 5 is that policy No CA000038462 requires that all jets skis be listed on the schedule on file with Admiral.

*Interrogatory No. 13:* The documentary evidence for the denial of Request for Admission No. 5 is as follows: Admiral_001463-001522.

*Interrogatory No. 14:* The factual basis for denial of Request for Admission No. 13 is that Policy No. CA000038462-01 contains Endorsement No. CG 24 12 11 85.

*Interrogatory No. 15:* The documentary evidence for the denial of Request for Admission No. 13 is as follows: Admiral_001463-001522.

*Interrogatory No. 16:* The factual basis for denial of Request for Admission No. 14 is that Policy No. CA000038462-01 contains Endorsement No. CG 24 12 11 85.

*Interrogatory No. 17*: The documentary evidence for the denial of Request for Admission No. 14 is as follows: Admiral_001463-001522.

*Interrogatory No. 18:* The factual basis for denial of Request for Admission No. 16 is that the jet ski that was involved in the Lynch Lawsuit for the incident on August 21, 2020 was not provided to Admiral to be listed on the schedule per Endorsement No. CG 24 12 11 85 of Policy No. CA000038462-01.

*Interrogatory No. 19:* The documentary evidence for the denial of Request for Admission No. 16 is as follows: Admiral_001463-001522.

*Interrogatory No. 20:* The factual basis for denial of Request for Admission No. 18 is that Admiral was not required to reproduce documents that Kabul provided for the jet ski, so there was not a failure to provide.

*Interrogatory No. 21:* The documentary evidence for the denial of Request for Admission No. 18 is as follows: Admiral_001463-001522.

*Interrogatory No. 22*: The factual basis for denial of Request for Admission No. 19 is that Endorsement No. CG 24 12 11 85 of Policy No. CA000038462-01 required the list of jet skis be provided to Admiral to be included in the schedule.

*Interrogatory No. 23:* The documentary evidence for the denial of Request for Admission No. 19 is as follows: Admiral_001463-001522.

*Interrogatory No. 24:* Admiral was unable to admit or deny Request for Admission No. 20 because it did not make sense as written.

*Interrogatory No. 25*: The factual basis for denial of Request for Admission No. 23 is that Endorsement No. CG 24 12 11 85 of Policy No. CA000038462-01 required the list of jet skis be provided to Admiral to be included in the schedule.

*Interrogatory No. 26:* The documentary evidence for the denial of Request for Admission No. 23 is as follows: Admiral_001463-001522.

*Interrogatory No. 27:* The factual basis for the denial is based on the fact that it is seeking a legal conclusion.

*Interrogatory No. 28:* The documentary evidence for the denial is based on the fact that it is seeking a legal conclusion.

*Interrogatory No. 29:* The factual basis for denial of Request for Admission No. 27 is that the document referenced shows the premium adjustment, not total paid.

*Interrogatory No. 30:* The documentary evidence for the denial of Request for Admission No. 27 is as follows: Admiral_001837.

*Interrogatory No. 31:* The factual basis for denial of Request for Admission No. 28 is that Endorsement No. CG 24 12 11 85 of Policy No. CA000038462-01 required the list of jet skis be provided to Admiral to be included in the schedule.

*Interrogatory No. 32:* The documentary evidence for the denial of Request for Admission No. 28 is as follows: Admiral_001463-001522.

**INTERROGATORY NO. 10 (Interrogatory No. 33)**:

Identify all facts, witnesses and documents that form the basis for or contradict your claim against KABUL, INC.

**ANSWER**:

Admiral also objects on the basis that this Interrogatory is compound in that it poses more than one question. In addressing this issue, the United States District Court of Nevada determined

that a proper subpart is one which is "logically or factually within and necessarily related to the primary question." *Kendall v. GES Exposition Services, Inc.* 174 F.R.D. 684, 685 (D. Nev. 1997). In *Kendall*, the court determined that the following interrogatory was improper as it combined multiple independent questions into one interrogatory:

> **INTERROGATORY NO. I:** Identify fully the minimum qualifications for an employee to be hired onto "freight," including but not limited, the ability to drive heavy machinery, experience in the industry, and all other criteria used by Defendants. Also, identify any document in which these qualifications are articulated.

*Id*. at 686. The court explained that the interrogatory first asked for a description of qualification, then asked for description of documents. *Id*. "The first question can be independent of the first and not 'factually subsumed within and necessarily related to the primary question." *Id*. Likewise, the Interrogatory herein asked questions that are not factually subsumed within and necessarily related to the primary question. Indeed, the Interrogatory seeks factual information, witness information and documentary evidence for each denial of the Requests for Admissions. Subject to and without waiver of the objections, Admiral responds to each Interrogatory separately as follows:

*Interrogatory No. 33:* Identify all facts that form the basis for or contradict your claim against KABUL, INC.

