BRANDON P. JOHANSSON, ESQ.
Nevada Bar No. 12003
TREY A. ROTHELL, ESQ.
Nevada Bar No. 15993
DENTONS DURHAM JONES PINEGAR P.C.
1180 North Town Center Drive, Suite 200
Las Vegas, Nevada 89144
Telephone: 702.988.3030
Facsimile: 702.988.3029
brandon.johansson@dentons.com
trey.rothell@dentons.com

JOSEPH P. GARIN, ESQ.
Nevada Bar No. 6653
GARIN LAW GROUP
9900 Covington Cross Drive, Suite 210
Las Vegas, Nevada 89144
Telephone: (702) 382-1500
Facsimile: (702) 382-1512
jgarin@garinlawgroup.com
*Attorneys for Admiral Insurance Company*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY,<br>Plaintiff,<br>vs.<br>KABUL, INC. d/b/a FASTRIP PWC RENTALS; KABUL, INC. d/b/a FASTRIP FOOD STORE,<br>Defendants.<br><br>KABUL, INC.,<br>Plaintiff,<br>vs.<br>ADMIRAL INSURANCE COMPANY, *et al.*,<br>Defendants. | Case No. 2:24-cv-2060-GMN-MDC<br>(consolidated with Case No. 2:25-cv-01343-GMN-MDC)<br>**STIPULATION AND ORDER TO AMEND DISCOVERY PLAN AND SCHEDULING ORDER FOR LIMITED EXTENSION OF DISCOVERY PERIOD**<br>**(Seventh Request)** |

Admiral Insurance Company, Kabul, Inc., Ryan Specialty, LLC, RT Specialty, RSG Specialty, LLC, Erik W. Fox, Wolfe & Wyman LLP, LocalEdge Insurance Agency, Inc., Kevin Stolworthy, and Armstrong Teasdale, LLP, by and through their respective, undersigned counsel of record, jointly stipulate and agree, subject to the Court's approval, to amend the discovery plan

and scheduling order (ECF No. 170) to extend the remaining deadlines by 30 days, as set forth below. This is the seventh request to extend discovery, and the fourth request since the third-party defendants have appeared.

The extension is for the limited purpose of allowing the parties to: (1) respond to, and supplement their responses to, written discovery served before November 5, 2026; (2) produce documents; and (3) present any dispute about existing discovery to the Court. This stipulation does not allow any party to serve any new discovery, including, but not limited to, written discovery requests, subpoenas, depositions, or expert disclosures, during the limited extension period. This limited extension is without prejudice to any party's right to seek further modification of the scheduling order, additional discovery, or a stay of proceedings. Nothing in this stipulation constitutes a waiver of any party's right to request such relief, including relief based upon pending motions or developments in the related Ninth Circuit appeal.

The parties have diligently worked to complete discovery. However, an extension is needed to resolve pending discovery disputes. Additionally, counsel for Kabul was recently hospitalized following bypass surgery, so the parties have been unable to meet and confer regarding those disputes. Further, the settlement efforts described in the parties' sixth request (ECF No. 169) have not resulted in the dismissal of this case, and the parties paused discovery efforts while those discussions were underway to preserve court and party resources. The parties therefore require a short additional period to supplement, confer, and, if necessary, present any remaining dispute to the Court. The parties no longer anticipate taking depositions or serving further written discovery.

Pursuant to this Court's prior Order dated July 13, 2026 (ECF No. 170), the present pending discovery and trial deadlines, along with the new deadlines requested, are as follows:

| **Deadline** | **Current Date** | **Requested Date** |
| --- | --- | --- |
| Discovery Cut-Off Date (*limited*) | November 6, 2026 | December 7, 2026 |
| Deadline to Amend Pleadings and/or Add Parties | June 9, 2026 | *Closed* |
| Deadline to Disclose Initial Expert Disclosures | September 7, 2026 | *Closed* |

| | | |
|---|---|---|
| Deadline to Disclose Rebuttal Expert Disclosures | October 6, 2026 | *Closed* |
| Deadline to File Dispositive Motions | December 7, 2026 | January 6, 2027 |
| Deadline to file Pre-Trial Order | January 5, 2027[1] | February 5, 2027 |

Pursuant to LR IA 6-1 and LR 26-3, the parties submit that good cause exists to extend these discovery deadlines as requested herein.