*Answer:* Admiral objects to seeking all facts as it is seeking a narrative or a whitepaper of all facts that support or contradict Admiral's claims. Without waiving the objections, Admiral refers Kabul to the Declaratory Relief Complaint.

*Interrogatory No. 34:* Identify all witnesses that form the basis for or contradict your claim against KABUL, INC.

*Answer:* See Admiral's Initial Disclosures.

*Interrogatory No. 35:* Identify all documents that form the basis for or contradict your claim against KABUL, INC.

*Answer:* See Admiral's Initial Disclosures and supplements.

**INTERROGATORY NO. 11 (Interrogatory No. 36)**:

Identify the e-mail addresses, electronic databases, and/or electronic files searched by you in order to respond to all written discovery served on you. For each e-mail address, electronic database,

and/or electronic file searched, provide a brief description of the search terms used, and the method in which the search was conducted (i.e., was the e-mail search conducted of both the subject field and the body of the e-mail address).

**ANSWER**:

Admiral responds that no specific emails were searched but that the databases in the different departments were searched for Kabul files and responses to the discovery.

Dated this 12th day of December, 2022.

ARMSTRONG TEASDALE LLP

By: /s/ *Tracy A. DiFillippo*
TRACY A. DIFILLIPPO, ESQ.
Nevada Bar No. 7676
1980 Festival Plaza Drive, Suite 750
Las Vegas, Nevada 89135

*Attorneys for Plaintiff*
*Admiral Insurance Company*

**VERIFICATION**

(By Declaration pursuant to NRS 53.045)

The undersigned, the named Plaintiff in the above-entitled action, states that I have read the foregoing Objections and Responses to Kabul, Inc.'s First Set of Interrogatories, which were assembled and prepared with the assistance of counsel, and, to the best of my knowledge, that they are true and accurate.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Executed this 12th day of December, 2022.

By [signature]

JON. COGAN

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5 (b). and Section IV of District court of Nevada Electronic Filing Procedures, certify that I am an employee of ARMSTRONG TEASDALE LLP, and that the foregoing **PLAINTIFF ADMIRAL INSURANCE COMPANY'S OBJECTIONS AND RESPONSES TO KABUL, INC. FIRST SET OF INTERROGATORIES** was served on December 12, 2022:

☒ via electronic service to the parties listed in CM/ECF for this case.

John B. Shook, Esq.
SHOOK & STONE, CHTD.
710 South Fourth Street
Las Vegas, NV 89101
jshook@shookandstone.com

*Attorneys for Defendants Lynch*

Thomas Christensen, Esq.
1000 South Valley View Blvd.
Suite P
Las Vegas, NV 89107
thomasc@injuryhelpnow.com

*Attorneys for Defendants Kabul*

Robert E. Schumacher, Esq.
Dione C. Wrenn, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
300 South 4th Street, Suite 1550
Las Vegas, NV 89101
rschumacher@grsm.com

*Attorneys for Third-Party Defendant Gregg Eidsness Farm Bureau Financial Services*

*/s/ Christie Rehfeld*
An Employee of Armstrong Teasdale LLP

# Exhibit 23: Admiral's Responses to Kabul's Requests for Production

TRACY A. DIFILLIPPO, ESQ.
Nevada Bar No. 7676
ARMSTRONG TEASDALE LLP
1980 Festival Plaza Drive, Suite 750
Las Vegas, Nevada 89135
Telephone: 702.678.5070
Facsimile: 702.878.9995
tdifillippo@atllp.com

*Attorneys for Plaintiff*
*Admiral Insurance Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>KABUL, INC. d/b/a FASTRIP PWC RENTALS, KABUL, INC. d/b/a FASTRIP FOOD STORE, DARRYL PETER ALEXANDER, JR., individually, TOMMY LYNCH, as ADMINISTRATOR for the ESTATE OF TAMMY LYNCH, and TOMMY LYNCH and APRIL BLACK, individually as heirs of TAMMY LYNCH<br><br>Defendants. | Case No.: 2:22-cv-00177-CDS-NJK<br><br>**PLAINTIFF ADMIRAL INSURANCE COMPANY'S OBJECTIONS AND RESPONSES TO KABUL, INC. FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| KABUL, INC. dba FASTRIP PWC and FASTRIP FOOD STORE,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>GREGG EIDSNESS FARM BUREAU FINANCIAL SERVICES, DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Third-Party Defendant. | |

/ / /

Plaintiff ADMIRAL INSURANCE COMPANY ("Plaintiff" or "Admiral"), by and through its counsel, Armstrong Teasdale LLP, hereby submits its objections and responses to Defendant/Third Party Plaintiff Kabul, Inc.'s ("Defendant" or "Kabul") First Set of Requests for Production of Documents in accordance with Rule 34 of the Nevada Rules of Civil Procedure, as follows:

**DEFINITIONS**

A. "Non-discoverable/Irrelevant" – The Request in question concerns a matter that is not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence.