**1. Discovery Completed**

Admiral and Kabul conducted a telephonic Rule 26(f) conference, which resulted in entry of the Joint Discovery Plan and Scheduling Order. ECF No. 24. Admiral served its Initial Disclosures on February 27, 2025. Admiral served written discovery, including Requests for Production of Documents and Interrogatories on Kabul on May 9, 2025. Kabul made its initial disclosures and responded to Admiral's initial written discovery on July 14, 2025. On November 6, 2025, Admiral served its second set of Requests for Production of Documents and Interrogatories to Kabul. Kabul served its initial responses to those requests on December 8, 2025, and it served supplemental responses on January 22, 2026. Kabul additionally served supplemental initial disclosures on January 22, 2026.

Wolfe & Wyman and Erik Fox served their first set of Requests for Production of Documents and Interrogatories to Kabul on April 14, 2026. Kabul served Requests for Production of Documents, Interrogatories, and Requests for Admission to Admiral on April 24, 2026. Admiral served its responses and objections to those requests on October 28, 2026.

Kabul served its expert disclosures on July 14, 2025. Admiral served its initial expert disclosures on July 9, 2026, its First Supplemental Initial Disclosures on September 30, 2026, and its rebuttal expert disclosures, on October 6, 2026. On October 7, 2026, Admiral served its First Set of Requests for Admission and Third Set of Interrogatories on Kabul; Kabul's responses are presently due November 6, 2026.

---

[1] If dispositive motions are filed, this deadline occurs 30 days after the Court's decision on the dispositive motions or by further order of the Court.

Admiral has sent written communications to Kabul identifying alleged deficiencies in Kabul's responses to Admiral's written discovery, but the parties have been unable to meet and confer regarding those issues. Admiral has proposed a stipulated protective order to govern the exchange of confidential documents, but the parties have not yet reached a consensus on the substance of that proposed order.

**2. Discovery Remaining to be Completed**

The discovery that remains concerns written discovery already served: (a) Kabul must serve responses to Admiral's First Set of Requests for Admission and Third Set of Interrogatories; (b) the parties must meet and confer regarding alleged deficiencies in their discovery responses and disclosures; (c) the parties must meet and confer regarding entry of a stipulated protective order and produce documents withheld pending its entry; and (d) the parties must preserve their abilities to present to the Court any remaining discovery dispute they cannot resolve. The parties will not serve new written discovery, issue subpoenas, take depositions, or make a further expert disclosure during the limited extension period.

**3. Reasons Why Further Extension is Needed**

Good cause exists for the limited extension requested. The parties have efficiently and timely conducted discovery up to this point and only paused efforts to pursue the settlement efforts described in the parties' sixth request (ECF No. 169).

The remaining discovery concerns only written discovery already served. Admiral has identified deficiencies in Kabul's discovery responses and has asked Kabul to meet and confer. Kabul's responses to Admiral's First Set of Requests for Admission and Third Set of Interrogatories are presently due on the current discovery cutoff, and the parties may need to meet and confer regarding those responses. Further, counsel for Kabul was recently hospitalized, and the parties have been unable to complete the required conferences before the cutoff. The parties also have not completed a stipulated protective order, and Admiral has withheld confidential documents pending its entry.