B. "Unduly burdensome" – The Request in question seeks discovery which is unduly burdensome or expensive, taking into account the needs of the case, limitations on the parties' resources, and the importance of the issues at stake in the litigation.

C. "Vague" or "Ambiguous" – The Request in question contains a word or phrase which is not adequately defined, or the overall request is confusing, and Admiral is unable to reasonably ascertain what information or documents KABUL is seeking in the Request.

D. "Overly broad" – The Request seeks information or documents beyond the scope of, or beyond the time period relevant to, the subject matter of this litigation and, accordingly, seeks information or documents which are non-discoverable/irrelevant and is unduly burdensome.

**GENERAL OBJECTIONS**

1. Admiral objects to the Requests to the extent that they seek any information that is protected by any absolute or qualified privilege or exemption, including, but not limited to, the attorney-client privilege, the attorney work-product exemption, and the consulting-expert exemption. Specifically, Admiral objects to the Requests on the following grounds:

a. Admiral objects to the Requests to the extent that they seek disclosure of information that is protected from disclosure by the attorney-client privilege in accordance with Rule 26 of the Nevada Rules of Civil Procedure or applicable case law.

b. Admiral objects to the Requests to the extent that they seek disclosure of information that are protected from disclosure by the work-product exemption in accordance with

Rule 26(b)(1), (3), and (4) of the Nevada Rules of Civil Procedure and applicable case law.

c. Admiral objects to the Requests to the extent that they seek information protected from disclosure pursuant to the consultant/expert exemption in accordance with Rule 26(b)(3) and (4) of the Nevada Rules of Civil Procedure and applicable case law.

d. Admiral objects to the Requests to the extent that they seek commercially sensitive information, or confidential proprietary data entitled to protection under Rule 26(c)(7) of the Nevada Rules of Civil Procedure. See also N.R.S. 49.325.

2. These answers will be made on the basis of information and writings available to and located by Admiral upon reasonable investigation of its records. There may be other and further information respecting requests propounded by Kabul of which Admiral, despite its reasonable investigation and inquiry, is presently unaware. Admiral reserves the right to modify or enlarge any response with such pertinent additional information as it may subsequently discovered.

3. No incidental or implied admissions will be made by answers. The fact that Admiral may respond or object to any requests or any part thereof shall not be deemed an admission that Admiral accepts or admits the existence of any fact set forth or assumed by such request, or that such answer constitutes admissible evidence. The fact that Admiral responds to part of any request is not to be deemed a waiver by Admiral of its objections, including privilege, to other parts to such request.

4. Admiral objects to any instruction to the extent that it would impose upon Admiral greater duties than are set forth under the Nevada Rules of Civil Procedure. Admiral will supplement its answers as required by the Nevada Rules of Civil Procedure.

5. All answers will be made solely for the purpose of this action. Each answer will be subject to all objections as to competence, relevance, materiality, propriety and admissibility, and to any and all other objections on any ground which would require the exclusion from evidence of any statement herein if any such statements were made by a witness present and testifying at trial, all of which objections and grounds are expressly reserved and may be interposed at such hearings.

6. Admiral adopts by reference the above objections and incorporates each objection as if it was fully set forth below in each of Admiral's answers.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1**:

Please produce all documents identified, referred to, evidencing, supporting or refuting all of your answers to the interrogatories and responses to requests to admit served concurrently herewith.

**RESPONSE TO REQUEST NO. 1**:

Please see Initial Disclosures as the documents have been previously produced. Please see supplemental disclosures for additional documents. Please see responses to Interrogatories and Requests for Admissions for documents identified.

**REQUEST NO. 2**:

Provide a complete copy of the claims file including but not limited to claims notes, underwriting documents, reservations of rights letters, reserve documents, coverage investigation documents, policy documents including all schedules, and internal communications within the insurance company pertaining to the subject claim.

**RESPONSE TO REQUEST NO. 2**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Admiral also objects to the extent that this Request seeks documents protected by the attorney-client privilege and attorney work-product doctrine. Without waiving these objections, please see Admiral_002016-002307.