A 30-day limited extension will allow Kabul to respond to and supplement the outstanding discovery, allow the parties to confer, and allow any dispute that remains to be presented to the Court. The extension is not sought for delay. No party will serve new written discovery, issue a subpoena, take a deposition, or make a further expert disclosure. The parties ask that the dispositive-motion and pretrial-order deadlines move by the same thirty days so that the schedule otherwise stays intact. This request is made before the current cutoff expires, and the parties submit that the circumstances described above constitute good cause under LR IA 6-1 and LR 26-3. Accordingly, a limited extension is warranted.

In light of the foregoing, the parties respectfully ask this Court to extend the discovery and scheduling order deadlines as requested herein.

Dated: November 6, 2026.

DENTONS DURHAM JONES PINEGAR P.C.

By: /s/ Trey A. Rothell
BRANDON P. JOHANSSON, ESQ.
Nevada Bar No. 12003
TREY A. ROTHELL, ESQ.
Nevada Bar No. 15993

*Attorneys for Admiral Insurance Company*

CHRISTENSEN LAW OFFICES, LLC

By: /s/ Dawn A. Hooker
THOMAS F. CHRISTENSEN, ESQ.
Nevada Bar No. 2326
DAWN A. HOOKER, ESQ.
Nevada Bar No. 7019
1000 S. Valley View Blvd.
Las Vegas, NV 89107

*Attorneys for Kabul, Inc.*

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Jeffrey D. Olster
JOSH COLE AICKLEN, ESQ.
Nevada Bar No. 7254
JEFFREY D. OLSTER, ESQ.
Nevada Bar No. 8864
JESSICA BEELER, ESQ.
Nevada Bar No. 15387
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118

*Attorneys for Erik W. Fox and Wolfe and Wyman LLP*

HALL PRANGLE & SCHOONVELD, LLC

By: /s/ Nathan Reinmiller
NATHAN REINMILLER, ESQ.
Nevada Bar No. 6793
1140 N. Town Center Drive, Suite 350
Las Vegas, NV 89144

*Attorneys for RT Specialty, RSG Specialty, LLC, and Ryan Specialty, LLC*

HINES HAMPTON PELANDA, LLP

By: /s/ Nicole Hampton
NICOLE HAMPTON, ESQ.
Nevada Bar No. 16090
400 South 4th Street, Ste. 500
Las Vegas, NV 89101

*Attorneys for LocalEdge Insurance Agency, Inc.*

SPENCER FANE LLP

By: /s/ Jessie Padua
NICHOLAS J. SANTORO, ESQ.
Nevada Bar No. 532
OLIVER J. PANCHERI, ESQ.
Nevada Bar No. 7476
JESSIE PADUA, ESQ.
Nevada Bar No. 17107
300 South 4th Street, Suite 1600
Las Vegas, Nevada 89101

*Attorneys for Kevin Stolworthy and Armstrong Teasdale, LLP*

**[PROPOSED] ORDER GRANTING STIPULATION**

The Court, having considered the Stipulation filed by the parties, finds good cause to amend the Discovery Plan and Scheduling Order. Accordingly,

**IT IS HEREBY ORDERED** that the Stipulation is GRANTED.

**IT IS FURTHER ORDERED** that the following discovery plan and scheduling order dates shall apply:

| Deadline | Current Date | New Date |
|---|---|---|
| Discovery Cut-Off Date (*limited as set forth in the parties' stipulation*) | November 6, 2026 | December 7, 2026 |
| Deadline to Amend Pleadings and/or Add Parties | June 9, 2026 | *Closed* |
| Deadline to Disclose Initial Expert Disclosures | September 7, 2026 | *Closed* |
| Deadline to Disclose Rebuttal Expert Disclosures | October 6, 2026 | *Closed* |
| Deadline to File Dispositive Motions | December 7, 2026 | January 6, 2027 |
| Deadline to file Pre-Trial Order | January 5, 2027[2] | February 5, 2027 |

**IT IS SO ORDERED.**

Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATED: November 9, 2026

[2] If dispositive motions are filed, this deadline occurs 30 days after the Court's decision on the dispositive motions or by further order of the Court.