**REQUEST NO. 3**:

Provide all files relating to the policies and coverages of KABUL, INC., whether maintained in Defendant's field office, regional office, home office, agent's office or any other office, including without limitation:

a. All letters, memoranda, and other forms of written or computerized communication to or from any of the Insurance Company's employees relating in any way to the policies or the claim(s) at issue in this action;

b. All written or computerized records of any oral communication, whether in person or by telephone, to or from any of the Insurance Company's employees relating in any way to

the policies or claims at issue in this action;

c. All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any of Defendant's employees and Plaintiff relating in any way to the policies or claim(s) that give rise to this action;

d. All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any of the Insurance Company's employees and any third-party relating in any way to the policies or claims at issue in this action;

e. All written or computerized records of any investigation conducted in connection with the policies or claims at issue in this action;

f. All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, to or from any of the Insurance Company's employees relating in any way to the decision to deny Plaintiff's claims;

g. All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, to or from any of the Insurance Company's employees relating in any way to the decision to contest coverage to KABUL, INC. for Plaintiff's claims;

h. All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between Plaintiffs and any third-party relating in any way to any decision regarding Plaintiffs' policies or claims;

i. Any other written or computerized documents pertaining to the policy or claim at issue in this litigation; and

j. Any hard paper file folders in which the preceding documents are kept.

**RESPONSE TO REQUEST NO. 3**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Admiral also objects to the extent this Requests

seeks documents that are protected by the attorney-client privilege and attorney work-product doctrine. Without waiving these objections, Admiral refers Kabul to the claims file at Admiral_002016-002307, and the underwriting files at Admiral_002421-003456.

**REQUEST NO. 4**:

Provide Defendant's complete underwriting files referring to or relating in any way to the policies at issue in this action, including without limitation;

a. All letters, memoranda, other forms of written or computerized communication, and written or computerized records of oral communications, whether in person or by telephone, referring to or relating in any way to the issuance and premium computation of any policy at issue in this action; and

b. The file folders in which the preceding documents are kept.

**RESPONSE TO REQUEST NO. 4**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Without waiving these objections, please see Admiral's underwriting files at Admiral_002421-003456.

**REQUEST NO. 5**:

Provide copies of all documents which in any way pertain to the subject policy or the subject claim which are stored outside of or apart from the claims and underwriting files.

**RESPONSE TO REQUEST NO. 5**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Admiral also objects to the extent this Request seeks documents that are protected by the attorney-client privilege and attorney work-product doctrine. Admiral further objects to the terms "subject policy" and "subject claim" are vague and ambiguous because they are not defined, and it is unclear what is included. Without waiving these objections, Admiral does not have documents relating to the Kabul policies and claim outside the claims file and underwriting file.

**REQUEST NO. 6**:

Provide all claims manuals, memoranda, directives, letters, and other forms of written or computerized communication — directed to claims personnel, claims managers, claims supervisors, claims administrators, or any other person acting on behalf of Defendant in the handling of claims — that refer to or relate in any way to the handling of claims that give rise to this litigation, or claims of like character to the claims of the ones that give rise to this action, including without limitation.

**RESPONSE TO REQUEST NO. 6**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Admiral also objects to the extent this Requests seeks documents that are protected by the attorney-client privilege and attorney work-product doctrine. Without waiving these objections, please see Admiral_001984-002015.

**REQUEST NO. 7**:

Provide copies of all documents exchanged between the Insurance Company, its brokers, and GREGG EIDSNESS FARM BUREAU FINANCIAL SERVICES regarding premiums, coverage or claims in any way pertaining to KABUL, INC.

**RESPONSE TO REQUEST NO.7**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Without waiving these objections, please see claims file at Admiral_002016-1002307, and underwriting files at Admiral_002421-003456.

**REQUEST NO. 8**:

Provide all documents or other training material the Insurance Company provided to GREGG EIDSNESS FARM BUREAU FINANCIAL SERVICES regarding the appropriate ways to handle changes to the policy, including any renewals.

**RESPONSE TO REQUEST NO. 8**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this

action nor proportional to the needs of the case. Without waiving these objections, Admiral has searched its records and does not have any responsive documents in its custody or control.

**<u>REQUEST NO. 9</u>**:

Provide all documents used to train all claims file handlers or superintendents who participated in the evaluation of the claims at issue in this case including Admiral's "Claims Practices", "Policies and Procedures Manuals", "Claims Best Practices", claims evaluation instructions, all policies and programs on investigation, all policies and programs on loss reserves, all policies and programs on negotiations, claims bulletins, descriptions of procedures and programs, and any other training documents.

**<u>RESPONSE TO REQUEST NO. 9</u>**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Admiral also objects to this Request because the term "claims' is vague and ambiguous as it is not defined, and it is unclear what is included. Without waiving these objections, see Admiral_001984-002015.

**<u>REQUEST NO. 10</u>**:

Provide copies of all training documents Admiral used to train all supervisors, superintendents, managers, officers, agents or other employees who oversaw any policies, claims or participated in the evaluation of Kabul's policy, coverage or claims.

**<u>RESPONSE TO REQUEST NO. 10</u>**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Admiral also objects that this Request is a duplicate of Request No. 9. Without waiving these objections, see Admiral_001984-002015.

**<u>REQUEST NO. 11</u>**:

Provide all documents which in any way support or contradict adjustment of the policy or premium based upon information received regarding acquisition or disposition of jet skis by Kabul.

/ / /

**RESPONSE TO REQUEST NO. 11**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Admiral also objects to this Request because the phrase "adjustment to the policy" is vague and ambiguous as it is not defined, and it is unclear what is included. Without waiving these objections, see Admiral_001463-001522.

**REQUEST NO. 12**:

Provide all documents which show the policy premium, loss reserve history, including establishment and all adjustments, on the subject policy or claims.

**RESPONSE TO REQUEST NO. 12**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Admiral also objects to this Request because the term "claims' is vague and ambiguous as it is not defined, and it is unclear what is included. Without waiving these objections, see claims file at Admiral_00216-002307, and underwriting files at Admiral_002421-003456.

**REQUEST NO. 13**:

Provide copies of all documents containing policies, procedures or programs in effect from January 1, 2018 to the present, used by your underwriters or claims handlers to instruct them on making notations for the purpose of creating a record of all contact with the policy or claims files.

**RESPONSE TO REQUEST NO. 13**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Without waiving these objections, see Admiral_001984-002015.

**REQUEST NO. 14**:

Provide copies of all documents containing policies, procedures or programs in effect from January 1, 2018 to the present, used by your underwriters or claim handlers to instruct them on when

to refer the policy or claim for premium review or for any other type of review whether or not the referral involves use of an outside vendor.

**RESPONSE TO REQUEST NO. 14**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Without waiving these objections, see Admiral_001984-002015.

**REQUEST NO. 15**:

Provide copies of all documents containing policies, procedures or programs in effect from January 1, 2018 to the present, used by Admiral to inform your underwriters or claims handlers of Admiral's legal duties to Admiral's Arizona insureds and/or Nevada defendants.

**RESPONSE TO REQUEST NO. 15**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Without waiving these objections, see Admiral_001984-002015.

**REQUEST NO. 16**:

Provide copies of all documents used from January 1, 2018 to the present, which reflect Admiral's efforts to make sure policies are administered and claims are handled in a manner which satisfies Admiral's legal duties to Admiral's insureds.

**RESPONSE TO REQUEST NO. 16**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Admiral also objects that this Request is a duplicate of Request No. 15. Without waiving these objections, see Admiral_001984-002015.

**REQUEST NO. 17**:

Provide copies of all documents used from January 1, 2018 to the present, which reflect Admiral's efforts not to unfairly delay payment on claims.

**<u>RESPONSE TO REQUEST NO. 17</u>**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Admiral also objects to the Request that the phrase "unfairly delay payment on claims" is vague and ambiguous because it is not defined, and it is unclear what is included. Admiral further objects that this Request seeks documents protected by the attorney-client privilege, and attorney work-product doctrine. Without waiving these objections, see Admiral_001984-002015.

**<u>REQUEST NO. 18</u>**:

Provide copies of all documents used from January 1, 2018 to the present which reflect Admiral's efforts to comply with NRS 686A.310 ARS 20-461 or other Nevada Revised Statutes, Arizona Revised Statutes or administrative code sections.

**<u>RESPONSE TO REQUEST NO. 18</u>**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Admiral objects that this Request is a duplicate of Requests Nos. 15 and 16. Admiral further objects that this Request is vague and ambiguous with respect to the phrase "efforts to comply" because it is not defined, and it is unclear what is included. Without waiving these objections, see Admiral_001984-002015.

**<u>REQUEST NO. 19</u>**:

Provide copies of all documents used from January 1, 2018 to the present, which constitute, make up or create the insurance contracts Admiral had with Kabul from 2019 to the present.

**<u>RESPONSE TO REQUEST NO. 19</u>**:

Admiral objects to this Request as vague and ambiguous with respect to the term "insurance contracts" because it is not defined, and it is unclear what is included. Without waiving these objections, see insurance policies at Admiral_001405-001462 and Admiral_001463-001522.

**<u>REQUEST NO. 20</u>**:

Provide copies of all documents used from January 1, 2018 to the present, which reflect all

claims software worksheets for the subject claim.

**<u>RESPONSE TO REQUEST NO. 20</u>**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Admiral also objects that the Request is vague and ambiguous with respect to "claims software worksheets" because it is undefined and unclear what is being asked. Without waiving these objections, see claims file at Admiral_002016-002307.

**<u>REQUEST NO. 21</u>**:

Provide copies of all documents you required any employees who worked on Plaintiffs' policies or files to sign, as a condition of employment with Admiral, which discuss the proprietary or confidential nature of any documents requested by Plaintiff in these Requests For Production.

**<u>RESPONSE TO REQUEST NO. 21</u>**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Without waiving these objections, Admiral has searched its files and does not have any responsive documents in its custody or control.

**<u>REQUEST NO. 22</u>**:

Provide copies of all documents reflecting minutes or other records of all meetings of any committees, boards or similar groups concerning the coverage or handling of these claims.

**<u>RESPONSE TO REQUEST NO. 22</u>**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Admiral also objects that this Request is vague and ambiguous with respect to "claims" because it is not defined, and unclear what is included. Without waiving these objections, see claims file at Admiral_002016-002307.

**<u>REQUEST NO. 23</u>**:

Provide copies of Admiral's Profit and Loss Statements and all Operating Statements created for all time periods beginning January 1, 2015 and ending December 31, 2021.

**RESPONSE TO REQUEST NO. 23**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. This is a declaratory relief action and seeking Admiral's profit and loss statements and operating statements is completely irrelevant and burdensome.

**REQUEST NO. 24**:

Provide copies of all documents which reflect all compensation paid from January 1, 2018 to the present, to each underwriting or claims employee who worked on the policy or claims that are the subject of this suit.

**RESPONSE TO REQUEST NO. 24**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. This is a declaratory relief action and seeking Admiral's employee compensation is completely irrelevant and burdensome.

**REQUEST NO. 25**:

Provide all documents for the period between January 1, 2018 to December 31, 2021, which reflect all agreements for compensation including commissions, bonuses, performance based compensation and/or profit sharing agreements and all compensation paid to Nationwide Brokerage Solutions, RPS, RT Specialty, Gregg Eidsness Farm Bureau Financial Services and its agents/employees under those agreements for that time period.

**RESPONSE TO REQUEST NO. 25**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Admiral also objects that this Request is vague and ambiguous with respect to "agreements" because it is not defined, and it is unclear what is included. Without waiving these objections, please see Admiral_001965-001983.

/ / /

**REQUEST NO. 26**:

Provide all training materials, whether written or electronically stored, relating in any way to the operations of Admiral in tracking, accounting or measuring the compensation from any of the agreements referenced in Request No. 41 above.

**RESPONSE TO REQUEST NO. 26**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Without waiving these objections, please see underwriting files at Admiral_002421-003456.

**REQUEST NO. 27**:

Produce all correspondence or communications between you and any employees, agents, or officers of Gregg Eidsness Farm Financial Bureau Financial Services relating to or referring to Policy CA000038462-01 between January 2020 to the present.

**RESPONSE TO REQUEST NO. 27**:

Please see claims files at Admiral_002016-002307 and underwriting files at Admiral_002421-003456.

**REQUEST NO. 28**:

Produce all correspondence or communications between you and any employees, agents, or officers of Gregg Eidsness Farm Financial Bureau Financial Services relating to or referring to Policy CA000038462-02 between January 2021 to the present.

**RESPONSE TO REQUEST NO. 28**:

Please see claims file at Admiral_002016-002307 and underwriting files at Admrial_002421-003456.

**REQUEST NO. 29**:

Produce copies of all policies issued by you to Kabul including but not limited to CA000038462-02, CA000030482-01 and all lists or schedules and correspondence or communications between you and any employees, agents, or officers Kabul, Gregg Eidsness Farm Financial Bureau Financial Services, any brokers including Risk Placement Services (RPS), RT

Specialty and Nationwide Brokerage Solutions relating to or referring to the policies from the first contact regarding issuance of the Policies to the present.

**RESPONSE TO REQUEST NO. 29**:

Please see claims file at Admiral_002016-002307, and underwriting files at Admiral_002421-003456.

**REQUEST NO. 30:**

Produce all correspondence or communications between Kabul and any employees, agents, or officers of Admiral Insurance Company relating to or referring to Policy CA000038462-01 between January 2020 to the present.

**RESPONSE TO REQUEST NO. 30**:

Please see claims file at Admiral_002016-002307.

**REQUEST NO. 31**:

Produce all correspondence or communications between Kabul and any employees, agents, or officers of Admiral Insurance Company relating to or referring to Policy CA000038462-02 between January 2021 to the present.

**RESPONSE TO REQUEST NO. 31**:

Please see underwriting files at Admiral_002421-003456.

**REQUEST NO. 32**:

Produce all correspondence or communications between Kabul and any insurance agent (other than Eidsness) relating to or referring to Policy CA000038462-01 between January 2020 to the present.

**RESPONSE TO REQUEST NO. 32**:

Please see underwriting files at Admiral_002421-003456.

**REQUEST NO. 33**:

Produce all correspondence or communications between Kabul and any insurance agent (other than Eidsness) relating to or referring to Policy CA000038462-02 between January 2021 to the present.

/ / /

**RESPONSE TO REQUEST NO. 33**:

Please see underwriting files at Admiral_002421-003456

**REQUEST NO. 34**:

Produce all correspondence or communications between Kabul and Gregg Eidsness Farm Financial Bureau Financial Services relating to or referring to any and all Jet Skis between January 2020 to the present.

**RESPONSE TO REQUEST NO. 34**:

Please see claims file at Admiral_002016-002307 and underwriting files at Admiral_002421-003456.

**REQUEST NO. 35**:

Produce all correspondence or communications between Kabul and Admiral Insurance Company relating to or referring to any and all jet skis between January 2020 to the present.

**RESPONSE TO REQUEST NO. 35**:

Please see claims file at Admiral_002016-002307 and underwriting files at Admiral_002421-003456.

**REQUEST NO. 36**:

Produce all correspondence or communications between Kabul and any insurance agent (other than Eidsness) relating to or referring to any and all jet skis between January 2020 to the present.

**RESPONSE TO REQUEST NO. 36**:

Please see claims file at Admiral_002016-002307 and underwriting files at Admiral_002421-003456.

**REQUEST NO. 37**:

Produce all correspondence or communications between Kabul and Gregg Eidness Farm Bureau Financial Services regarding the August 21, 2020 incident identified in the Lynch Complaint, which is attached to Admiral Insurance Company's Complaint.

**RESPONSE TO REQUEST NO. 37**:

Please see claims file at Admiral_002016-002307.

**REQUEST NO. 38**:

Produce all correspondence or communications between Kabul and Admiral Insurance Company regarding the August 21, 2020 incident identified in the Lynch Complaint, which is attached to Admiral Insurance Company's Complaint.

**RESPONSE TO REQUEST NO. 38**:

Please see claims file at Admiral_002016-002307.

**REQUEST NO. 39**:

Produce all correspondence or communications between Kabul and any insurance agent (other than Eidsness) regarding the August 21, 2020 incident identified in the Lynch Complaint, which is attached to Admiral Insurance Company's Complaint.

**RESPONSE TO REQUEST NO. 39**:

Please see claims file at Admiral_002016-002307.

**REQUEST NO. 40**:

Produce all documents which support or refute jurisdiction of the federal court over the claims in your complaint.

**RESPONSE TO REQUEST NO. 40**:

Please see Lynch Complaint and Admiral Complaint.

**REQUEST NO. 41**:

Produce all documents which support or refute your claim that any jet ski is covered by the Policy.

**RESPONSE TO REQUEST NO. 41**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Admiral also objects that this Request is vague and ambiguous with respect to "any jet ski" because it is not defined and unclear what is included. Without waiving these objections, Admiral refers Kabul to the claims file at Admiral_002016-002307 and the policy at Admiral_001463-001522.

/ / /

**REQUEST NO. 42**:

Produce all documents which support or refute that Kabul is covered by the policy for the August 21, 2020 rental.

**RESPONSE TO REQUEST NO. 42**:

Please see claims file at Admiral_002016-002307 and policy at Admiral_001463-001522.

**REQUEST NO. 43**:

Produce all documents which support or refute that authorized operators of any jet ski rented from Kabul are covered by the policy.

**RESPONSE TO REQUEST NO. 43**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Admiral also objects that the Request is vague and ambiguous with respect to "authorized operations of any jet ski rented" because it is not defined, and it is unclear what is included. Without waiving these objections, see the claims file at Admiral_002016-002307, and policy at Admiral_001463-001522.

**REQUEST NO. 44**:

Produce all documents which support or refute that any jet ski owned by Kabul was the cause of any injury suffered in the August 21, 2020 incident.

**RESPONSE TO REQUEST NO. 44**:

Admiral objects that this Request is overly broad, unduly burdensome, and irrelevant in timeframe and scope because it seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case. Admiral also objects that the Request is vague and ambiguous with respect to :any jet ski" and "cause of any injury" because they are undefined and it is unclear what is included. Without waiving these objections, see claim file at Admiral_002016-002307.

**REQUEST NO. 45**:

Produce an unredacted copy of Admiral 000584, 000586, 000592, 000593 and 000594.

/ / /

**<u>RESPONSE TO REQUEST NO. 45</u>**:

None of these documents are redacted.

**<u>REQUEST NO. 46</u>**:

Produce a complete copy, including all referenced attachments of Admiral 000565, 000560, 000598, 000790-000792, 000678, 000677, 000799-000802.

**<u>RESPONSE TO REQUEST NO. 46</u>**:

Admiral produced what is had in the files. Many of the attachments to the emails were saved separately.

**<u>REQUEST NO. 47</u>**:

Produce a complete copy of Admiral 000550 which ends at page 3 of 4, and Admiral 000585 which ends at page 2 of 4.

**<u>RESPONSE TO REQUEST NO. 47</u>**:

Admiral has produced complete copies that they have in the claims and underwriting files.

**<u>REQUEST NO. 48</u>**:

Produce all Admiral's files, lists, schedules, adjustments, supplements, deletions, updates, notes, audits and requests regarding any and all jet skis or boats owned by Kabul from January 1, 2019 to the present.

**<u>RESPONSE TO REQUEST NO. 48</u>**:

Please see underwriting files at Admiral_002421-003456.

**<u>REQUEST NO. 49</u>**

Produce a log including date and time of all access and modifications to any of Admiral's files, lists, schedules, adjustments, supplements, deletions, updates, notes, audits and requests regarding any and all jet skis or boats owned by Kabul from January 1, 2019 to the present.

**<u>RESPONSE TO REQUEST NO. 49</u>**:

Admiral objects that this Request is vague and ambiguous with respect to "log" because it is not defined, and it is unclear what is being asked. Without waiving these objections, please see claims file at Admiral_002016-002307 and underwriting files at Admiral_002421-003456.

/ / /

**<u>REQUEST NO. 50</u>**:

Produce all documents reflecting all material facts that refute or support our Second Affirmative Defense.

**<u>RESPONSE TO REQUEST NO. 50</u>**:

Please see all documents produced in this matter.

**<u>REQUEST NO. 51</u>**:

Produce all documents reflecting material facts that refute or support our Third Affirmative Defense.

**<u>RESPONSE TO REQUEST NO. 51</u>**:

Please see all documents produced in this matter.

**<u>REQUEST NO. 52</u>**:

If Admiral relied on advice of counsel as a defense, produce all documents that demonstrate the advice upon which it relied.

**<u>RESPONSE TO REQUEST NO. 52</u>**:

Admiral objects to this Request because there are no claims asserted against Admiral to which Admiral is asserting any defenses.

**<u>REQUEST NO. 53</u>**:

Provide all documents you intend to use as evidence, exhibits or for impeachment at the trial of this action.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**<u>RESPONSE TO REQUEST NO. 53</u>**:

Admiral objects to this Request to the extend it seeks documents protected by the attorney-client privilege and work-product doctrine. Without waiving this objection, please see all documents produced in this matter.

Dated this 12th day of December, 2022.

ARMSTRONG TEASDALE LLP

By: /s/ *Tracy A. DiFillippo*
TRACY A. DIFILLIPPO, ESQ.
Nevada Bar No. 7676
1980 Festival Plaza Drive, Suite 750
Las Vegas, Nevada 89135

*Attorneys for Plaintiff*
*Admiral Insurance Company*

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5 (b). and Section IV of District court of Nevada Electronic Filing Procedures, certify that I am an employee of ARMSTRONG TEASDALE LLP, and that the foregoing **PLAINTIFF ADMIRAL INSURANCE COMPANY'S OBJECTIONS AND RESPONSES TO KABUL, INC. FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** was served on December 12, 2022:

☒ via electronic service to the parties listed in CM/ECF for this case.

John B. Shook, Esq.
SHOOK & STONE, CHTD.
710 South Fourth Street
Las Vegas, NV 89101
jshook@shookandstone.com

*Attorneys for Defendants Lynch*

Thomas Christensen, Esq.
1000 South Valley View Blvd.
Suite P
Las Vegas, NV 89107
thomasc@injuryhelpnow.com

*Attorneys for Defendants Kabul*

Robert E. Schumacher, Esq.
Dione C. Wrenn, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
300 South 4th Street, Suite 1550
Las Vegas, NV 89101
rschumacher@grsm.com

*Attorneys for Third-Party Defendant Gregg Eidsness Farm Bureau Financial Services*

*/s/ Christie Rehfeld*
An Employee of Armstrong Teasdale LLP